MARK R. CONRAD (CA Bar No. 255667)
MEGAN CESARE-EASTMAN (CA Bar No. 253845)
**CONRAD & METLITZKY LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: mconrad@conradmetlitzky.com
Email: mcesare@conradmetlitzky.com

Attorneys for Defendants Port of Mokha, Inc.,
Port of Mokha, LLC, Mokha Foundation,
Mokhtar Alkhanshali, and Ibrahim Ahmad Ibrahim

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOCHA MILL, INC., *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>PORT OF MOKHA, INC., *et al.*,<br><br>    Defendants. | CASE NO. 4:18-CV-02539-HSG<br><br>**ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE, N.D. CAL. CIV. L.R. 7-11 & 16-2** |

Pursuant to Civil Local Rules 7-11 and 16-2, Defendants Port of Mokha, Inc., Port of Mokha, LLC, Mokha Foundation, Mokhtar Alkhanshali, and Ibrahim Ahmad Ibrahim ("Moving Defendants") respectfully request that the Court continue the initial case management conference in this case (which is currently set for August 7, 2018, at 2:00 p.m.) to be held concurrently with or within a reasonable time after the hearing on the forthcoming motions to dismiss that the Moving Defendants and other defendants named in this action will be filing (and which are scheduled to be heard by the Court on September 27, 2018, at 2:00 p.m.).

Moving Defendants also request that the Court vacate or continue the discovery and ADR deadlines associated with the initial case management conference until after the conference is held, as the scope this case—given its complexity, and given the fact that Defendants' forthcoming motions to dismiss are likely to affect the number of parties that remain in the case and the scope of the claims that will be the subject of discovery—may be substantially narrowed by Defendants' forthcoming motions.

## I.  FACTUAL BACKGROUND

This is a sour-grapes lawsuit by three men who started a coffee import-export business called Mocha Mill, Inc.  In 2015, these businessmen stopped paying the salary of the Chief Executive Officer they hired to run it. When that executive, Mokhtar Alkhanshali, finally left Mocha Mill because he was not being paid, he did what California law allows him to do: he started a competing enterprise. Now that this competing enterprise, Port of Mokha, is succeeding, Mr. Alkhanshali's former business partners are regretful and jealous. They filed this lawsuit as a result, which has had its intended effect of financially hobbling Port of Mokha, interfering with its business relationships, and harassing its business partners, such as Defendant Blue Bottle, Inc. ("Blue Bottle"), which has done nothing more than buy a small quantity of coffee beans from Port of Mokha, and now finds itself accused in Plaintiffs' Amended Complaint of having engaged in a fantastical but entirely fictional criminal conspiracy involving supposed schemes to commit wire fraud, extortion, grand theft, and money laundering.

Plaintiffs' Amended Complaint is sprawling and unwieldy.  The Amended Complaint is filed on behalf of *five different plaintiffs (three individuals and two corporate entities)*, and on behalf of each of them, it asserts *thirteen different causes of action* covering conduct that spans across *five years*.  The complaint names *eight different defendants (two individuals and six corporate entities)*. All in all, the

Amended Complaint contains *four hundred and eighty-five (485) distinct causes of action* asserted by the five plaintiffs against the eight named defendants—and that tally ignores the various distinct crimes identified as part of the supposed RICO conspiracy among the defendants.

Furthermore, the Amended Complaint asserts claims almost indiscriminately against the named defendants, mostly based on information and belief, including against entities that are defunct (Port of Mokha, LLC), entities that do not exist (Mokha Foundation), and a company that is barely even alleged to have, and in fact does not have, any connection at all to the events described in the complaint (*e.g.*, Metra Computer Group FZCO). To take just one substantive example of the many problematic claims asserted in the Amended Complaint, Plaintiffs' Count Seven purports to assert a single cause of action for "breach of fiduciary duty" and "conspiring and aiding and abetting" (even though these are separate and distinct causes of action, with different elements) on behalf of all five plaintiffs (even though fiduciary obligations cannot plausibly be alleged to run to all them) and against all eight defendants (even though only one of them, Mokhtar Alkhanshali, can reasonably be alleged to owe any fiduciary duties to Plaintiffs at all).

## II. PROCEDURAL BACKGROUND

Plaintiffs served their pleadings iteratively on the named defendants, *see* ECF Nos. 13-18 & 28, and then they amended their complaint *sua sponte*, *see* ECF No. 24, which has resulted in multiple stipulations to coordinate and then reset the briefing deadlines on the forthcoming motions to dismiss that Defendants will be filing in response to the new operative pleading, *see* ECF Nos. 21-22, 25-26, 29 & 31. All Defendants in this action are now currently scheduled to respond to the Complaint on July 27, 2018. Because Plaintiffs requested (and Defendants accommodated) an extended briefing schedule on the forthcoming motions to dismiss, these motions will not be heard until September 29, 2018. *See* Decl. of Mark R. Conrad ("Conrad Decl."), Ex. A at 1; *see also* ECF Nos. 26 & 31.

Meanwhile, each of the parties' stipulations (and each of the Court's orders thereon) has left in place the initial case management conference set by the Court for August 7, 2018. *See* ECF No. 20; *see also* ECF Nos. 22, 26 & 31 (orders on stipulations). Other case management deadlines associated with the initial case management conference appear to remain in place as well, including imminent deadlines to meet and confer about ADR procedures, to meet and confer about the parties' discovery obligations,

and to create a discovery plan and draft a case management schedule under Rule 16 and Rule 26. *See* ECF No. 5 (setting initial deadlines based upon the initial filing of the complaint in April 2018).

Defendants have asked Plaintiffs to agree to continue the Initial Case Management Conference and to suspend the deadlines associated with the initial case management conference, arguing that requiring the parties to comply with these deadlines will only be an enormous waste of time, given that the details of any discovery plan or case management schedule will only need to be revised in light of the outcome of Defendants' multiple motions to dismiss. Conrad Decl. Ex. B at 1. Plaintiffs have refused to stipulate to this relief, saying that they intend to proceed with discovery on their sprawling Amended Complaint immediately. Conrad Decl. Ex. C at 2-3. The reason that Plaintiffs have provided for refusing to postpone the initial case management conference is that "there is no need to delay the start of discovery when we are certain your motions will be unsuccessful." *Id.* at 2.

Of course, it is not unusual that adverse parties have different views about the merits of motions to dismiss. But the question here is about judicial economy. Specifically, the issue is whether—notwithstanding Plaintiffs' confidence in the merits of their claims—all thirteen of the parties in this case should be put to the task of engaging in discovery conference repeatedly, or instead, the case should proceed in a more efficient and orderly fashion that would allow the parties to craft a reasonable approach to case management based on the parties and issues that will be joined in the litigation.

Moving Defendants bring this administrative motion to seek relief from the current case management schedule, which, if not amended, would require the parties to waste significant time and resources (and would waste the Court's own time and resources) on case management tasks, discovery plan, and a case management schedule, with the inevitable result that all of the parties' and the Court's efforts will need to be repeated in just several weeks' time once the contours of the case are established with greater certainty following the disposition of the forthcoming motions to dismiss.

## III.   ARGUMENT

It would be an enormous waste of time, and of both the parties' and the Court's resources, to push forward with an initial case management conference in this case on August 7, 2018, rather than to consolidate the initial case management conference with the hearing on Defendants' motions to dismiss, which is schedule to occur the very next month, on September 27, 2018.

It also would be an enormous waste of time to require the parties to engage in meet-and-confer efforts over a case management schedule, or to craft a detailed discovery plan in this case, when the parties to the litigation and the scope of the issues to be resolved in the litigation, are all disputed and will be addressed and resolved in Defendants' forthcoming motions. Specifically, many of the Defendants that Plaintiffs have sued in their sprawling complaint have only a tangential connection to the supposed criminal conspiracy that is described in the Amended Complaint. For example, Blue Bottle's principal offense is to have purchased and advertised coffee beans from Plaintiffs' competitor. *See* Dkt. No. 24 ¶¶ 98, 106-109, 135-136, 3-166. And Metra Computer Group has no connection to this case other than that it is alleged to have an affiliate relationship with another one of Plaintiffs' customers. *See id.* ¶¶ 19, 38-40, 177-182.

While Plaintiffs insist they should be allowed to proceed with discovery against all eight defendants in this case immediately, they will hardly be prejudiced as a result of a delay of only weeks. By contrast, there is enormous prejudice to Defendants in being put to the time and expense of engaging in discovery in a case as sprawling as this one before an adequate basis for each party's involvement in the case is established and the scope of the issues to be litigated is determined with some meaningful degree of precision. Indeed, this case raises the specter of exactly the sort of discovery abuse that district courts have frequently sought to prevent—and whose prevention the Ninth Circuit has encouraged—by postponing discovery deadlines until after the pleadings are settled. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (approving district court's decision in a RICO case to stay all discovery "pending the disposition of the motions to dismiss" filed by multiple defendants); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same).

In this regard, Moving Defendants note that this Court (both in response to an administrative motion and via its own *sua sponte* orders) has recently provided litigants with the very relief requested in this administrative motion—that is, the continuance of a previously scheduled case management conference, in the interest of efficiency and the effective administration of justice, until pending motions to dismiss can be resolved. *See, e.g., Keyssa, Inc. v. Essential Products, Inc.*, ECF No. 32, Case No. 4:17-cv-05908 (N.D. Cal. Dec. 27, 2017) (Gilliam, J.) (order granting administrative motion to continue initial case management conference until after the hearing on motions to dismiss); *Federighi v.*

*Federighi*, ECF No. 27, Case No. 4:17-cv-03937-HSG (N.D. Cal. Oct. 11, 2017) (order issues *sua sponte* continuing initial case management conference until hearing on motion to dismiss).[1]

## IV. CONCLUSION

Moving Defendants respectfully request that the Court continue the Initial Case Management Conference in this action and reset it to coincide with or to follow the scheduled hearing on Defendants' forthcoming motions to dismiss on September 27, 2018, at 2:00 p.m. If continued to coincide with the motion to dismiss hearing, Moving Defendants are amenable to filing an initial joint case management statement one week prior, *i.e.* on or before September 20, 2018. Moving Defendants further request that the Court vacate the deadlines set forth in the Court's Order Setting Initial Case Management Conference and ADR Deadline, *see* ECF No. 5, subject to the re-setting of those deadlines at the initial case management conference.

DATED: June 27, 2018

Respectfully submitted,

CONRAD & METLITZKY LLP

*/s/ Mark R. Conrad*
MARK R. CONRAD
MEGAN CESARE-EASTMAN

Attorneys for Defendants Port of Mokha, Inc., Port of Mokha, LLC, Mokha Foundation, Mokhtar Alkhanshali, and Ibrahim Ahmad Ibrahim

---

[1] Moving Defendants further note that this Court has recently granted similar relief based on the stipulation of the parties, which unfortunately could not be obtained in this case. *See, e.g. Heredia v. Sunrise Senior Living, LLC*, ECF No. 25, Case No. 4:18-cv-00616-HSG (N.D. Cal. Mar. 7, 2018).