MARK R. CONRAD (CA Bar No. 255667)
MEGAN CESARE-EASTMAN (CA Bar No. 253845)
**CONRAD & METLITZKY LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: mconrad@conradmetlitzky.com
Email: mcesare@conradmetlitzky.com

Attorneys for Defendants Port of Mokha, Inc.,
Port of Mokha, LLC, Mokha Foundation,
Mokhtar Alkhanshali, and Ibrahim Ahmad Ibrahim

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOCHA MILL, INC., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>PORT OF MOKHA, INC., *et al.*,<br><br>    Defendants. | CASE NO. 4:18-CV-02539-HSG<br><br>**DECLARATION OF MARK R. CONRAD IN SUPPORT OF ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE, N.D. CAL. CIV. L.R. 7-11 & 16-2** |

I, Mark R. Conrad, hereby declare as follows:

1.  I am counsel of record for Defendants Port of Mokha, Inc., Port of Mokha, LLC, Mokha Foundation, Mokhtar Alkhanshali, and Ibrahim Ahmad Ibrahim ("Moving Defendants") in the above-captioned matter. I am submitting this declaration in support of Moving Defendants' Administrative Motion To Continue Initial Case Management Conference, which is being filed concurrently herewith. The facts stated in this declaration are based upon my own personal knowledge, and if called as a witness, I could and would testify competently to them.

2.  On or around May 16, 2018, I met and conferred with Plaintiffs' counsel in this matter and requested Plaintiffs' agreement to stipulate to continue the deadline by which my clients were required to respond to the then-operative complaint in this action, as well as to postpone the initial case management conference in the case so that it would occur simultaneously with the hearing on the motion to dismiss that I indicated my clients were preparing to file. Attached as **Exhibit A** is a true and correct copy of email correspondence that I exchanged with Plaintiffs' counsel regarding these matters. As indicated in this email exchange, Plaintiffs agreed to extend the response deadline, and also proposed an extended briefing schedule so that they could have additional time to file a brief opposing my clients' motion to dismiss, but refused to continue the initial case management conference.

3.  On June 25, 2018, I again emailed Plaintiffs' counsel to request Plaintiffs' agreement to continue the initial case management conference in this matter so that it would occur concurrently with the scheduled hearing on Defendants' forthcoming motions to dismiss, which now has been further delayed, until September 27, 2018, in order to accommodate the scheduling constraints of other additional defendants who now also have been served with Plaintiffs' Amended Complaint. *See* ECF Nos. 25-26, 29 & 31. On June 26, 2018, Plaintiffs' counsel responded that they would not agree to continue the initial case management conference and would not agree to vacate or postpone any associated deadlines, such as the requirement that the parties meet and confer to discuss a discovery plan. Plaintiffs' counsel asserted that "there is no need to delay the start of discovery when we are certain your motions will be unsuccessful." Attached hereto as **Exhibit B** is a true and correct copy of my email requesting Plaintiffs' agreement to continue the initial case management conference. Attached

1 | hereto as **Exhibit C** is a true and correct copy of the email string containing the response by Plaintiffs'
2 | counsel indicating that they would not agree to the requested continuance.

4 | DATED: June 27, 2018          Respectfully submitted,

CONRAD & METLITZKY LLP

_____
MARK R. CONRAD
MEGAN CESARE-EASTMAN
Attorneys for Defendants Port of Mokha, Inc.,
Port of Mokha, LLC, Mokha Foundation,
Mokhtar Alkhanshali, and Ibrahim Ahmad Ibrahim

# Exhibit A

**Mark Conrad**

| | |
|---|---|
| **From:** | Yasin Almadani <yma@lawalm.com> |
| **Sent:** | Wednesday, May 16, 2018 5:41 PM |
| **To:** | Mark Conrad |
| **Cc:** | Terrence Jones |
| **Subject:** | Mocha Mill, et al. v. Port of Mokha, et al. |
| **Attachments:** | 18.04.30 - Complaint - Filed .pdf; 18.05.01 - Summons without POS.pdf; 18.05.01Standing_Order_All_Judges_1.17.2017.pdf; 18.05.16HSG-Civil-Standing-Order-Revised-Scheduling-Instru.pdf |

Mark,

It was nice chatting with you. I understand you now represent Mokhtar Alkhanshali, Ibrahim Ahmad Ibrahim, and the three defendant Port of Mokha entities in this matter, and will accept service for all. I am sure you have the attached documents already, but I am attaching them here just in case.

Terrence and I were able to discuss scheduling. While we are agreeable to an extended motions schedule (see below), we are not agreeable to moving the case management conference date presently set for August 7.

You have indicated that you would like to file a motion to dismiss. We look forward to meeting and conferring with you on this, as we believe such a motion is not merited and would simply waste resources. Regardless, the dates we discussed are:

Motion: June 25
Opposition: July 25
Reply: August 8

Please send a stipulation for our review.

Thanks,

1

***Yasin M. Almadani*** | **Attorney at Law**

## A<small>LMADANI</small> L<small>AW</small>

**Office**: 6131 Orangethorpe Ave., Suite 170A
Buena Park, CA 90620
**Mailing**: 14742 Beach Blvd., Box 410
La Mirada, CA  90638
(213) 335-3935  |  yma@LawAlm.com
www.LawAlm.com

*"The fight is won or lost far away from witnesses - behind the lines, in the gym, and out there on the road, long before I dance under those lights."*   -- Muhammad Ali

***This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.***

# Exhibit B

# Mark Conrad

| | |
|---|---|
| **From:** | Mark Conrad |
| **Sent:** | Monday, June 25, 2018 1:26 PM |
| **To:** | 'Yasin Almadani'; 'Terrence Jones' |
| **Cc:** | Shipley, Michael; Frank Busch (busch@kerrwagstaffe.com) |
| **Subject:** | Mocha Mill, Inc. et al. v. Port of Mokha, Inc., et al., No. 18-cv-02539-HSG |

Yasin & Terrence:

This email is to meet and confer about a number of the claims set forth in your complaint and some, though not all, of the grounds on which we will be filing a Rule 12 motion.  We ask that Plaintiffs consider the issues raised immediately below and reply promptly to let us know whether they will amend their complaint to avoid unnecessary motion practice on these issues.  We have limited our discussion here to those issues as to which there would appear to be the greatest likelihood of potential compromise or agreement among the parties to streamline the issues for consideration by the Court.  I understand that counsel for my co-defendants, copied here, either have been or will be in touch about Rule 12 issues that relate specifically to their clients as well.

In addition, I write to respond to your request for a meet-and-confer under Rule 16.  In light of the fact that all defendants anticipate filing motions to dismiss some or all of the claims asserted against them in the Amended Complaint against them, it is far from clear at this juncture which parties will remain in the case past September.  Nor is it clear which causes of action would survive the forthcoming Rule 12 motions, which of course is what will determine the appropriate scope of discovery in this case.  We therefore request Plaintiffs' agreement to postpone the CMC until after the motion to dismiss is heard in September, along with associated deadlines under Rule 16.

**Please let us know in the next two days whether Plaintiffs will agree to continue the Initial Case Management Conference until after the hearing on the forthcoming motions to dismiss.  If Plaintiffs will not agree, we will file an administrative motion with the Court to continue it.**

Regarding the claims set forth in your First Amended Complaint:

- **Port of Mokha Coffee LLC.**  The LLC is a non-operating and defunct entity.  It was set up for the sole and exclusive purpose of holding the rights and obligations to a lease agreement that was never consummated.  It has no assets.  It has not maintained its good standing in the State of Delaware where it was incorporated.  There are not and cannot be any substantive allegations against this entity with respect to any of the conduct described in your complaint, because none of the Defendants ever took any actions through or on behalf of this entity.  We request that you drop the LLC as a named defendant.

- **Mokha Foundation.**  Contrary to the allegations in your complaint, there is no legal entity called "Mokha Foundation."  The Mokha Foundation is a project that has been fiscally sponsored by another non-profit 501(c)(3) organization that is neither owned nor controlled by Mokhtar Alkhanshali or Ibrahim Ahmad Ibrahim.  In short, the entity named in the complaint does not exist and should be dismissed as a defendant.

- **Conduct Prior to April 30, 2015.**  The Amended Complaint alleges a great deal of wrongdoing that occurred more than three years before the filing of the complaint.  In fact, of the 84 transactions listed on pages 17-21 of the Amended Complaint, 81 of them occurred more than 3 years before this litigation was filed.  The allegations provided in the Amended Complaint to support tolling of the application statutes of limitations are conclusory, and allegations sufficient to toll the statute cannot be alleged in good faith given the Plaintiffs at all times had control over the relevant bank accounts and in most instances authorized the transactions that they now characterize as acts of wire fraud.  Please confirm that Plaintiffs will revise their

Amended Complaint to omit these tolling allegations, or at the very least to attempt to plead tolling with sufficient factual support, so that we can avoid multiple rounds of briefing on this issue.

- **Improperly Pled Causes of Action.**  Many of the claims in the Amended Complaint are pled indiscriminately against numerous defendants without a proper factual basis to sustain them.  The most obvious examples of this are:

    o  **RICO Claims Not Pled with Specificity (Counts One and Two).**  It is utterly impossible to tell from the Amended Complaint which defendants are alleged to have engaged in what unlawful conduct.  In Count One, the "Enterprise" is defined to include Defendants Alkhanshali, and Ibrahim (as well as non-parties Ezell and Comar and, nonsensically, Mocha Mill).  These parties are all alleged to have engaged in wire fraud, grand theft, extortion, attempted extortion, and money laundering but it impossible to untangle how any of these individual defendant purportedly committed any of these given crimes. Further, there are no allegations at all in Count One that give any indication of how the other defendants against whom this cause of action is pled (Port of Mokha LLC, Mokha Foundation, Blue Bottle, T&H, and Metra) engaged in a conspiracy to commit any of these crimes, much less all of them.  (Count Two, which simply incorporates by reference the entirety of the complaint, and then specifically the allegations of the preceding Count One, is defective for the same reason.)  Please let us know if Plaintiffs will agree to revise their Amended Complaint so that it is possible for each individual defendant to understand the criminal conduct that it specifically is alleged to have engaged in, so that an appropriate response can be made to the pleading.

    o  **Fraud and Deceit (Count Three) and Aiding and Abetting (Count Four).**  This claim is asserted against four defendants.  But it alleges no fraudulent conduct, much less with the requisite specificity under Rule 9, as to Mokhtar specifically, but even setting that defect aside, it does not describe *any* fraudulent conduct during the period of time when Port of Mokha existed or allege that Mokhtar was acting on that (non-existent) entity's behalf when the conduct occurred.  Accordingly, this claim cannot be maintained against any party, and at the very least, it should be withdrawn as to the Port of Mokha entities.

    o  **Fraudulent Concealment (Count Five) and Aiding and Abetting (Count Six).**  It is unclear to us why this is pled as a separate and distinct cause of action apart from the "Fraud" claim in Count Three.  To the extent you have any authority supporting the proposition that "fraudulent concealment" is a separate and distinct cause of action from "fraud," we would appreciate your sharing that with us, as we believe the separate pleading of these causes of action constitutes impermissible claim-splitting.  Certainly, we see no difference in the substantive allegations underlying these claims.

    o  **Negligent Misrepresentation, Breach of Fiduciary Duty, Intentional Interference, Negligent Interference (and Conspiracies Related Thereto).**  Causes of action for actual breach or interference are separate and distinct from causes of action for conspiracy to breach or to interfere.  As pled, however, the Amended Complaint makes no distinction between actual tortious conduct and an allegedly unlawful agreement.  As a result, it is unclear which causes of action are pled against which entities.  For example, the only named defendant who can plausibly be alleged to have violated a fiduciary duty to Plaintiffs is Alkhanshali, but none of the other defendants had anything resembling a relationship of trust or authority with them.  Accordingly, we request that you separate the claims related to the alleged tortious conduct and the conspiracy to engage in this conduct, so that we can ascertain which causes of action are pled against which defendants and respond accordingly.

    o  **Unjust Enrichment.**  California does not recognize a standalone cause of action for "unjust enrichment."  Please confirm that this putatively independent claim will be dismissed voluntarily.

2

Best regards,
Mark

**Mark Conrad | Conrad & Metlitzky LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA  94111
T 415.343.7102 | F 415.343.7101
mconrad@conradmetlitzky.com

3

# Exhibit C

# Mark Conrad

| | |
|---|---|
| **From:** | Mark Conrad |
| **Sent:** | Tuesday, June 26, 2018 4:02 PM |
| **To:** | 'Yasin Almadani'; Shipley, Michael; Frank Busch |
| **Cc:** | Terrence Jones |
| **Subject:** | RE: Mocha Mill v. Port of Mokha, et al. ( Meet and Confer re Rule 26(f) Report) |

Yasin & Terrence,

We disagree with the idea that an administrative motion to postpone the CMC violates either Rule 7-11 (which is the procedural vehicle through which this and similar sorts of disputes are routinely raised and resolved in the Northern District), or the parties' prior stipulations regarding response dates, which simply stated that the stipulations did not affect other deadlines (which they did not) but in no way suggested that Defendants would agree to or would not separately seek relief from case management conference deadlines, given Plaintiffs' prior (and continuing) refusal to agree to postpone them.

We will seek appropriate relief from the Court in light of your email below.

Best regards,
Mark Conrad

**Mark Conrad | Conrad & Metlitzky LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA  94111
T 415.343.7102 | F 415.343.7101
mconrad@conradmetlitzky.com

**From:** Yasin Almadani [mailto:yma@lawalm.com]
**Sent:** Tuesday, June 26, 2018 3:57 PM
**To:** Shipley, Michael <mshipley@kirkland.com>; Mark Conrad <mconrad@conradmetlitzky.com>; Frank Busch <busch@kerrwagstaffe.com>
**Cc:** Terrence Jones <terrence@jonesonlaw.com>
**Subject:** Re: Mocha Mill v. Port of Mokha, et al. ( Meet and Confer re Rule 26(f) Report)

# Counsel,

In anticipation of our August 7 case management conference, on June 22, we sent you the email below to schedule a date to meet and confer about the Rule 26(f) report.  You did not respond to our email.  Instead, you sent a new email on June 25 raising a number of issues, among which you wrote:

> *"Please let us know in the next two days whether Plaintiffs will agree to continue the Initial Case Management Conference until after the hearing on the forthcoming motions*

1

*to dismiss.  If Plaintiffs will not agree, we will file an administrative motion with the Court to continue it."* (emphasis in original.)

We oppose your request because it violates the terms of our stipulation and abuses the administrative motion process prescribed under Local Rule 7-11.  **To be clear, there is no need to delay the start of discovery when we are certain your motions will be unsuccessful.**

In negotiating our stipulation, we informed you that we believe **our 73-page compliant is pled with incredible particularity** and that Rule 12 motions "are unmerited and would not be a good use of resources."  (Dkt. 25 at 1).  We also specifically told you that we opposed continuing the case management conference on the basis of the time extension.  The stipulation could not be more clear:

"1. The deadline for Defendants to answer or respond to the Complaint shall be extended until July 27, 2018, **which will not alter the date of any other event or deadline already fixed by court order**."  (Dkt. 25 at 1) (emphasis added).

The court order encompasses this provision.  (Dkt. 26 at 1).

Your intended motion therefore violates our stipulation and the Court's order.

Furthermore, your vehicle for bringing the motion is improper.  Local Rule 7-11 authorizes administrative motions for "miscellaneous administrative matters, **not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge.**"  (emphasis added).

As you are well aware, the case management conference was set by Court order and the associated deadlines are governed by Rule 26.  Therefore, filing a motion to continue the conference under

2

Local Rule 7-11 violates that very rule and abuses the limited administrative process authorized by the Court.

In sum, we believe your motion to delay the case management conference and the proceedings violates our stipulation and causes unnecessary litigation over a settled issue. Furthermore, we did not appreciate your threat to raise the issue in an administrative motion, giving us a deadline of two days to respond to you on an issue that is not an emergency. Let us be clear that we prefer not to engage in unnecessary litigation.

We urge you to abide by the deadlines we have agreed to (and the Court has set) to move this case along in an efficient fashion. To that end, we have attached a proposed Rule 26(f) report for your consideration and to get the meet and confer process started. We believe this case can move very efficiently if we stick to the following deadlines, which can be found on pages 9-10 of the attached draft Rule 26(f) report:

```
Last Day to Add Parties & Claims ........... September 28, 2018
Initial Expert Disclosures             ...................... February 8, 2019
Rebuttal Expert Disclosures ................... March 8, 2019
Factual Discovery Cutoff ....................... April 5, 2019
Expert Discovery Cutoff ........................ May 3, 2019
Motion Hearing Cutoff ........................... April 19, 2019
Settlement Procedure Cutoff ................ April 12, 2019
Pretrial Conference .............................. July 9, 2018
Trial (jury) .......................................... July 22, 2018
```

We invite you again to take a look at the dates suggested below and give us a date that works for you. We believe that we are being more than flexible and look forward to hearing back.

Finally, as to the other points in your email, we feel that your positions lack merit and we will respond under separate cover.

Best,

Yasin and Terrence

**Yasin M. Almadani** | Attorney at Law

**ALMADANI LAW**
**Office**: 6131 Orangethorpe Ave., Suite 170A
Buena Park, CA 90620
**Mailing**: 14742 Beach Blvd., Box 410
La Mirada, CA  90638
(213) 335-3935   |   yma@LawAlm.com
www.LawAlm.com

*This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.*

On Fri, Jun 22, 2018 at 4:15 PM, Yasin Almadani <yma@lawalm.com> wrote:

> Dear Counsel,
>
> Our deadline to meet and confer regarding the Rule 26(f) report is July 17, 2018.  Given the number of parties involved and the difficulty in finding a date that will accommodate all counsel in the case, it's wise we find a date as soon as possible.  Is there a date in the next two weeks that works for everyone to conduct a telephonic meet and confer?  We propose June 28 or July 5 at 3:00 p.m., but we're certainly flexible.  The *only* times we are *not available* in the next two weeks are June 27 (all day), July 2 (in the morning), and July 3 (in the morning).  We look forward to hearing back.
>
> Best,
>
> **Yasin M. Almadani** | Attorney at Law
>
> **ALMADANI LAW**
> **Office**: 6131 Orangethorpe Ave., Suite 170A
> Buena Park, CA 90620
> **Mailing**: 14742 Beach Blvd., Box 410
> La Mirada, CA  90638
> (213) 335-3935   |   yma@LawAlm.com

4

[www.LawAlm.com](www.LawAlm.com)

*This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.*