Yasin M. Almadani (Cal. Bar No. 242798)
ALMADANI LAW
14742 Beach Blvd., Suite 410
La Mirada, California 90638
(213) 335-3935 | YMA@LawAlm.com

Terrence M. Jones (Cal. Bar No. 256603)
THE LAW OFFICE OF TERRENCE JONES
6737 Bright Ave., Suite B6
Whittier, California 90601
(213) 863-4490 | Terrence@JonesOnLaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| MOCHA MILL, INC., *et al.*, | Case No. 4:18-CV-2539-HSG |
| Plaintiffs, | |
| v. | **DECLARATION OF YASIN ALMADANI** |
| PORT OF MOKHA, INC., *et al.*, | **In Support of Plaintiffs' Opposition to Administrative Motion to Continue Initial Case Management Conference, N.D. Cal. Civ. L.R. 7-11 & 16-2** |
| Defendants. | |
| | Hon. Haywood S. Gilliam, Jr. |
| | United States District Judge |

1

I, Yasin M. Almadani, do hereby state and declare the following:

1.      I am an attorney at law, duly licensed to practice before all state and federal courts in California.  I am submitting this declaration in support of Plaintiffs' Opposition to Port of Mokha Defendants' Administrative Motion to Continue Initial Case Management Conference, which is being filed concurrently herewith.  The facts stated in this declaration are based upon my own personal knowledge, and if called as a witness, I could and would testify competently about the same.

2.      I am counsel of record for all Plaintiffs in the above-captioned action: Mocha Mill, Inc.; Monk of Mocha Specialty Coffee Production and Export, Inc.; Ibrahim A. Alael; Yasir H. Khanshali; and Adnan G. Awnallah (collectively, "Plaintiffs").

3.      I served as an Assistant United States Attorney ("AUSA") for almost eight years in Criminal Divisions of two federal districts (Central District of California and Eastern District of California).  My co-counsel in this matter is Terrence M. Jones.  Mr. Jones likewise served an AUSA for almost eight years in the Central District of California, having practiced in both the Civil and Criminal Divisions of the United States Attorney's Office.

4.      Given my discussions with my clients and review of the supporting evidence, I have had grave concerns regarding Defendants' potential spoliation of evidence relevant to the claims in this case.  As alleged in the operative First Amended Complaint ("FAC"), Plaintiffs can demonstrate that Defendant Mokhtar Alkhanshali (and potentially others associated with him and Defendant Port of Mokha, Inc.) deliberately destroyed emails evidencing the racketeering activities alleged in this case.  And, alarmingly, even after giving notice to Mokhtar of an impending lawsuit, Plaintiffs saw evidence relevant to the case disappear off the Internet.  Furthermore, Plaintiffs have seen evidence relevant to the case disappear off the Internet.  Thus, on February 9, 2018, well before the filing of Plaintiffs' initial complaint in this action, I sent a letter to Mark Conrad, Mr. Alkhanshali's counsel, expressing my spoliation concerns.

_Declaration of Yasin Almadani                                    Case No. 4:18-CV-2539-HSG

A true and correct copy of my letter is attached hereto as <u>Exhibit 1</u>.  Alarmingly, even after the filing of this lawsuit,

5.     Mr. Jones and I drafted Plaintiffs' initial complaint in this matter and filed the same on their behalf on April 30, 2018.[1]

6.     On May 16th, Mr. Jones and I spoke by phone with Mr. Conrad regarding a stipulated extension of the deadline for Defendants to file their initial responses to the complaint.  Mr. Conrad explained that he was contemplating bringing certain Rule 12 challenges to the complaint on behalf of his clients and wanted to know if we would be agreeable to extending the initial response deadline for him to file such motions.  We were indeed agreeable to the extension, but made two things abundantly clear.  First, our agreement to the extension was predicated on his agreement to a stipulated briefing schedule concerning his clients' motions.  And, second, our agreement to such a lengthy extension was predicated on the fact that the date of Case Management Conference ("CMC") not be moved.  Mr. Jones and I did not believe that Defendants' motions would be successful, and so were not agreeable to continuing the CMC and delaying the start of discovery until their resolution, especially given our serious concerns of spoliation.

7.     Following our telephone discussion, I sent Mr. Conrad an email memorializing the parties' agreement.  A true and correct copy of my email is attached as Exhibit A to Mr. Conrad's declaration in support of Defendants' instant motion.

8.     On May 18th, the parties filed a stipulation which provided that "[t]he deadline for Defendants to answer or respond to the Complaint shall be extended until June 25, 2018, ***which will not alter the date of any other event or deadline already fixed by court order***."  (Dkt. 21 (emphasis added)).  The court entered its order on the stipulation on May 21st, which contained the very same language.  (Dkt. 22).

9.     Mr. Jones and I drafted Plaintiffs' FAC in this matter and filed the same on their behalf on June 3rd.  (Dkt. 24).

---

[1] All further dates referenced herein occurred in 2018.

_Declaration of Yasin Almadani_                                    _Case No.  4:18-CV-2539-HSG_

10.    On June 4th, Mr. Jones and I spoke by phone with Frank Busch, counsel for Defendant T&H Computers, Inc., regarding Plaintiffs' claims against his client and, as well, the filing of a new stipulation to extend the deadline for Defendants to file their initial responses to the complaint given that Plaintiffs' filing of the FAC rendered moot the first stipulation.  During that call, we made clear to Mr. Busch, as we had with Mr. Conrad, that Plaintiffs were not agreeable to moving the CMC date back until the resolution of any Rule 12 motions.

11.    The following day, June 5th, Mr. Busch sent Mr. Jones and me an email, copying all other counsel, advising that all of the Defendants were similarly agreeable to entering into a new stipulation in light of the FAC.  Mr. Busch again asked in his email whether Plaintiffs would also be agreeable to stipulating to continue the CMC. I responded the same day, advising that although Plaintiffs were agreeable to the initial response extension and a stipulated briefing scheduled as before, Plaintiffs were not agreeable to continuing the CMC.  A true and correct copy of the above-referenced email chain is attached hereto as Exhibit 2.

12.    The parties filed their stipulation on June 6th and the court entered an order thereon the following day.  The stipulation and order thereon both state that "[t]he deadline for Defendants to answer or respond to the Complaint shall be extended until July 27, 2018, *which will not alter the date of any other event or deadline already fixed by court order*."  (Dkts. 25 and 26 at . 1 (emphasis added)).

13.    Hence, the parties have actually twice agreed not to move the CMC date; first, after the filing of Plaintiffs' initial complaint, and then again incident to the filing of Plaintiffs' FAC.

14.    On June 22nd, in anticipation of the August 7th CMC—and before Defendants raised the notion of filing the instant motion—I emailed counsel for all Defendants to schedule a date to meet and confer about the filing of the parties' Joint CMC Report.  A true and correct copy of my email is attached as Exhibit C to Mr.

Conrad's support declaration, at page 4.

15. In response, and instead of scheduling a meet-and-confer date, Mr. Conrad responded via separate email on June 25th and threatened to file the instant motion if Mr. Jones and I did not agree to continue the CMC until the resolution of Defendants' contemplated Rule 12 motions. (*See* Def. Exh. B).

16. I responded to Mr. Conrad's email the following day, June 26th, pointing out that Defendants' motion would violate the very first provision in the parties' stipulations, and that there was no need to delay discovery because Rule 12 motions would not resolve this case. A true and correct copy of my email is attached as Exhibit C to Mr. Conrad's support declaration, at pages 1-2. I attached a draft Joint CMC Report to my email with proposed dates for the case and again invited Defendants to meet and confer. Defendants filed the instant motion the very next day.

\*          \*          \*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 28, 2018                    Respectfully submitted,

                                        */s/ Yasin M. Almadani*
                                        YASIN M. ALMADANI
                                        ALMADANI LAW

                                        TERRENCE M. JONES
                                        THE LAW OFFICE OF TERRENCE JONES

                                        *Attorneys for Plaintiffs*

*Declaration of Yasin Almadani*                    *Case No. 4:18-CV-2539-HSG*

# Exhibit 1



## ALMADANI LAW

**YASIN M. ALMADANI**

14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Tel: (213) 335-3935
yma@LawAlm.com

February 9, 2018

Mark Conrad
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
T 415.343.7100
F 415.343.7101
mconrad@conradmetlitzky.com

Via: E-mail

Dear Mark:

     I hope all is well with you.  We sent your clients a letter informing them of impending litigation to invite pre-litigation discussions.  In that letter, we requested that your clients preserve all evidence related or pertinent to this case.  Troublingly, it has come to our attention that after our letter there may have been some spoliation of evidence.  I am looking into the matter myself to confirm its veracity but thought to bring it to your attention ASAP to avoid any unnecessary litigation down the line.  Please rest assured that our intention is not to accuse your clients or insinuate anything sinister at this point, but to simply bring this information to your knowledge, as such actions can implicate Cal. Evid. Code § 413, Cal. Code of Civ. P. § 2023, and Cal. Penal Code § 135, as well as other rights established under case law, which we would all like to avoid.  We continue to look into the issues you raised in your previous letter and hope to be in touch as soon as we can.  In the meantime, we very much appreciate your attention to the issue raised herein.

Kind regards,

Yasin M. Almadani
Attorney at Law

# Exhibit 2

**Terrence Jones**

| | |
|---|---|
| **From:** | Yasin Almadani <yma@lawalm.com> |
| **Sent:** | Tuesday, June 5, 2018 4:14 PM |
| **To:** | Frank Busch |
| **Cc:** | Terrence@jonesonlaw.com; Mark Conrad; Shipley, Michael; Hillenbrand, Edward |
| **Subject:** | Re: Revised Briefing Schedule - Mocha Mill v. Pork of Mokha Case No. CV 18-2539 |
| **Attachments:** | 18.06.05-Extend Time for Defs Resp or Ans - Stip-DRAFT.doc; 18.06.05-Extend Time for Defs Resp or Ans - Stip-DRAFT.pdf; 18.06.05-Extend Time for Defs Resp or Ans - Proposed Order-DRAFT.doc |

Frank,

Thanks for your message.  Terrence and I strongly believe that all claims will go forward against all defendants.  While we are amenable to your suggested briefing schedule, we don't see any need to move the case management conference.  We can file a stipulation very similar to the one we filed previously.  As a courtesy, I am attaching a stipulation that works for us.  Your signature block needs to be inserted and the footers need some attention from Kirkland.  Prior to filing, please send back the stipulation and proposed order to us for final review.

Best,


*Yasin M. Almadani* | **Attorney at Law**

**ALMADANI LAW**
**Office**: 6131 Orangethorpe Ave., Suite 170A
Buena Park, CA 90620
**Mailing**: 14742 Beach Blvd., Box 410
La Mirada, CA  90638
(213) 335-3935 | yma@LawAlm.com
www.LawAlm.com

*This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.*

On Tue, Jun 5, 2018 at 12:21 PM, Frank Busch <busch@kerrwagstaffe.com> wrote:

Terrence and Yasin,

Following our call yesterday, I have spoken to the other defendants regarding specific dates for a new briefing schedule.  Based upon the filing of an amended complaint making significant changes to the claims at issue, my proposal is to extend the previous schedule to reflect the time between service of the original complaint and filing of the amended one.  Specifically, I would propose:

Responses to the Amended Complaint by July 27

Any oppositions to motions by August 27

Any replies by September 10

Motions to be set on the Court's calendar for argument on September 27, 2018 at 2:00 p.m., or such date thereafter conducive to the Court's schedule.

I think we should move the initial Case Management Conference in parallel, so that we know what claims will be moving forward (and which defendants will remain as defendants).  Without that information, which goes directly to at least the importance of the issues at stake in the action and the amount in controversy, it would seem difficult to meaningfully address issues beyond the pleadings.

I am copying counsel for the other served defendants, who have reviewed and approved the proposed schedule.  Let me know whether the above is agreeable, or whether we should discuss further.  If the latter, please let me know when you are available so I can coordinate with the defense group as needed.

Thank you,

Frank Busch
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8902
main: 415-371-8500
fax: 415-371-0500
www.kerrwagstaffe.com