FRANK BUSCH (258288)
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105-1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
Email: busch@kerrwagstaffe.com

Attorneys for Defendants
METRA COMPUTER GROUP FZCO and
T&H COMPUTERS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MOCHA MILL, INC., MONK OF MOCHA SPECIALTY COFFEE PRODUCTION AND EXPORT, INC., IBRAHIM A. ALAELI, YASIR H. KHANSHALI, and ADNAN G. AWNALLAH,<br><br>Plaintiffs,<br><br>v.<br><br>PORT OF MOKHA, INC., PORT OF MOKHA LLC, MOKHA FOUNATION, BLUE BOTTLE COFFEE, INC., METRA COMPUTER GROUP FZCO, T&H COMPUTERS, INC., MOKHTAR F. ALKHANSHALI, and IBRAHIM AHMAD IBRAHIM,<br><br>Defendants. | Case No. 4:18-cv-02539-HSG<br><br>**RESPONSE IN SUPPORT OF ADMINISTRATIVE MOTION TO CONTINUE INTIAL CASE MANAGEMENT CONFERENCE, N.D. CAL. CIV. L.R. 7-11 & 16-2** |

## I.     INTRODUCTION

Defendants Metra Computer Group Fzco ("Metra") and T&H Computers, Inc. ("T&H") respectfully request that the Court continue the Initial Case Management Conference and otherwise grant the relief requested in Moving Defendants' administrative motion (ECF No. 32, the "Motion")).  Not only do Metra and T&H believe early discovery is inappropriate because Plaintiffs have failed to state a claim against either of them, Plaintiffs have failed to complete proper service on Metra, or allege any plausible basis for personal jurisdiction over it.  For these reasons too, early unfettered discovery would be inappropriate here.

## II.     BACKGROUND

Metra and T&H do not restate the procedural history set forth in the Motion, and agree that no final discovery plan could be plausibly negotiated until the Court determines which claims, if any, are properly pled.  This is particularly true as T&H is alleged only to have made a $1,000 commission and Metra is not alleged to have done anything in particular.  First Amended Complaint ("FAC"), ECF No. 24, at ¶ 183.

In addition, however, Plaintiffs have failed to complete proper service on Metra or plausibly allege this Court has personal jurisdiction to resolve Plaintiffs' claims against it.[1]  As will be shown in Metra's response to the operative complaint, it is a distributor of IT products in the markets of Egypt, United Arab Emirates, Kingdom of Saudi Arabia, Qatar, Jordan, Iraq, Kuwait, Bahrain, Lebanon, Yemen, and Oman.  In addition, Metra is a Free Zone Company organized under the rules of the Jebel Ali Free Zone in the United Arab Emirates, not a foreign corporation within the meaning of California law, and therefore must be served in compliance with Federal Rule of Civil Procedure 4(h)(2). No such service has occurred.

## III.     ARGUMENT

Metra and T&H's anticipated filing of a Rule 12(b)(6) motion, itself, should be sufficient to grant the relief requested because "Rule 8... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679

---

[1] For the avoidance of doubt, by responding in support of the Motion Metra does not intend to waive, and expressly preserves, its objections to both this Court's personal jurisdiction and to the sufficiency of Plaintiffs' service of process, which will be addressed more fully at the time set by Metra's stipulation with Plaintiffs. ECF No. 31.

1   (2009); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The
2   purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of
3   complaints without subjecting themselves to discovery.").

4       Requiring Metra to engage in discovery before resolving its jurisdictional and service
5   challenges would be inappropriate.  Indeed, in the analogous situation of a defendant asserting
6   qualified immunity from litigation, the Eleventh Circuit reversed an order requiring the
7   defendant to participate in Rule 26(f) discovery because "the part of the order requiring the
8   parties to develop their Rule 26(f) report before the court ruled on the immunity defenses is also
9   inconsistent with . . . decisions which establish that immunity is a right not to be subjected to
10  litigation beyond the point at which immunity is asserted." *Howe v. City of Enterprise*, 861 F.3d
11  1300, 1302 (11th Cir. 2017); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev.
12  2011) (noting a discovery stay pending resolution is more appropriate where "a motion to
13  dismiss raises preliminary issues of jurisdiction, venue or immunity.").  Permitting early
14  unfettered discovery would likewise undermine the requirement that Plaintiffs "establish a
15  'colorable basis' for personal jurisdiction before granting jurisdictional discovery." *Mission
16  Trading Co. v. Lewis*, No. 16-cv-01110-JST, 2016 U.S. Dist. LEXIS 157280, at *13 (N.D. Cal.
17  Nov. 14, 2016).  Instead, "[w]here a plaintiff's claim of personal jurisdiction appears to be both
18  attenuated and based on bare allegations in the face of specific denials made by the defendants,
19  the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151,
20  1160 (9th Cir. 2006).

21      Here, Plaintiffs demand immediate unlimited discovery from Metra based upon a
22  complaint that asserts personal jurisdiction based solely upon a conclusory allegation that ***T&H***
23  does business in California "for the benefit of" Metra.  FAC ¶ 19.  It is difficult to imagine more
24  attenuated and bare allegations, as personal jurisdiction cannot be based upon a subsidiary's
25  actions.  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) ("The existence of a parent-
26  subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a
27  forum state to another for the purpose of establishing personal jurisdiction.").

28

## IV. CONCLUSION

The Court should grant the relief requested in the Motion for the reasons set forth therein, and for the additional reason that early unfettered discovery and participation in a Rule 26(f) process would be inconsistent with Metra's right to avoid even limited discovery unless Plaintiffs establish a colorable basis for jurisdiction, which they have so far failed to do.

Dated: June 28, 2018                                **KERR & WAGSTAFFE LLP**

By: /s/ Frank Busch
Frank Busch (258288)
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, CA 94105
Telephone: (415) 371-8500
Facsimile: (415) 371-0500
E-Mail: busch@kerrwagstaffe.com

Attorneys for Defendants
METRA COMPUTER GROUP FZCO and
T&H COMPUTERS, INC.