Michael Shipley (SBN 233674)
michael.shipley@kirkland.com
Edward Hillenbrand (SBN 310872)
edward.hillenbrand@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071
Telephone:     (213) 680-8400

*Attorneys for Defendant Blue Bottle Coffee, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MOCHA MILL, INC., MONK OF MOCHA SPECIALTY COFFEE PRODUCTION AND EXPORT, INC., IBRAHIM A. ALAELI, YASIR H. KHANSHALI, and ADNAN G. AWNALLAH,<br><br>Plaintiffs,<br><br>v.<br><br>PORT OF MOKHA, INC., PORT OF MOKHA LLC, MOKHA FOUNDATION, BLUE BOTTLE COFFEE, INC., METRA COMPUTER GROUP FZCO, T&H COMPUTERS, INC., MOKHTAR F. ALKHANSHALI, and IBRAHIM AHMAD IBRAHIM,<br><br>Defendants. | Case No. 4:18-CV-02539-HSG<br><br>Hon. Haywood S. Gilliam, Jr.<br>Courtroom 2<br><br>**DEFENDANT BLUE BOTTLE COFFEE, INC.'S JOINDER IN PORT OF MOKHA DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE** |

On June 27, 2018, Defendants Port of Mokha, Inc., Port of Mokha, LLC, Mokha Foundation, Mokhtar Alkhanshali, and Ibrahim Ahmad Ibrahim (the "Port of Mokha Defendants") filed an administrative motion to continue the initial case management conference in this case, currently set for August 7, 2018, until a date after which Defendants' motions to dismiss can be decided. *See* Dkt. No. 32. Defendant Blue Bottle Coffee, Inc., concurs and joins in that motion in full.

As to Blue Bottle, a continuance of the scheduling conference, and thus the onset of discovery, Fed. R. Civ. P. 26(d)(1), is particularly merited. Plaintiffs have insisted on dragging Blue Bottle into what appears to be a routine employment or partnership dispute between themselves and the Port of Mokha Defendants. The essence of Plaintiffs' beef with Blue Bottle is that Blue Bottle allegedly bought about $52,650 worth of pricy Yemeni coffee from the Port of Mocha Defendants instead of buying it from Plaintiffs. *See* Am. Compl. ¶ 183(h). Tellingly, the Amended Complaint scrupulously *does not* allege the existence of any enforceable contact between Plaintiffs and Blue Bottle. *Compare id.* ¶ 136 (suggesting "the coffee had been sold in principle") *with* ¶¶ 210–310 (no claim for relief for breach of contact). Of course, there is nothing whatsoever that is unlawful about Blue Bottle's decision to deal with suppliers of its choice. *See United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919) (noting the "long recognized right of trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal"); *United States v. E.I. du Pont de Nemours & Co.*, 353 U.S. 586, 643 (1957) (recognizing a company's "freedom to buy or to refuse to buy" from another). Blue Bottle is guilty of nothing but capitalism. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 596-97 (1986) ("if [defendant] had no rational economic motive to conspire, and if [its] conduct is consistent with other, equally plausible explanations, the conduct does not give rise to an inference of conspiracy").

Regardless, Plaintiffs insist on abusing the RICO statute by suing Blue Bottle on a baseless racketeering conspiracy claim grounded in little more than their speculative information-and-belief-only allegations that, even if true, give rise to no actionable claim under 18 U.S.C. § 1962(d). *See* Am. Compl. ¶¶ 143–66. These kind of information and belief allegations cannot be permitted to serve as a "pretext for the discovery of unknown wrongs." *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824 (N.D. Cal. 2017). That is particularly true for civil RICO claims—"the danger of protracted and extraordinarily

expensive discovery engendered by civil RICO claims is all too real." *PMC, Inc. v. Ferro Corp.*, 131 F.R.D. 184, 187 (C.D. Cal. 1990). Indeed, the strong potential for abuse encourages "courts [to] strive to flush out frivolous RICO allegations at an early stage of the litigation." *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990) The Ninth Circuit has thus made it clear that a RICO claim should not be permitted to proceed unless the plaintiff can state an actionable claim "without discovery." *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1110 (9th Cir. 2003) *overruled on other issue by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007). Accordingly, the Ninth Circuit has repeatedly upheld the decision to stay discovery until a filed Rule 12(b) motion to dismiss a civil RICO claim is decided, unless the motion implicates factual issues outside the face of the complaint. *See id.*; *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion."); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (leave to amend should be denied on Rule 12(b) motion if plaintiffs are unable "to supplement their deficient RICO claims without conducting discovery").

Blue Bottle further notes that Plaintiffs' meritless RICO claims are the only basis for this Court's original jurisdiction. *See* 28 U.S.C. § 1331. Because the parties are not completely diverse, *see* Am. Compl. ¶¶ 24–29 (Plaintiffs are Californians); ¶¶ 30–40 (most Defendants are Californians), there is only supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' other claims, which arise under state law. *See* Am. Compl. ¶¶ 232–310. A dismissal of Plaintiffs' RICO claims could well result in the termination of this litigation, even if some of their other claims are adequately pleaded. *See, e.g.*, *Figures v. Szabo*, 14-CV-04684-HSG, 2015 WL 2062709, at *3 (N.D. Cal. May 4, 2015) (dismissing pendant state law claims under 28 U.S.C. § 1367(c)(3) after dismissing RICO claim under Rule 12(b)(6)). That possibility too counsels against prematurely opening the discovery floodgates in this case.

Finally, in their opposition, Plaintiffs' argue that the parties have already stipulated not to move the case management conference. *See* Dkt. No. 33. But that is not what the stipulations say. In setting briefing schedules for Defendants' Rule 12 motions, the parties agreed that the extensions of "[t]he deadline for Defendants to answer or respond to the Complaint . . . will not alter the date of any other

event or deadline already fixed by court order." *See* Dkt. Nos. 21, 25. The Mokha Mill Defendants' motion is entirely consistent with that stipulation. Plaintiffs—apparently desperate for discovery to bolster their inadequate claims—would not stipulate to move the case management conference. But the fact that the parties did not stipulate to alter court-set dates is by no means the same thing as a waiver of their rights to move the Court to alter those dates in an appropriate administrative motion under Local Rule 6-3.

\* \* \*

For the foregoing reasons, as well as the reasons stated in the Port of Mokha Defendants' motion, the Court should vacate the initial status conference and reschedule it when and only if any of Plaintiffs' claims survive a motion to dismiss.

Respectfully submitted,

Dated: June 29, 2018         KIRKLAND & ELLIS LLP

   /s/ Michael Shipley
Michael Shipley (SBN 233674)
Edward Hillenbrand (SBN 310872)
333 South Hope Street, Suite 2900
Los Angeles, California 90071
Telephone:    (213) 680-8400
E-Mail:       michael.shipley@kirkland.com

*Attorneys for Defendant Blue Bottle Coffee, Inc.*