FRANK BUSCH (258288)
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105-1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
Email: busch@kerrwagstaffe.com

Attorneys for Defendants
METRA COMPUTER GROUP FZCO and
T&H COMPUTERS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MOCHA MILL, INC., MONK OF MOCHA SPECIALTY COFFEE PRODUCTION AND EXPORT, INC., IBRAHIM A. ALAELI, YASIR H. KHANSHALI, and ADNAN G. AWNALLAH,<br><br>              Plaintiffs,<br><br>v.<br><br>PORT OF MOKHA, INC., PORT OF MOKHA LLC, MOKHA FOUNATION, BLUE BOTTLE COFFEE, INC., METRA COMPUTER GROUP FZCO, T&H COMPUTERS, INC., MOKHTAR F. ALKHANSHALI, and IBRAHIM AHMAD IBRAHIM,<br><br>              Defendants. | Case No. 4:18-cv-02539-HSG<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12**<br><br>DATE: September 27, 2018<br>TIME:  2:00 p.m.<br>COURTROOM:  2<br><br>TRIAL:  [None] |

KERR
— & —
WAGSTAFFE
LLP

1     Pursuant to Federal Rule of Evidence 201 and Federal Rule of Civil Procedure 44.1,

2  Defendants METRA COMPUTER GROUP FZCO and T&H COMPUTERS, INC. request that

3  the Court take notice of and consider the following:

4     1.     **Exhibit A:** A true and correct copy The Jebel Ali Free Zone Companies

5  Implementing Regulations 2016.

6

7  Date:                                    **KERR & WAGSTAFFE LLP**

8

9                              By:   _/s/ Frank Busch_____

10                                   Frank Busch

11                                   Attorneys for Defendants
                                     METRA COMPUTER GROUP FZCO and
12                                   T&H COMPUTERS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KERR
&
WAGSTAFFE
LLP

Case No. 4:18-cv-02539-HSG                                    REQUEST FOR JUDICIAL NOTICE

# EXHIBIT A

THE JEBEL ALI FREE ZONE

COMPANIES IMPLEMENTING REGULATIONS 2016

Issued in Dubai on 23/5/2016

THE JEBEL ALI FREE ZONE

COMPANIES IMPLEMENTING REGULATIONS 2016

TABLE OF CONTENTS

PART 1.  GENERAL ............................................................................................5
1.  Title ...............................................................................................................5
2.  Legislative authority .....................................................................................5
3.  Application of laws ........................................................................................5
4.  Repeal ...........................................................................................................5
5.  Date of commencement ...............................................................................5
6.  Definition .......................................................................................................5
7.  Entities recognised in the Free Zone ...........................................................7
PART 2.  REGISTRAR ........................................................................................8
8.  Appointment, powers and functions of the Registrar ...................................8
9.  Registers .......................................................................................................9
PART 3.  FZE AND FZCO ..................................................................................10
Section 1   Features of an FZE and FZCO .......................................................10
10.  FZE ............................................................................................................10
11.  FZCO ..........................................................................................................10
Section 2   Incorporation ..................................................................................11
12.  Application ..................................................................................................11
13.  Memorandum and articles of association ..................................................12
14.  Name ..........................................................................................................12
Section 3   Capital and shares .........................................................................13
15.  Capital ........................................................................................................13
16.  Shares ........................................................................................................13
17.  Increase of capital .....................................................................................13
18.  Consolidation and division of shares .........................................................13
19.  Non-cash consideration for shares ............................................................14
20.  Decrease of capital ....................................................................................14
21.  Classes of shares ......................................................................................16
22.  Variation in rights of shares .......................................................................16
23.  Share transfer ............................................................................................16
24.  Treasury shares .........................................................................................17
Section 4   Distribution .....................................................................................17
25.  Dividend and other distributions ................................................................17
26.  Unlawful distribution ..................................................................................17
Section 5   Director, manager and secretary ...................................................18

1

27.     Director ...................................................................................................................18

28.     Election, term and removal of a Director ..............................................................18

29.     Duties of a Director .............................................................................................18

30.     Duty of a Director to disclose interests................................................................18

31.     Prohibition on financial assistance to a Director .................................................19

32.     Alternate director ................................................................................................19

33.     Validity of acts of a Director................................................................................20

34.     Manager .............................................................................................................20

35.     Secretary ............................................................................................................20

Section 6    Shareholders' meeting of an FZCO ........................................................20

36.     Calling a meeting ................................................................................................20

37.     Registrar's power to call meeting in default.........................................................21

38.     Notice of meeting ...............................................................................................21

39.     General provisions as to meetings and voting......................................................21

40.     Resolutions in writing ..........................................................................................22

41.     Proxy ..................................................................................................................22

42.     Minutes and examination of minute books ...........................................................23

43.     Participation in meetings .....................................................................................23

Section 7    Shareholder's meeting of an FZE ............................................................23

44.     Calling a meeting ................................................................................................23

45.     Decision in writing ..............................................................................................23

46.     Corporate authority .............................................................................................23

47.     Minutes ...............................................................................................................23

Section 8    Records, accounts and auditor ................................................................23

48.     Maintenance of records.......................................................................................23

(a)     to account for monies received and expended; ..................................................24

(b)     to document the assets and liabilities; ...............................................................24

(c)     to disclose the financial position; and..................................................................24

(d)     for an accountant to prepare financial accounts. ...............................................24

49.     Accounts .............................................................................................................24

50.     Appointment, removal and resignation of an auditor ...........................................25

51.     Auditor ................................................................................................................25

PART 4.    PLC......................................................................................................26

Section 1    Features of a PLC .................................................................................26

52.     PLC .....................................................................................................................26

Section 2    Incorporation ........................................................................................26

53.     Application ..........................................................................................................26

54.     Memorandum and articles of association.............................................................27

55.     Name ..................................................................................................................28

2

Section 3    Capital and shares ............................................................................28
56.    Capital ...........................................................................................................28
57.    Shares ...........................................................................................................28
58.    Increase of capital .........................................................................................28
59.    Consolidation and division of shares .............................................................29
60.    Non-cash consideration for shares ...............................................................29
61.    Decrease of capital .......................................................................................29
62.    Classes of shares ..........................................................................................31
63.    Variation in rights of shares ..........................................................................31
64.    Share transfer ...............................................................................................31
65.    Treasury shares ............................................................................................32
66.    Financial assistance by PLC to acquire shares .............................................32
Section 4    Distribution ......................................................................................32
67.    Dividend and other distributions ...................................................................32
68.    Unlawful distribution ......................................................................................33
Section 5    Directors, manager and secretary .....................................................33
69.    Directors ........................................................................................................33
70.    Election, term and removal of a Director .......................................................33
71.    Duties of a Director ........................................................................................34
72.    Duty of a Director to disclose interests ..........................................................34
73.    Prohibition on financial assistance to a Director ...........................................34
74.    Alternate director ...........................................................................................35
75.    Validity of the acts of a Director ....................................................................35
76.    Manager ........................................................................................................35
77.    Secretary .......................................................................................................36
78.    PLC register of Directors and secretary ........................................................36
Section 6    Shareholders' meeting of a PLC .......................................................36
79.    Calling a meeting ...........................................................................................36
80.    Registrar's power to call meeting in default ..................................................36
81.    Notice of meeting ...........................................................................................36
82.    General provisions as to meetings and voting ...............................................37
83.    Demand for poll .............................................................................................37
84.    Proxy .............................................................................................................37
85.    Minutes and examination of minute books .....................................................38
86.    Participation in meetings ...............................................................................38
87.    Records, accounts and auditor ......................................................................38
PART 5    TRANSFER OF A FOREIGN COMPANY TO THE FREE ZONE ............38
88.    Transfer to the Free Zone ..............................................................................38
89.    Transfer to the Free Zone as an FZE or FZCO ..............................................38

3

| | | |
|---|---|---|
| 90. | Transfer to the Free Zone as a PLC | 40 |
| 91. | Certificate of continuation | 41 |
| **PART 6** | **CONVERSION OF COMPANIES** | 41 |
| 92. | Conversion of an FZE or FZCO to a PLC | 41 |
| 93. | Conversion of a PLC to an FZE or FZCO | 42 |
| **PART 7** | **HOLDING COMPANY AND SUBSIDIARY** | 43 |
| 94. | Definition | 43 |
| 95. | Objectives | 43 |
| 96. | Accounts | 43 |
| 97. | Share ownership | 43 |
| **PART 8** | **SECURITY INTERESTS** | 43 |
| 98. | Types of Security Interests | 44 |
| 99. | Registration of Security Interests | 44 |
| 100. | Enforcement | 45 |
| 101. | No liability | 45 |
| **PART 9** | **WINDING UP** | 45 |
| 102. | Modes of winding up | 45 |
| 103. | Winding up by the Registrar | 45 |
| 104. | Voluntary winding up | 46 |
| 105. | Appointment and duties of liquidator | 46 |
| 106. | Distribution of assets | 47 |
| 107. | Completion of liquidation | 47 |
| 108. | Liquidation of a PLC | 48 |
| **PART 10** | **PENALTIES** | 48 |
| 109. | Types of penalties | 48 |
| 110. | Fines | 48 |

Issued in Dubai on 23/5/2016

**PART 1.        GENERAL**

**1.        Title**

These regulations are titled the "Jebel Ali Free Zone Companies Implementing Regulations 2016".

**2.        Legislative authority**

These regulations have been made by Jafza pursuant to the authority vested in Jafza under the laws of the UAE, including Decree No. 1 of 1985 for Establishment of The Free Zone Authority In Jebel Ali Port, as amended, promulgated by H. H. Maktoum Bin Rashid Al Maktoum.

**3.        Application of laws**

3.1.      Subject to regulation 3.2, Jafza Laws and the Federal laws of the UAE apply to a Company and a Branch.

3.2.      Federal Law No. 2 of 2015 Concerning Commercial Companies does not apply to a Company or a Branch. The Registrar may apply certain provisions of the Federal Law No. 2 of 2015 Concerning Commercial Companies to a Company or a Branch in respect of a matter not contained in the Jafza Laws.

3.3.      The relevant Markets Laws apply to a PLC. The applicable Markets Laws prevail over the Jafza Laws to the extent of an inconsistency between the Markets Laws and the Jafza Laws.

3.4.      These regulations do not apply to a company registered under the Jebel Ali Free Zone Authority Offshore Companies regulations 2003.

**4.        Repeal**

These regulations repeal and replace the following regulations:

(a)      the Jebel Ali Free Zone Authority Free Zone Establishment Implementing Regulations No. 1 of 1992; and

(b)      the Jebel Ali Free Zone Authority Free Zone Company Implementing Regulations No. 1 of 1999.

**5.        Date of commencement**

These regulations will come into force three months after the date of issuance.

**6.        Definition**

In these regulations the following terms have the corresponding definition, unless the context requires otherwise:

| | |
|---|---|
| **AED** | Arab Emirates Dirhams, the lawful currency of the UAE. |
| **Branch** | a branch of a Foreign Company established in the Free Zone. |
| **Companies Register** | a register of Companies maintained by the Registrar under regulation 9.1. |

5

| | |
|---|---|
| Company | an FZE, an FZCO, a PLC or any other company in the Free Zone that is notified in writing by the Registrar to be included as a Company under these regulations. |
| Director | a person occupying the position of a director of a Company, including an alternate director. |
| Electronic | includes electronic, electrical, digital, magnetic, optical, biometric, electrochemical, wireless or electromagnetic technology. |
| Electronic Document | a document including  a book, report, register, application, agreement, minutes of a meeting, a resolution, financial statement, notice, letter and accounts, that may be generated, communicated, received or stored by Electronic or other means in or from an Electronic system designed for sending, storing, receiving, or processing information. |
| Electronic Signature | Electronic letters, numbers, symbols, images, characters or their combination, applied to or incorporated in a document, an Electronic Document, information, communication or transaction in Electronic form, with the intention of authenticating and approving the same. |
| Financial Year | in respect of a Company, a financial year is each successive period of 12 months, commencing on the date of incorporation of the Company, or as may be amended in these regulations. |
| Foreign Company | is a company incorporated in a jurisdiction other than the Free Zone. |
| Free Zone | the Jebel Ali Free Zone, established pursuant to Ordinance No. 1 of 1980 promulgated by H. H. Shaikh Rashid Bin Saeed Al Maktoum, Ruler of Dubai, or any other free zone owned and administratively controlled by the Jebel Ali Free Zone or Jafza. |
| FZE | a free zone establishment, incorporated in the Free Zone in accordance with these regulations, with the features provided in regulation 10. |
| FZCO | a free zone company, incorporated in the Free Zone in accordance with these regulations, with the features provided in regulation 11. |
| General Meeting | a meeting of the shareholders held in accordance with these regulations. |
| Holding Company | is defined in regulation 94.2. |
| Jafza | the Jebel Ali Free Zone Authority, a body corporate established under Decree No 1 of 1985 Establishment of The Free Zone Authority In Jebel Ali Port, as amended, including its departments and functions. |
| Jafza Laws | includes these regulations and other legislation issued by Jafza, such as rules, regulations, guidelines, as well as circulars, |

6

directives or notices.

| | |
|---|---|
| **Licence** | a licence issued by the Registrar in accordance with the Jafza Laws to conduct a licensed activity in the Free Zone. |
| **Markets Laws** | the markets laws applicable to a company listing its shares on a stock exchange, in the jurisdiction where the stock exchange is established. |
| **Ordinary Resolution** | a resolution passed at a General Meeting by more than 50% of the votes of shareholders with voting rights, in person, or where proxies are allowed, by proxy. |
| **PLC** | a public listed company, incorporated in the Free Zone in accordance with these regulations, with features provided in regulation 52. |
| **Record** | a record maintained by the Company, including a book, report, register, document, minutes of a meeting, Ordinary Resolution, Special Resolution, resolution of the Directors, financial statement, notice and accounts, including Electronic Documents. |
| **Registrar** | the person appointed as a registrar of Companies in accordance with these regulations. |
| **Security Interests** | is defined in regulation 98.1. |
| **Security Register** | a register of Security Interests maintained by the Registrar under regulation 9.3. |
| **Special Resolution** | a resolution passed at a General Meeting by more than 75% of the votes of shareholders with voting rights, in person, or where proxies are allowed, by proxy. |
| **Subsidiary** | is defined in regulation 94.1. |
| **UAE** | the United Arab Emirates. |

**7.    Entities recognised in the Free Zone**

7.1.    These regulations recognise the following types of companies:

(a)    FZE;

(b)    FZCO; and

(c)    PLC.

7.2.    A civil company, under Federal Law No. 5 of 1985 the UAE Civil Transactions Law, may be incorporated in the Free Zone, as notified by the Registrar in writing. The Registrar may, in addition to Federal Law No. 5 of 1985 the UAE Civil Transactions Law, prescribe guidelines for incorporation or operations of a civil company in the Free Zone.

7.3.    A Foreign Company may establish a Branch in the Free Zone. The Registrar may prescribe guidelines for the incorporation and operation of a Branch.

7

7.4.    The Registrar may by a written notification recognise an entity as a Company.

7.5.    A Company or a Branch cannot operate in the Free Zone without a License.

## PART 2.    REGISTRAR

### 8.    Appointment, powers and functions of the Registrar

8.1.    The Registrar has the powers and functions granted to it under the Jafza Laws and by the chairman of Jafza. The chairman of Jafza may remove or appoint the Registrar. The chairman of Jafza may by a written notification revoke a power or function of a Registrar, or may grant a power or function to a Registrar.

8.2.    The functions of the Registrar include to:

(a)    ensure compliance of the Jafza Laws by a Company and a Branch;

(b)    administer the Jafza Laws;

(c)    carry out acts required by Jafza under the Jafza Laws;

(d)    take action against a Company or a Branch for a breach of Jafza Laws;

(e)    maintain the registers under regulation 9;

(f)    maintain a list of approved auditors;

(g)    issue, suspend, revoke or cancel a License;

(h)    undertake acts as may be required in furtherance of the functions and powers of the Registrar; and

(i)    undertake acts as may be authorised and required to be done by a written notification of the chairman of Jafza.

8.3.    In accordance with its powers and in furtherance of its functions, a Registrar may:

(a)    issue in writing, with or without conditions, a notification, waiver, clarification, circular, an authorisation, consent, approval, decision, guideline or communication in relation to a regulation or matter in these regulations;

(b)    require a Company or a Branch to provide it's Records or information to the Registrar;

(c)    prescribe guidelines or forms to be used for regulatory functions;

(d)    employ and appoint persons in the office of the Registrar; and

(e)    delegate the authority vested in the Registrar to a person inside or outside the UAE, including to a sub-registrar.

8.4.    The Registrar may introduce a system for the use, storage, retention, transmission or processing of any Electronic information, including Electronic Documents. The Registrar may prescribe a procedure for the issuance and use of Electronic Signatures. An act done by a Company or the Free Zone in Electronic form, or the use of an Electronic Signature, in accordance with these regulations and the applicable law, will not be without legal force merely on the grounds that it is in Electronic form.

Issued in Dubai on 23/5/2016

8.5. The chairman of Jafza may appoint or remove a person as a sub-registrar by a written notification, and may grant to the sub-registrar any of the powers and functions of a Registrar.

**9. Registers**

9.1. Companies Register

The Registrar will maintain a Companies Register containing information in relation to a Company, including:

(a) in relation to an FZE and an FZCO:

   (i) its name;

   (ii) the name of each shareholder and the number of shares held by each shareholder;

   (iii) the name of each Director;

   (iv) the name of the manager;

   (v) the name of the secretary;

   (vi) the details of the Licence;

   (vii) its capital;

   (viii) the details of its premises; and

   (ix) any other information considered necessary by the Registrar;

(b) in relation to a PLC:

   (i) its name;

   (ii) the name of each Director;

   (iii) the name of the manager;

   (iv) the name of the secretary;

   (v) the details of the Licence;

   (vi) the details of its premises; and

   (vii) any other information considered necessary by the Registrar.

9.2. The Registrar may on the request of the Company issue a certificate confirming the corporate information of the Company, as recorded in the Companies Register.

9.3. Security Register

The Registrar will maintain a Security Register containing information in relation to the creation, alteration, enforcement and discharge of Security Interests, including:

(a) the date of creation, alteration, enforcement and discharge;

9

(b)    the type of Security Interest being created;

(c)    the name of the person who creates the Security Interest;

(d)    the name of the person in whose favour the Security Interest is created;

(e)    the details of the arrangement in relation to which the Security Interest is created;

(f)    the priority of rights over a mortgage of a building, if any; and

(g)    any other information considered necessary by the Registrar.

9.4.    The Registrar may on the request of the Company or the person in whose favour the Security Interest is created, issue a certificate confirming the creation, amendment, enforcement or discharge of a Security Interest, as recorded in the Security Register.

9.5.    The Registrar may maintain any other register it considers necessary.

9.6.    In addition to the certificates required to be issued under the Jafza Laws, the Registrar may issue any other certificate it considers necessary.

## PART 3.    FZE AND FZCO

### Section 1    Features of an FZE and FZCO

### 10.    FZE

10.1.    An FZE is a limited liability company with 1 shareholder. An FZE must mention in all its dealings, contracts, announcements, invoices, correspondences, and printed materials that its liability is limited.

10.2.    The liability of the shareholder towards the FZE, with respect to its shareholding, is limited to the capital paid by the shareholder in the FZE. Where the shares are not fully paid, the shareholder is liable to pay the unpaid portion.

10.3.    An FZE has a legal personality distinct from that of its shareholder.

10.4.    An FZE has the capacity, rights and privileges of a natural person.

10.5.    An FZE may not invite the public to subscribe to its shares, nor may an FZE allot shares with the intention of such shares being offered to the public.

10.6.    An FZE must obtain a License to operate in the Free Zone. A License is valid for operations in the Free Zone and does not authorize the FZE to carry out operations outside the Free Zone. An FZE may operate in a jurisdiction other than the Free Zone subject to the laws of such jurisdiction.

### 11.    FZCO

11.1.    An FZCO is a limited liability company with a minimum of 2 and a maximum of 50 shareholders.

11.2.    The liability of a shareholder towards the FZCO, with respect to its shareholding, is limited to the capital paid by the shareholder in the FZCO. Where the shares are not fully paid, the shareholder is liable to pay the unpaid portion. An FZCO must mention in all its dealings, contracts, announcements, invoices, correspondences, and printed materials that its liability is limited.

11.3.    A FZCO has a legal personality distinct from that of its shareholders.

11.4.   An FZCO has the capacity, rights and privileges of a natural person.

11.5.   An FZCO may not invite the public to subscribe to its shares, nor may an FZCO allot shares with the intention of such shares being offered to the public.

11.6.   An FZCO must obtain a License to operate in the Free Zone. A License is valid for operations in the Free Zone and does not authorize the FZCO to carry out operations outside the Free Zone. An FZCO may operate in a jurisdiction other than the Free Zone subject to the laws of such jurisdiction.

**Section 2        Incorporation**

**12.      Application**

12.1.   The persons incorporating an FZE or FZCO may apply to the Registrar for incorporation by filing an application in the prescribed form containing the following:

   (a)      the name, nationality, address and other details of each shareholder;

   (b)      at least 3 proposed names;

   (c)      the proposed activities;

   (d)      the type and size of premises required for the proposed activities;

   (e)      the amount of capital;

   (f)      the name, nationality, address and other details of the proposed Directors, manager and secretary; and

   (g)      any other document or information required by the Registrar.

12.2.   An application made under regulation 12.1 must be accompanied with:

   (a)      a draft memorandum and articles of association, for the approval of the Registrar;

   (b)      an application for the lease of a premises that is suitable for the activities applied for;

   (c)      documents specified by Jafza for the activities applied for; and

   (d)      a business plan for the proposed activities.

12.3.   On receipt of the application under regulation 12.1 and accompanying documents under regulation 12.2, Jafza may offer premises to be leased. The premises offered must be reserved by the prospective shareholders pending the incorporation of the FZE or FZCO.

12.4.   On approval of the application and confirmation of the premises, the Registrar may issue:

   (a)      a Licence;

   (b)      a certificate of incorporation; and

   (c)      a registered memorandum and articles of association.

12.5.   The FZE or FZCO will be incorporated on the date of the certificate of incorporation.

11

## 13.    Memorandum and articles of association

13.1.    An FZE and FZCO must have a memorandum and articles of association. The memorandum and articles of association of an FZE or FZCO, as approved by the Registrar, will come into effect on the date of the certificate of incorporation.

13.2.    The memorandum and articles of association must state:

(a)    the name of the FZE or FZCO;

(b)    the registered address of the FZE or FZCO;

(c)    the name, nationality and address of each shareholder;

(d)    the capital, its division in the number of shares, description of the classes of shares, if any, and the value of each share;

(e)    the number of shares subscribed by each shareholder;

(f)    the business objectives of the FZE and FZCO;

(g)    matters in relation to the management, governance and operation of an FZE or FZCO;

(h)    the Financial Year; and

(i)    such other particulars as the Registrar may require.

13.3.    Subject to these regulations, an FZE and FZCO will be governed by the memorandum and articles of association. The memorandum and articles of association bind the FZE and FZCO and its shareholders.

13.4.    The Registrar may prescribe a standard form of the memorandum and articles of association for an FZE or FZCO. Till such time the Registrar prescribes a standard form memorandum and articles of association in accordance with these regulations, the existing memorandum and articles of association pursuant to which corporate entities have been incorporated in the Free Zone shall continue to apply to the extent these are not inconsistent with any mandatory provision of these regulations, and in case of any inconsistency, these regulations will apply. Immediately after the Registrar prescribes a standard form memorandum and articles of association in accordance with this regulation 13.4, an FZE and FZCO shall be bound to adopt the prescribed form of the memorandum and articles of association at the time of renewal of its license.

13.5.    The memorandum and articles of association may be amended by a Special Resolution, or by a resolution passed by such greater percentage majority of shareholders with voting rights as prescribed in the memorandum and articles of association. An amendment to the memorandum and articles of association of an FZE or FZCO will come into effect once it is approved by the Registrar.

13.6.    The memorandum and articles of association may be in English or Arabic. Each shareholder must sign the memorandum and articles of association at the time of incorporation.

## 14.    Name

14.1.    The name of an FZE or FZCO must be approved by the Registrar.

14.2.    An FZE or FZCO may not register a name which is contrary to the laws relating to the protection of intellectual property rights in the UAE or any other laws of the UAE.

12

14.3.    An FZE or FZCO may change its name by a Special Resolution, or by a resolution passed by such greater percentage majority of shareholders with voting rights as prescribed in the memorandum and articles of association.

14.4.    The name of a Company incorporated as an FZE must be followed by the abbreviation "FZE".

14.5.    The name of a Company incorporated as an FZCO must be followed by the abbreviation "FZCO".

14.6.    The Registrar may direct an FZE or FZCO to change its name within the time prescribed by the Registrar.

14.7.    The change of name of an FZE or FZCO will come into effect from the date of the certificate of change of name issued by the Registrar.

**Section 3**        **Capital and shares**

**15.        Capital**

An FZE or FZCO must have an amount of share capital that is sufficient for the activities permitted under the License.

**16.        Shares**

16.1.    The capital of an FZE or FZCO must be divided into shares.

16.2.    A share must be paid in full by a shareholder when allotted, unless the Registrar authorises a share to be partly paid.

16.3.    Each share must have a distinctive serial number.

16.4.    An FZE or FZCO may not issue bearer shares.

16.5.    An FZE or FZCO may not issue fractional shares.

16.6.    Subject to the rights attached to different classes of shares, as prescribed in the memorandum and articles of association, a share:

(a)        carries the right to vote at a General Meeting;

(a)        represents a proportionate interest in the ownership of an FZE or FZCO; and

(b)        ranks equally with other shares in all respects, and where there are different classes of shares, then shares in a class rank equal in all respects with other shares in that class.

**17.        Increase of capital**

17.1.    An FZE or FZCO may, by a Special Resolution or by a resolution passed by such greater majority of shareholders with voting rights as prescribed in the memorandum and articles of association, increase its capital by issuance of further shares.

17.2.    The resolution for the increase in capital must be filed with the Registrar within 4 days of being passed. The increase in capital of an FZE or FZCO will come into effect once the Registrar reflects the same in the Companies Register.

**18.        Consolidation and division of shares**

13

18.1.   An FZE or FZCO may, by a Special Resolution or by a resolution passed by such greater percentage majority of shareholders with voting rights as may be prescribed in the memorandum and articles of association, consolidate and divide the shares into:

    (a)   a lesser number of shares than before the consolidation, resulting in an increase in the value of each share; or

    (b)   a greater number of shares than before the consolidation, resulting in a decrease in the value of each share.

18.2.   The resolution for the consolidation or division of shares must be filed with the Registrar within 4 days of being passed. The consolidation or division of shares of an FZE and FZCO will come into effect once the Registrar reflects the same in the Companies Register.

## 19.   Non-cash consideration for shares

19.1.   An FZE or FZCO may issue shares for consideration other than cash by a Special Resolution, or by a resolution passed by a greater majority of shareholders with voting rights as may be prescribed in the memorandum and articles of association.

19.2.   For purposes of regulation 19.1, the value of the consideration other than cash must be confirmed by an auditor. The auditor must be appointed from the list of approved auditors maintained by the Registrar. An FZE or FZCO may not appoint an auditor who:

    (a)   has, or may reasonably be perceived to have, a conflict of interest; or

    (b)   is not, or may reasonably be perceived not to be, independent from the affairs of the FZE and FZCO.

19.3.   The auditor is entitled to require from the FZE or FZCO any Records or information for purposes of confirmation under regulation 19.2. The allotment of shares must be done within 6 months from the date of the confirmation by the auditor. The amount of shares issued must be equal to the value of the consideration other than cash.

19.4.   The resolution for issuance of shares for consideration other than cash, as well as the confirmation by the auditor, must be filed with the Registrar within 4 days of it being passed. The issuance of shares for consideration other than cash of an FZE and FZCO will come into effect once the Registrar reflects the same in the Companies Register.

## 20.   Decrease of capital

20.1.   An FZE and FZCO may, if authorised by a Special Resolution or by a resolution passed by such greater percentage majority of shareholders with voting rights as may be prescribed in the memorandum and articles of association, with or without extinguishing or reducing liability on its shares, decrease its capital by:

    (a)   reducing the value of the shares, either by:

        (i)   reimbursing part of the value to the shareholders; or

        (ii)   by absolving the shareholders of the unpaid amount of their shares, where the Registrar has permitted shares to be partly paid;

        or

    (b)   cancelling paid up share capital, due to:

14

      (i)      a loss sustained by the FZE or FZCO; or

      (ii)     being unrepresented by the available assets of the FZE or FZCO.

20.2.   Where a share of an FZE or FZCO is cancelled in order to decrease the share capital in accordance with regulation 20.1(b):

      (a)     the loss sustained by the FZE or FZCO or the capital that is unrepresented by available assets of the FZE or FZCO, should be confirmed in a report of an auditor; and

      (b)     the share must be acquired by the FZE or FZCO at the lowest consideration, cash or non-cash, at which the shares can be acquired, and not exceeding an amount, if any, stated in or determined by the memorandum and articles of association.

20.3.   An FZE and FZCO must, within 14 days of passing the resolution to decrease its capital in accordance with regulation 20.1, publish a notice in two news papers, one in Arabic and one in English, stating:

      (a)     the amount of the share capital as last determined by the FZE or FZCO;

      (b)     the value of each share;

      (c)     the amount to which the share capital is to be decreased;

      (d)     the manner in which decrease in share capital is taking place; and

      (e)     the period of notification of the decrease in capital, after which the decrease in capital may take effect. This period of notification must be at least 30 days from the date of publication.

20.4.   Where a decrease in share capital is published to be effected through:

      (a)     extinguishing or reducing the liability of a shareholder on a share; or

      (b)     reducing the value of a share in accordance with regulation 20.1(a),

a creditor of the FZE or FZCO may object to the decrease in capital during the period commencing on the date of publication and concluding on the date the decrease in capital is proposed to take effect. Where a creditor raises such an objection, the decrease in capital will not take effect until such objection is resolved by the parties involved or by the court.

20.5.   After the period of notification, or resolution of an objection by a creditor, if any, the majority of Directors of an FZE or FZCO must sign a certificate declaring:

      (a)     that the decrease in capital has been carried out in accordance with these regulations; and

      (b)     in the event a creditor objected to the decrease in capital, confirmation that the objection had been resolved, along with the withdrawal of the objection in writing, and where the objection was resolved by an order of a court, a copy of the order of the court approving the decrease in capital.

20.6.   After the period of notification, and resolution of an objection, if any, the FZE or FZCO must submit to the Registrar:

      (a)     the resolution in regulation 20.1;

(b)     the auditor's report referred to in regulation 20.2(a), if applicable;

(c)     a copy of the newspaper notices published in accordance with regulation 20.3; and

(d)     the certificate referred to in regulation 20.5 and the documents supporting the certificate as may be required by the Registrar.

20.7.   The decrease in capital of an FZE or FZCO will come into effect on the date the Registrar records the decrease in capital in the Companies Register.

## 21.   Classes of shares

21.1.   Shares are of one class if the rights attached to them are the same in all respects.

21.2.   An FZCO may, subject to the consent of the Registrar, create different classes of shares, by providing the different classes of shares in the memorandum and articles of association.

## 22.   Variation in rights of shares

22.1.   Rights attached to a class of shares may be varied or abrogated by an amendment to the memorandum and articles of association, approved by:

(a)     a Special Resolution, or by a resolution passed by such greater percentage majority of shareholders with voting rights as may be prescribed in the memorandum and articles of association; or

(b)     a resolution passed by all the shareholders holding shares of the class whose rights are being varied or abrogated.

22.2.   Where a resolution is passed in accordance with clause 22.1(a) to vary or abrogate the rights attached to a class of shares, shareholders representing not less than 5% of total shares of such class, being shareholders who did not resolve in favour of the variation or abrogation of the rights attached to such class of shares, may within 28 days of the resolution being passed in accordance with regulation 22.1(a), apply to a court in the UAE to have the variation or abrogation cancelled. Where an application is made to the court, the variation will have no effect until the ruling of the court. The court may disallow the variation or abrogation of the rights attached to a class of shares, may confirm it or may pronounce such other remedy as it may consider appropriate.

22.3.   The shareholder who applies to the court to have the variation abrogated or cancelled in accordance with regulation 22.2 must notify the Registrar in writing of such application within 4 days of such application having been made.

## 23.   Share transfer

23.1.   Transfer of a share in an FZE or FZCO must be done through an instrument of transfer in writing in accordance with the guidelines issued by the Registrar. The instrument of transfer must be submitted to the Registrar for approval. Transfer of a share will not be complete without payment of the applicable fee to Jafza.

23.2.   On approval of the share transfer, the Registrar will record the share transfer in the Companies Register. The share transfer will come into effect from the date on which the transfer is entered in the Companies Register.

23.3.   The memorandum and articles of association may provide the manner in which a share may be transferred.

Issued in Dubai on 23/5/2016

### 24.    Treasury shares

24.1.    Unless restricted by its memorandum and articles of association, an FZCO may make a purchase of its own shares, as treasury shares, subject to:

(a)    the approval of the Registrar; and

(b)    a Special Resolution, or a resolution passed by such greater percentage majority of shareholders with voting rights as prescribed in the memorandum and articles of association.

24.2.    The FZCO must be entered as a shareholder of the treasury shares in the Companies Register.

24.3.    The purchase of treasury shares must be made out of the distributable profits of the FZCO.

24.4.    The FZCO may hold, transfer or cancel the treasury shares. In the event of a transfer, the FZCO may either transfer the treasury shares:

(a)    for cash consideration; or

(b)    for purposes of an employees' share scheme.

The FZCO may not exercise any other rights attached to the treasury shares, including the right to vote, attend a meeting, and receive dividends or distribution of the FZCO's assets.

### Section 4    Distribution

### 25.    Dividend and other distributions

(a)    An FZE or FZCO may by a resolution of the Directors declare a dividend or make a distribution, or recommend a dividend or distribution to the shareholders to declare or make by an Ordinary Resolution, whether in cash or otherwise, out of the accumulated and realised profits, after deducting the accumulated and realised losses of an FZE or FZCO.

(b)    Where a dividend is declared or a distribution is made, or the same is recommended to the shareholders, the Directors must resolve that immediately after a dividend is declared or a distribution is made the FZE or FZCO should, on reasonable grounds, be able to pay its debts as they become due in the normal course of business.

(c)    In this regulation 25 and in regulation 26, "distribution" means the distribution of assets of an FZE or FZCO to its shareholders, including dividends, whether in cash or otherwise, except distribution by way of:

(i)    an issue of bonus shares;

(ii)    redemption or purchase of the FZE or FZCO's own shares, out of the share capital or out of unrealised profits;

(iii)    reduction of share capital, by extinguishing or reducing the liability of a shareholder on the shares; and

(iv)    distribution of assets to shareholders of an FZE or FZCO on its winding up.

### 26.    Unlawful distribution

17

Issued in Dubai on 23/5/2016

A shareholder must return distribution received from the FZE or FZCO if the distribution has been made in contravention of regulation 25. Where the distribution received is in a form other than cash, the shareholder must pay a sum equal to the value of the distribution.

**Section 5        Director, manager and secretary**

**27.        Director**

27.1.    Except for matters required to be decided at a General Meeting, as provided in the memorandum and articles of association and these regulations, the business and affairs of an FZE or FZCO will be managed by the Directors.

27.2.    An FZE or FZCO must have at least 1 Director.

27.3.    A person cannot be a Director who:

(i)    if a natural person, is under the age of 21 years, unless approved by the Registrar;

(ii)    has been convicted of a criminal offence, involving dishonesty or moral turpitude, in the past 10 years;

(iii)    has been guilty of insider trading or the equivalent;

(iv)    has been disqualified from holding the position of a Director by the court;

(v)    does not qualify based on the criteria provided in the memorandum and articles of association; or

(vi)    is an undischarged bankrupt.

**28.        Election, term and removal of a Director**

28.1.    The shareholder incorporating an FZE or FZCO must appoint the first Director at the time of incorporation. A Director may be appointed or removed by an Ordinary Resolution or by a resolution passed by such greater percentage majority of shareholders with voting rights as prescribed in the memorandum and articles of association.

28.2.    A vacancy in the position of a Director may be filled by an Ordinary Resolution or by a resolution passed by such greater percentage majority of shareholders with voting rights as prescribed in the memorandum and articles of association.

28.3.    The number of Directors may be fixed by the memorandum and articles of association.

**29.        Duties of a Director**

A Director of an FZE or FZCO, in exercising powers and discharging duties, has a duty to:

(a)    act honestly, in good faith and lawfully, in the best interests of the FZE or FZCO;

(b)    exercise the care, diligence and skill that a reasonably prudent person would exercise in similar circumstances; and

(c)    exercise independent judgment.

**30.        Duty of a Director to disclose interests**

18

Issued in Dubai on 23/5/2016

30.1.   A Director, who has a direct or indirect interest in a transaction entered into or proposed to be entered into by the FZE or FZCO or by a Subsidiary of the FZE or FZCO, which interest to a material extent conflicts or may conflict with the interests of the FZE or FZCO and of which conflict the Director is aware, must disclose to the FZE or FZCO the nature and extent of the interest.

30.2.   The disclosure under regulation 30.1 must be made by the Director in writing to the FZE or FZCO, as soon as practicable after the Director becomes aware of the circumstances which gave rise to the duty of the Director to make the disclosure.

30.3.   The FZE or FZCO or a shareholder of the FZE or FZCO may not claim a transaction to be void, or hold a Director accountable where:

(i)     the transaction is confirmed by an Ordinary Resolution; and

(ii)    the nature and extent of the Director's interest in the transaction was disclosed in reasonable detail in the notice calling the General Meeting at which the resolution confirming the transaction is passed.

## 31.   Prohibition on financial assistance to a Director

31.1.   An FZE or FZCO may not provide financial assistance to a Director, a Director's spouse or child, or to a company of which the Director is directly or indirectly a shareholder owning 20% or more of the total shareholding, unless:

(a)     approved by a resolution passed by shareholders holding shares representing not less than 90 per cent of the total voting rights of the FZE or FZCO; and

(b)     all of the  Directors resolve that giving the financial assistance to the Director does not materially prejudice:

(i)     the interests of the FZE or FZCO and its shareholders; and

(ii)    the ability of the FZE or FZCO to discharge its liabilities as they fall due.

31.2.   For purposes of this regulation 31, "financial assistance" means:

(a)     a loan, debenture, credit facility or other similar form of financial assistance; or

(b)     a guarantee or security or indemnity in connection with a loan, debenture, credit facility or other similar form of financial assistance, whether such financial assistance is provided by the FZE or FZCO or another person.

For avoidance of doubt, financial assistance does not include:

(a)     remuneration of the Director paid in the  ordinary course;

(b)     liability indemnity insurance related to the discharge of the duties of the Director to the FZE or FZCO; or

(c)     financial assistance by the FZE or FZCO where the business of the FZE or FZCO is to provide finance and the financial assistance is given in the ordinary course of that business and on ordinary commercial terms.

## 32.   Alternate director

19

32.1.   Unless provided otherwise in the memorandum and articles of association, a Director may by a written instrument appoint a person as an alternate director. An alternate director is not required to be a Director. The name of the alternate director must be given in writing to the secretary of the FZE or FZCO prior to or at the time of commencement of a Directors' meeting.

32.2.   An alternate director has the same rights as a Director, including the right to attend and vote at a meeting.

## 33.   Validity of acts of a Director

The acts of a Director are valid notwithstanding a defect in the appointment or qualification of a Director.

## 34.   Manager

34.1.   An FZE or FZCO must have a manager. The name of the manager will be recorded in the Companies Register and it must appear on the License of the FZE and FZCO.

34.2.   A person cannot be a manager who:

(a)     if a natural person, is under the age of 21 years, unless approved by the Registrar;

(b)     has been guilty of insider trading or the equivalent;

(c)     is judged disqualified by the court; or

(d)     does not qualify based on a criteria provided in the memorandum and articles of association.

34.3.   A shareholder, director or secretary may also be appointed as a manager.

34.4.   A manager of an FZE or FZCO may be appointed or removed by a resolution of the FZE or FZCO. In addition to the authorities of a manager under these regulations, a manager's authority may be provided in the memorandum and articles of association or in a resolution of the FZE or FZCO.

## 35.   Secretary

An FZE or FZCO must have a secretary.

## Section 6     Shareholders' meeting of an FZCO

## 36.   Calling a meeting

36.1.   Unless a shorter duration is provided in the memorandum and articles of association, an FZCO must hold a General Meeting as its annual General Meeting within 18 months from the date of its incorporation and once every 12 months thereafter. A meeting of the shareholders, other than the annual General Meeting, will be referred to as an extra-ordinary General Meeting.

36.2.   A Director, manager or secretary must, as soon as practicable and in any event not later than 14 days of the request of one or more shareholders holding shares representing:

(a)     5% or more of the share capital of the FZCO, issue a notice for a General Meeting; or

(b)     5% or more of a class of shares, issue a notice for a meeting of that class.

Issued in Dubai on 23/5/2016

A shareholder's request should state the purpose of the meeting and be signed by the shareholder.

36.3. If a Director, manager or secretary does not within 14 days from the date of the deposit of the request issue a notice for the General Meeting, or a notice for a meeting of a class of shareholders, as the case may be, the shareholder who made the request may issue such a notice.

36.4. The Directors may call a General Meeting, or a meeting of a class of shareholders, to consider any matter that the Directors determine requires consideration of the shareholders.

**37.    Registrar's power to call meeting in default**

37.1. A Registrar may, on application of a Director, manager or a shareholder, whether due to a default of regulation 36 or otherwise, call, or direct the manager to call, a General Meeting or a meeting of a class of shareholders.

37.2. The manager must, unless with reasonable explanation notified to the Registrar, comply with a direction of the Registrar made under regulation 37.1.

**38.    Notice of meeting**

38.1. A meeting, be it a General Meeting or a meeting of a class of shareholders, must be called by a notice in writing of at least 14 days and no more than 2 months, unless prescribed otherwise in the memorandum and articles of association. If a meeting is called by a shorter notice than 14 days the meeting will be considered to have been duly called if it is so agreed by one or more shareholders holding shares representing 95% or more of the total voting rights in the FZCO, or shares representing 95% or more of the class of which a meeting is called, as the case may be.

38.2. A notice of a meeting should:

(a)    specify the time, place and date of the meeting;

(b)    provide the agenda of the meeting;

(c)    state the general nature of the business of the meeting;

(d)    state the intention to propose a resolution, if any;

(e)    permit a shareholder to appoint a proxy who may attend and vote on behalf of the appointing shareholder; and

(f)    include a copy of accounts and auditor's report, if relevant.

**39.    General provisions as to meetings and voting**

Unless the memorandum and articles of association provide otherwise, the following are applicable to a General Meeting or a meeting of a class of shares:

(a)    notice of the meeting must be given to each shareholder entitled to receive it by delivering or posting it to his registered address;

(b)    the quorum for the meeting is at least two shareholders personally present or represented by proxy;

21

(c)     at a meeting of holders of a class of shares, other than an adjourned meeting, the quorum will be persons holding or represented by proxy, at least one-third in value of the total shares of that class. At an adjourned meeting, two persons holding shares or represented by proxy will constitute quorum;

(d)     subject to the memorandum and articles of association, the shareholders may by majority of those present at a meeting elect a shareholder to be the chairman of the meeting;

(e)     the voting at a meeting should be on a poll, where a shareholder has one vote for each share owned. On a poll, a shareholder entitled to more than one vote is not required to cast the same decision for all the votes. The voting at a General Meeting may be by a show of hands if shareholders holding shares representing 95% of the total capital of the FZCO agree to vote by a show of hands. Voting at a meeting of a class of shareholders may be by show of hands if shareholders representing 95% of the shares of that class agree to vote by a show of hands. When voting by a show of hands, a shareholder present in person at the meeting has one vote; and

(f)     a shareholder who is a corporate entity may by a resolution or such other appropriate instrument authorise a person to represent the corporate entity at the meeting and in doing so the person will be authorised to exercise all the rights of the shareholder.

## 40.     Resolutions in writing

40.1.   Unless prohibited in the memorandum and articles of association, shareholders may pass a resolution in writing signed by all shareholders entitled to vote.

40.2.   A resolution of shareholders in writing may be signed in counterparts. The resolution will be considered to be passed when the last shareholder signs the resolution or its counterpart.

40.3.   A resolution of shareholders in writing in accordance with regulation 40 is as valid as if it had been passed at a convened General Meeting or a meeting of a class of shareholders.

## 41.     Proxy

41.1.   A shareholder entitled to vote at a General Meeting or at a meeting of a class of shareholders is entitled to appoint, by an instrument of proxy and by notice to the FZE or FZCO in writing, another person (whether a shareholder or not) as a proxy vote on behalf of the appointing shareholder.

41.2.   The instrument of proxy must be in the following form:

| |
|---|
| I/we, _____, being the holder of _____ shares in _____FZCO, hereby appoint _____, as my/our proxy to attend and vote on my/our behalf at the [annual general meeting / extra ordinary general meeting / meeting of a class] of shareholders, to be held on _____. <br><br><br> _____ <br> Signature |

22

41.3.   A proxy appointed to attend and vote for a shareholder has the same rights as the shareholder, including the right to attend and vote at the meeting.

**42.   Minutes and examination of minute books**

An FZCO must keep minutes of meetings of shareholders, Directors, and committees of the FZCO, in books maintained for that purpose. The minutes must be signed by all the attendees or the person presiding over the meeting. The minutes will be evidence of the meeting unless the contrary is proved.

**43.   Participation in meetings**

Subject to the memorandum and articles of association, a shareholder may participate in a meeting by phone or by other similar means of communication where a shareholder can establish their identity and hear what is said by another shareholder. A shareholder so participating at the meeting is considered to be present at that meeting with the other shareholders.

**Section 7    Shareholder's meeting of an FZE**

**44.   Calling a meeting**

44.1.   A Director of an FZE may call a General Meeting to consider a matter that the Director determines requires consideration of the shareholder.

44.2.   An FZE must hold a General Meeting as its annual General Meeting, within 18 months from the date of its incorporation and once every 12 months thereafter. A meeting of the shareholder, other than the annual General Meeting, will be referred to as an extra-ordinary General Meeting.

**45.   Decision in writing**

A General Meeting of an FZE will be considered to be convened, and a resolution will be considered to be passed at such General Meeting, by the shareholder issuing a decision in writing. If a decision is not taken in writing, the shareholder may provide the FZE with a record in writing of the decision.

**46.   Corporate authority**

If the shareholder of an FZE is a corporate entity, the shareholder may by a resolution or such other appropriate instrument authorise a person to represent the corporate entity and sign a resolution or a decision in relation to the FZE. Such person may be authorised to exercise all the rights of the shareholder.

**47.   Minutes**

An FZE must keep minutes of meetings of its Directors and committees of the FZE, in books maintained for that purpose. The minutes must be signed by the shareholder. The minutes will be evidence of the meeting unless the contrary is proved.

**Section 8    Records, accounts and auditor**

**48.   Maintenance of records**

48.1.   An FZE and FZCO must maintain records for accounting purposes that are sufficient:

      (a)     to account for monies received and expended;

      (b)     to document the assets and liabilities;

      (c)     to disclose the financial position; and

      (d)     for an accountant to prepare financial accounts.

48.2.    Records for accounting purposes include transactional, financial and contractual documentation, as well as supporting documents and information, that is generated during the course of operation or business of an FZE or FZCO.

48.3.    Records for accounting purposes must be retained by an FZE and FZCO for a period of 6 years from the date a record is created.

48.4.    Records for accounting purposes should be made available for inspection by a shareholder, director, auditor, manager, secretary, the Registrar or a person authorised to inspect the Records.

**49.    Accounts**

49.1.    The Directors of an FZE and FZCO must cause accounts to be prepared for each Financial Year.

49.2.    The accounts of an FZE and FZCO must:

      (a)     be prepared in accordance with applicable accounting principles or standards;

      (b)     show a true and fair view of the financial affairs, including the profit or loss; and

      (c)     be prepared in accordance with these regulations.

49.3.    The FZE or FZCO may change the date of commencement of a Financial Year, but a Financial Year cannot exceed 18 months or be shorter than 6 months.

49.4.    The accounts of the FZE or FZCO must be approved by the Directors and must be examined and reported on by an auditor. Once the accounts are approved and examined the manager must sign the accounts.

49.5.    Each shareholder is entitled to request the manager or the Directors to provide a copy of the latest accounts and the latest auditor's report. This request must be fulfilled within 10 days.

49.6.    The Directors must, for each Financial Year, lay before a General Meeting:

      (a)     the accounts of the FZE and FZCO, as approved by the Directors and signed by the manager; and

      (b)     the report of the auditors.

49.7.    Notwithstanding anything to the contrary contained in these regulations, if all the shareholders pass a unanimous resolution in respect of a particular Financial Year, that during the Financial Year:

      (a)     no accounts or auditor's report should be laid before a General Meeting; or

      (b)     no auditor should be appointed,

Issued in Dubai on 23/5/2016

then, subject to the approval of the Registrar, the requirement for laying the accounts and auditor's report, or appointing an auditor, as the case may be, will be waived till the commencement of the next Financial Year.

**50.      Appointment, removal and resignation of an auditor**

50.1.   The Registrar will maintain a list of approved auditors and an FZE and FZCO must appoint an auditor from such list for the purpose for which an auditor is required under these regulations. An FZE or FZCO may appoint more than one auditor.

50.2.   An FZE or FZCO must not appoint an auditor who:

(a)      has, or may reasonably be perceived to have, a conflict of interest; or

(b)      is not, or may reasonably be perceived not to be, independent from the affairs of the FZE or FZCO.

50.3.   The shareholders may by an Ordinary Resolution, or by a resolution passed by such greater percentage majority of shareholders with voting rights as prescribed in the memorandum and articles of association, appoint one or more auditors to hold office until the close of the next General Meeting, and, if an appointment is not so made, the term of the appointment of the auditor already appointed will extend until a successor is appointed. The shareholders at the first General Meeting must appoint the first auditor, and if the shareholders fail to do so, the Directors must promptly appoint an auditor.

50.4.   The shareholders may by an Ordinary Resolution, or by a resolution passed by such greater percentage majority of shareholders with voting rights as prescribed in the memorandum and articles of association, remove an auditor before the expiry of the term of appointment, and must appoint another auditor for the remainder of the term of the removed auditor.

50.5.   The remuneration of an auditor will be fixed by the shareholders.

50.6.   An auditor may resign as an auditor by a notice of at least 42 days in writing to the FZE or FZCO stating the circumstances surrounding the resignation. The Directors must forthwith call a General Meeting for the appointment of an auditor in accordance with these regulations to ensure that a replacement auditor is appointed by the time the resigning auditor's resignation comes into effect.

**51.      Auditor**

51.1.   An auditor must audit the accounts of the FZE and FZCO once a year and prepare an auditor's report.

51.2.   An auditor's report must:

(a)      identify the standards or principles used in preparing the accounts;

(b)      state whether in the auditor's opinion the accounts have been prepared in accordance with these regulations and applicable laws, standards and principles;

(c)      state whether the accounts give a true and fair view of the financial affairs; and

(d)      state any other matter or opinion required under these regulations.

51.3.   An auditor has the right to access the Records of the FZE and FZCO that may be required for the audit. An auditor may require such information as the auditor may consider necessary. The FZE and FZCO must disclose the requested information to the auditor.

51.4.   An auditor is entitled to receive a notice of a General Meeting and to attend a General Meeting in respect of an agenda item that is in relation to a matter the auditor may be concerned with.

**PART 4.        PLC**

**Section 1        Features of a PLC**

**52.        PLC**

52.1.   A PLC is a company with limited liability with two or more shareholders.

52.2.   The liability of a shareholder towards the PLC, with respect to its shareholding, is limited to the capital paid by the shareholder in the PLC.

52.3.   A PLC has a legal personality distinct from that of its shareholders.

52.4.   A PLC has the capacity, rights and privileges of a natural person.

52.5.   A PLC may invite the public to subscribe to its shares in accordance with the Markets Laws.

52.6.   A PLC must obtain a License to operate in the Free Zone. A License is valid for operations in the Free Zone and does not authorize the PLC to carry out operations outside the Free Zone. A PLC may operate in a jurisdiction other than the Free Zone subject to the laws of such jurisdiction.

52.7.   A PLC must list its shares on a stock exchange in accordance with the Markets Laws within 9 months from the date of incorporation, unless extended by the Registrar. If the PLC fails to comply with this regulation 52.7, the Registrar may impose such fines and penalties as it may deem appropriate.

**Section 2        Incorporation**

**53.        Application**

53.1.   The persons incorporating a PLC may apply to the Registrar for incorporation by filing an application in the prescribed form containing the following:

(a)        the name, nationality, address and other details of each shareholder;

(b)        at least 3 proposed names;

(c)        the proposed activities;

(d)        the type and size of premises required for the proposed activities;

(e)        the amount of capital;

(f)        the name, nationality, address and other details of the proposed Directors, manager and secretary; and

(g)        any other document and information required by the Registrar.

53.2.   An application made under regulation 53.1 must be accompanied with:

(a)        a draft memorandum and articles of association, for the approval of the Registrar;

(b)        an application for the lease of a premises that is suitable for the activities applied for;

26

(c)      documents specified by Jafza for the activities applied for; and

(d)      a business plan for the proposed activities.

53.3.    On receipt of the application under regulation 53.1 and accompanying information under regulation 53.2, Jafza may offer premises to be leased. The premises offered must be reserved by the prospective shareholders pending the incorporation of the PLC.

53.4.    On approval of the application and confirmation of the premises, the Registrar may issue:

(a)      a Licence;

(b)      a certificate of incorporation; and

(c)      a registered memorandum and articles of association.

53.5.    A PLC will be incorporated on the date of the certificate of incorporation

**54.      Memorandum and articles of association**

54.1.    A PLC must have a memorandum and articles of association. The memorandum and articles of association of a PLC will come into effect on the date of the certificate of incorporation.

54.2.    The memorandum and articles of association must include:

(a)      the name of the PLC;

(b)      the registered address of the PLC;

(c)      the capital;

(d)      the description of classes of shares, if any;

(e)      the business objectives of the PLC;

(f)      matters in relation to the management, governance and operation of the PLC;

(g)      the Financial Year; and

(h)      such other particulars as the Registrar may require.

54.3.    Subject to these regulations, a PLC is governed by its memorandum and articles of association. Memorandum and articles of association bind the PLC and its shareholders.

54.4.    The Registrar may prescribe a standard form of the memorandum and articles of association of a PLC.

54.5.    The memorandum and articles of association may be amended by a Special Resolution, or by a resolution passed by such greater percentage majority of shareholders with voting rights as prescribed in the memorandum and articles of association. An amendment to the memorandum and articles of association of the PLC will come into effect once the resolution is passed at a General Meeting. A PLC must promptly notify the Registrar of an amendment made to the memorandum and articles of association.

54.6.    Memorandum and articles of association may be in English and Arabic.

Issued in Dubai on 23/5/2016

### 55.      Name

55.1.   The name of a PLC must be approved by the Registrar.

55.2.   A PLC may not register a name which may violate the laws relating to the protection of intellectual property rights in the UAE or any other laws of the UAE.

55.3.   A PLC may change its name by a Special Resolution, or by a resolution passed by such greater percentage majority of shareholders with voting rights as prescribed in the memorandum and articles of association.

55.4.   The name of a Company incorporated as a PLC must be followed by the abbreviation "PLC".

55.5.   The Registrar may direct a PLC to change its name within the time prescribed by the Registrar.

55.6.   The change of name of a PLC comes into effect from the date of issuance of a certificate of change of name issued by the Registrar.

### Section 3      Capital and shares

### 56.      Capital

A PLC must have an amount of share capital that is the higher of:

(a)      the amount that is sufficient for the activities permitted under the License; or

(b)      the amount of capital required under the Markets Laws.

### 57.      Shares

57.1.   The capital of a PLC must be divided into shares.

57.2.   A share may be partly paid, provided it is paid up to at least one-quarter of its value.

57.3.   A PLC may not issue bearer shares.

57.4.   A PLC may not issue fractional shares.

57.5.   Subject to the rights attached to different classes of shares, as prescribed in the memorandum and articles of association, a share:

(a)      carries the right to vote at a General Meeting;

(b)      represents a proportionate interest in the ownership of a PLC; and

(c)      in all respects ranks equally with other shares, and where there are different classes of shares, then shares in a class rank equal in all respects with other shares in that class.

### 58.      Increase of capital

58.1.   A PLC may, by an Ordinary Resolution or by a resolution passed by such greater percentage majority of shareholders with voting rights as prescribed in the memorandum and articles of association, increase its capital by issuance of further shares.

28

58.2.   The resolution for the increase in capital must be filed with the Registrar within 4 days of being passed. The increase in capital into shares of a PLC will come into effect once the Registrar reflects the same in the Companies Register.

**59.     Consolidation and division of shares**

59.1.   A PLC may, by a Special Resolution or by a resolution passed by such greater percentage majority of shareholders with voting rights as may be prescribed in the memorandum and articles of association, consolidate and divide the shares into:

   (a)     a lesser number of shares than before the consolidation, resulting in an increase in the value of each share; or

   (b)     a greater number of shares than before the consolidation, resulting in a decrease in the value of each share.

59.2.   The resolution for the consolidation or division of shares must be filed with the Registrar within 4 days of being passed. The consolidation or division of capital of a PLC will come into effect once the Registrar reflects the same in the Companies Register.

**60.     Non-cash consideration for shares**

60.1.   A PLC may issue shares for consideration other than cash by:

   (a)     a Directors' resolution passed by a majority of the Directors, unless provided otherwise by the memorandum and articles of association; or

   (a)     a Special Resolution, or by a resolution passed by a greater majority of shareholders with voting rights as may be prescribed in the memorandum and articles of association.

60.2.   For purposes of regulation 60.1, the value of consideration other than cash must be confirmed by an auditor. A PLC may not appoint an auditor who:

   (a)     has, or may reasonably be perceived to have, a conflict of interest; or

   (b)     is not, or may reasonably be perceived not to be, independent from the affairs of the PLC.

60.3.   The auditor is entitled to require from the PLC any Records or information for purposes of the confirmation under regulation 60.2. The allotment of shares must be done within 6 months from the date of the confirmation of the auditor. The amount of shares issued must be equal to the value of the consideration other than cash.

60.4.   The resolution for issuance of shares for consideration other than cash, as well as the confirmation of the auditor, must be filed with the Registrar within 4 days of it being passed. The issuance of shares for consideration other than cash of a PLC will come into effect once the Registrar reflects the same in the Companies Register.

**61.     Decrease of capital**

61.1.   A PLC may, if authorised by a Special Resolution or by a resolution passed by such greater percentage majority of shareholders with voting rights as may be prescribed in the memorandum and articles of association, with or without extinguishing or reducing liability on its shares, decrease its capital by:

   (a)     reducing the value of the shares, either by:

      (i)        reimbursing part of the value to the shareholders; or

      (ii)      by absolving the shareholders of the unpaid amount of their shares, if any;

      or

    (b)      cancelling paid up share capital, due to:

      (i)        a loss sustained by the PLC; or

      (ii)      being unrepresented by the available assets of the PLC.

61.2.   Where a share of a PLC is cancelled in order to decrease the share capital in accordance with regulation 61.1(b):

    (a)      the loss sustained by the PLC or the capital that is unrepresented by available assets of the PLC, should be confirmed in a report by an auditor; and

    (b)      the share must be acquired by the PLC at the lowest consideration, cash or non-cash, at which the shares can be acquired, and not exceeding an amount, if any, stated in or determined by the memorandum and articles of association.

61.3.   A PLC must, within 14 days of passing the resolution to decrease its capital in accordance with regulation 61.1, publish a notice in two news papers, one in Arabic and one in English, stating:

    (a)      the amount of the share capital as last determined by the PLC;

    (b)      the value of each share;

    (c)      the amount to which the share capital is to be decreased;

    (d)      the manner in which decrease in share capital is taking place; and

    (e)      the period of notification of the decrease in capital, after which the decrease in capital may take effect. This period of notification must be at least 30 days from the date of publication.

61.4.   Where a decrease in share capital is published to be effected through:

    (a)      extinguishing or reducing the liability of a shareholder on its shares; or

    (b)      reducing the value of shares in accordance with regulation 61.1(a),

a creditor of the PLC may object to the decrease in capital during the period commencing on the date of publication and concluding on the date the decrease in capital is proposed to take effect. Where a creditor raises such an objection, the decrease in capital will not take effect until such objection is resolved by the parties or by the court.

61.5.   After the period of notification, or resolution of an objection by a creditor, if any, the majority of Directors of a PLC must sign a certificate declaring:

    (a)      that the decrease in capital has been carried out in accordance with these regulations; and

    (b)      in the event a creditor objected to the decrease in capital, confirmation that the objection had been resolved, along with the withdrawal of the objection in writing, and where the

Issued in Dubai on 23/5/2016

objection was resolved by an order of a court, a copy of the order of the court approving the decrease in capital.

61.6. Within 4 days of the expiry of the period of notification, and resolution of an objection, if any, the PLC must submit to the Registrar:

(a) the resolution in regulation 61.1;

(b) the auditor's report referred to in regulation 61.2(a), if applicable;

(c) a copy of the newspaper notices published in accordance with regulation 61.3; and

(d) the certificate referred to in regulation 61.5 and the documents supporting the certificate as may be required by the Registrar.

61.7. The decrease in capital of a PLC will come into effect on the date the Registrar records the decrease in capital in the Companies Register.

**62. Classes of shares**

62.1. Shares are of one class if the rights attached to them are the same in all respects.

62.2. A PLC may have different classes of shares, as provided in its memorandum and articles of association.

**63. Variation in rights of shares**

63.1. Rights attached to a class of shares may be varied or abrogated by an amendment to the memorandum and articles of association, approved by:

(a) a Special Resolution or by a resolution passed by a greater majority of shareholders with voting rights as may be prescribed in the memorandum and articles of association; or

(b) a resolution passed by all the shareholders holding shares of the class whose rights are being varied or abrogated.

63.2. Where a resolution to vary or abrogate the rights attached to a class of shares is passed in accordance with regulation 63.1(a), shareholders representing not less than 5% of total shares of such class, being shareholders who did not resolve in favour of the variation or abrogation of the rights attached to such class of shares, may within 28 days of the resolution being passed in accordance with in regulation 63.1(a), apply to a court in the UAE to have the variation or abrogation cancelled. Where an application is made to the court, the variation will have no effect until the ruling of the court. The court may disallow the variation or abrogation of the rights attached to a class of shares, may confirm it or may pronounce such other remedy as it may consider appropriate.

63.3. The shareholder who applies to the court to have the variation abrogated or cancelled in accordance with regulation 63.1(a) must notify the Registrar in writing of such application within 4 days of such application having been made.

**64. Share transfer**

64.1. Transfer of a share in a PLC will be done in accordance with the Markets Laws.

64.2. A PLC must maintain, itself or through an agent, an accurate register of shareholders containing:

31

(a)     the name and address of each shareholder; and

(b)     a statement of the shares held by each shareholder, specifying increase or decrease of shares, specifying the class of share, if any.

64.3.   A PLC must supply the contents of the register of shareholders to the Registrar on request.

## 65.     Treasury shares

65.1.   Unless restricted by its memorandum and articles of association, a PLC may make a purchase of its own shares, as treasury shares, subject to:

(a)     the approval of the Registrar; and

(b)     a Special Resolution, or a resolution passed by such greater percentage majority of shareholders with voting rights as prescribed in the memorandum and articles of association.

65.2.   The PLC must be entered as a shareholder of the treasury shares.

65.3.   The purchase of treasury shares must be made out of the distributable profits of the PLC.

65.4.   The PLC may hold, transfer or cancel the treasury shares. In the event of a transfer, the PLC may either transfer the treasury shares:

(a)     for cash consideration; or

(b)     for purposes of an employees' share scheme.

The PLC may not exercise any other rights attached to the treasury shares, including the right to vote, attend a meeting, and receive dividends or distribution of the PLC's assets.

## 66.     Financial assistance by PLC to acquire shares

66.1.   A PLC may not provide financial assistance to a person to acquire shares in the PLC, or to acquire shares in a Holding Company of the PLC, unless:

(a)     the giving of the financial assistance does not materially prejudice the interests of the PLC or its shareholders or the PLC's ability to discharge its liabilities; and

(b)     the financial assistance is approved by resolution of shareholders holding not less than 90 per cent in share value of the shares with the right vote at a General Meeting; or

(c)     the PLC's ordinary business includes providing finance and the financial assistance is given in the ordinary course of that business and on ordinary commercial terms.

66.2.   In regulation 66.1 references to "financial assistance" includes, making a loan, making a gift, issuing a debenture, giving security over the PLC's assets or giving a guarantee or an indemnity in respect of another person's liability.

## Section 4     Distribution

## 67.     Dividend and other distributions

(a)     A PLC may by a resolution of the Directors declare a dividend or make a distribution, or recommend a dividend or distribution to the shareholders to declare or make by an

32

Ordinary Resolution, whether in cash or otherwise, out of the accumulated and realised profits, after deducting the accumulated and realised losses of a PLC, provided that after the dividend is declared the amount of the net assets of the PLC is not less than the aggregate of its share capital and the undistributable reserves.

(b)     Where a dividend is declared or a distribution is made, or the same is recommended to the shareholders, the Directors must resolve that immediately after a dividend is paid or a distribution is made the PLC should, on reasonable grounds, be able to pay its debts as they become due in the normal course of business.

(c)     In this regulation 67:

(i)     "distribution" means the distribution of assets of a PLC to its shareholders, including dividends, whether in cash or otherwise, except distribution by way of an issue of bonus shares, redemption or purchase of PLC's own shares, out of share capital or out of unrealised profits, reduction of share capital, by extinguishing or reducing the liability of any of the shareholders on the shares, and distribution of assets to shareholders of a PLC on its winding up; and

(ii)    "undistributable reserves" means a reserve account of the PLC maintained in accordance with the Jafza Laws or Markets Laws, including a share premium account or capital redemption reserve.

**68.     Unlawful distribution**

A shareholder must return distribution received from the PLC if the distribution has been made in contravention of regulation 67. Where the distribution received is in a form other than cash, the shareholder must pay a sum equal to the value of the distribution.

**Section 5     Directors, manager and secretary**

**69.     Directors**

69.1.   Except for matters required to be decided at a General Meeting, as provided in the memorandum and articles of association and these regulations, the business and affairs of a PLC will be managed by the Directors.

69.2.   A PLC must have 2 or more Directors. At least one Director must be a natural person.

69.3.   A person cannot be a Director who:

(a)     if a natural person, is under the age of 21 years, unless approved by the Registrar;

(b)     has been convicted of a criminal offence, involving dishonesty or moral turpitude in the past 10 years;

(c)     has been guilty of insider trading or the equivalent;

(d)     has been disqualified from holding the position of a Director by a court;

(e)     does not qualify based on the criteria provided in the memorandum and articles of association; or

(f)     is an undischarged bankrupt.

**70.     Election, term and removal of a Director**

33

70.1.   The shareholders incorporating a PLC must appoint the first Directors at the time of incorporation. The Directors may be appointed or removed by an Ordinary Resolution.

70.2.   A vacancy in the position of a Director may be filled by an Ordinary Resolution or in the absence of such resolution, by the Directors, provided that a Director appointed by the Directors must be subject to reappointment by an Ordinary Resolution at the next General Meeting. If such person is not reappointed as a Director at the General Meeting, the person will cease to be a Director from the date of the General Meeting.

70.3.   The number of Directors may be fixed by the memorandum and articles of association.

**71.     Duties of a Director**

A Director of a PLC, in exercising powers and discharging duties, has the duty to:

(a)     act honestly, in good faith and lawfully, in the best interests of the PLC;

(b)     exercise the care, diligence and skill that a reasonably prudent person would exercise in similar circumstances; and

(c)     exercise independent judgment.

**72.     Duty of a Director to disclose interests**

72.1.   A Director, who has a direct or indirect interest in a transaction entered into or proposed to be entered into by the PLC or by a Subsidiary of the PLC, which interest to a material extent conflicts or may conflict with the interests of the PLC and of which conflict the Director is aware, must disclose to the PLC the nature and extent of the interest.

72.2.   Once a Director becomes aware of the circumstances requiring the Director to make the disclosure under regulation 72.1, the Director has a duty to disclose the interest.

72.3.   The PLC or a shareholder may not claim a transaction to be void or hold a Director accountable where:

(a)     the transaction is confirmed by an Ordinary Resolution; and

(b)     the nature and extent of the Director's interest in the transaction was disclosed in reasonable detail in the notice calling the General Meeting at which the resolution confirming the transaction is passed.

**73.     Prohibition on financial assistance to a Director**

73.1.   A PLC may not provide financial assistance to a Director, a Director's spouse or child, or to a company of which the Director is directly or indirectly a shareholder owning 20% of the total shareholding, unless:

(a)     approved by a resolution passed by shareholders holding shares representing not less than 90 per cent of the total voting rights of the PLC; and

(b)     all of the  Directors resolve that giving the financial assistance to the Director does not materially prejudice:

(i)     the interests of the PLC and its shareholders; and

(ii)    the PLC's ability to discharge its liabilities as they fall due.

34

73.2.   For purposes of this regulation 73, "financial assistance" means:

    (a)    a loan, debenture, credit facility or other similar form of financial assistance; or

    (b)    a guarantee or security or indemnity in connection with a loan, debenture, credit facility or other similar form of financial assistance, whether such financial assistance is provided by the PLC or another person.

For avoidance of doubt, financial assistance does not include:

    (a)    remuneration of the Director paid in the ordinary course;

    (b)    liability indemnity insurance related to the discharge of the duties of the Director to the PLC; or

    (c)    financial assistance by the PLC where the business of the PLC is to provide finance and the financial assistance is given in the ordinary course of that business and on ordinary commercial terms.

**74.     Alternate director**

74.1.   Unless provided otherwise in the memorandum and articles of association, a Director may by a written instrument appoint a person as an alternate. An alternate director is not required to be a Director. The name of the alternate director must be given in writing to the secretary of the PLC prior to or at the time of commencement of a Directors' meeting.

74.2.   An alternate director has the same rights as a Director has in relation to a meeting, including the right to attend and vote at a meeting.

**75.     Validity of the acts of a Director**

The acts of a Director are valid notwithstanding a defect in the appointment or qualification of a Director.

**76.     Manager**

76.1.   A PLC must have a manager. The name of the manager will be recorded in the Companies Register and it must appear on the License of the PLC.

76.2.   No person can be a manager who:

    (a)    if a natural person, is under the age of 21 years unless approved by the Registrar;

    (b)    has been guilty of insider trading or the equivalent;

    (c)    has been judged disqualified by the court; or

    (d)    does not qualify based on the criteria provided in the memorandum and articles of association.

76.3.   A shareholder, Director or a secretary may also be appointed as a manager.

76.4.   A manager of a PLC may be appointed or removed by a resolution of the PLC. In addition to the authority of a manager under these regulations, a manager's authority may be provided in the memorandum and articles of association or by a resolution of the PLC.

Issued in Dubai on 23/5/2016

77. **Secretary**

A PLC must have a secretary. A secretary cannot be a Director.

78. **PLC register of Directors and secretary**

A PLC must keep at its registered office a register of its Directors, secretary and manager. The register must be available for public inspection during regular office hours of the PLC.

**Section 6    Shareholders' meeting of a PLC**

79. **Calling a meeting**

79.1.   Unless a shorter duration is prescribed in the memorandum and articles of association, a PLC must hold a General Meeting as its annual General Meeting within 18 months from the date of its incorporation and once every 12 months thereafter. A meeting of the shareholders other than the annual General Meeting will be referred to as an extra-ordinary General Meeting.

79.2.   A Director, manager or secretary must, as soon as practicable and in any event not later than 14 days from the request of one or more shareholders holding shares representing:

(a)     5% or more of the share capital of the PLC, issue a notice of a General Meeting; or

(b)     5% or more of a class of shares, issue a notice of a meeting of that class.

A shareholder's request should state the purpose of the meeting and be signed by each shareholder requisitioning the meeting.

79.3.   If a Director, manager or secretary does not within 14 days from the date of the deposit of the request issue a notice for the General Meeting, or a notice for a meeting of a class of shareholders, as a case may be, the shareholder who had made the request may issue such a notice.

79.4.   The Directors may call a General Meeting, or a meeting of a class of shareholders, to consider a matter that the Directors determine requires consideration of the shareholders.

80. **Registrar's power to call meeting in default**

80.1.   A Registrar may, on application of a Director, manager or a shareholder, whether due to a default of regulation 79 or otherwise, call, or direct the manager to call, a General Meeting or a meeting of that class of shareholders.

80.2.   The manager must, unless with reasonable explanation notified to the Registrar, comply with a direction of the Registrar made under regulation 80.1.

81. **Notice of meeting**

81.1.   A meeting, be it a General Meeting or a meeting of a class of shareholders, must be called by a notice in writing of at least 21 days and no more than 3 months, unless a greater duration of notice is prescribed in the memorandum and articles of association. If a meeting is called by a shorter notice than 21 days, the meeting will be considered to have been duly called if it is so agreed by one or more shareholders holding shares representing 95% or more of the total voting rights in the PLC or shares representing 95% or more of the class of which a meeting is called, as the case may be.

81.2.   A notice of a meeting should:

Issued in Dubai on 23/5/2016

(a)     specify the time, place and date of the meeting;

(b)     provide the agenda of the meeting;

(c)     state the general nature of the business of the meeting;

(d)     state the intention to propose a resolution, if any;

(e)     permit a shareholder to appoint a proxy who may attend and vote on behalf of the appointing shareholder; and

(f)     include a copy of accounts and auditor's report, if relevant.

## 82.    General provisions as to meetings and voting

Unless the memorandum and articles of association provide otherwise, the following are applicable to a General Meeting or a meeting of a class of shares:

(a)     notice of the meeting must be given to each shareholder entitled to receive it by delivering or posting it to his registered address;

(b)     the quorum for the meeting is at least two shareholders personally present or represented by proxy;

(c)     at a meeting of holders of a class of shares, other than an adjourned meeting, the quorum will be persons holding or represented by proxy, at least one-third in value of the total shares of that class. At an adjourned meeting, two persons holding shares or represented by proxy will constitute quorum;

(d)     shareholders may by majority of those present at a meeting elect a shareholder to be the chairman of the meeting;

(e)     except for shares that do not have the right to vote, on a show of hands, each shareholder present at the meeting has one vote, and, on a poll, a shareholder has one vote for each share owned; and

(f)     a shareholder who is a corporate entity may by a resolution or such other appropriate instrument authorise a person to represent the corporate entity at the meeting and in doing so the person will be authorised to exercise all the rights of the shareholder.

## 83.    Demand for poll

83.1.   One or more shareholders holding shares representing 5% or more of the capital of the PLC may demand a poll at a General Meeting, or one or more shareholders holding shares representing 5% of the shares of a class may demand a poll at a meeting of such class of shares.

83.2.   On a poll, a shareholder entitled to more than one vote is not required to cast the same decision for all the votes.

## 84.    Proxy

84.1.   A shareholder entitled to vote at a General Meeting or at a meeting of a class of shareholders is entitled to appoint, by notice to the PLC in writing, another person (whether a shareholder or not) as a proxy vote on behalf of the appointing shareholder.

84.2.   The instrument of proxy should be in the following form:

37

I/we, _____, being the holder of
_____ shares in _____,
hereby appoint _____, as my/our proxy to attend and vote on
my/our behalf at the [annual general meeting / extra ordinary general meeting / meeting of a
class] of _____PLC, to be held on _____.




_____
Signature

84.3.   A proxy appointed to attend and vote for a shareholder has the same rights as the shareholder, including the right:

    (a)    to speak at the meeting;

    (b)    to vote (but only to the extent allowed by the appointment or by the memorandum and articles of association); and

    (c)    to join in a demand for a poll.

## 85.   Minutes and examination of minute books

A PLC must keep minutes of meetings of shareholders, Directors and committees of the PLC, in books maintained for that purpose. The minutes must be signed by the person presiding over the meeting. The minutes will be evidence of the meeting unless the contrary is proved.

## 86.   Participation in meetings

Subject to the memorandum and articles of association, a shareholder may participate in a meeting by phone or by other similar means of communication where a shareholder can establish their identity and hear what is said by another shareholder. A shareholder so participating at the meeting is considered to be present at that meeting with the other shareholders.

## 87.   Records, accounts and auditor

The PLC must maintain its records, prepare its accounts and have its accounts audited by an auditor in accordance with the Markets Laws.

## PART 5   TRANSFER OF A FOREIGN COMPANY TO THE FREE ZONE

## 88.   Transfer to the Free Zone

A Foreign Company may, subject to the laws of the jurisdiction in which it is incorporated, apply to the Registrar for the continuation of the Foreign Company in the Free Zone as a Company.

## 89.   Transfer to the Free Zone as an FZE or FZCO

Issued in Dubai on 23/5/2016

89.1.   A Foreign Company may apply in the prescribed form to the Registrar for continuation as an FZE or an FZCO. The application should include the following:

    (a)    the name, nationality, address and other details of each shareholder of the Foreign Company;

    (b)    the name of the Foreign Company;

    (c)    the details of the activities of the Foreign Company, the proposed activities of the FZE or FZCO and the proposed Licence;

    (d)    the type and size of premises required;

    (e)    the amount of existing capital of the Foreign Company;

    (f)    the name, nationality, address and other details of the proposed Directors, manager and secretary; and

    (g)    other information required by the Registrar.

89.2.   An application made under regulation 89.1 must be accompanied with:

    (a)    a resolution of the Foreign Company resolving to transfer the Foreign Company to the Free Zone and for it to continue as an FZE or FZCO;

    (b)    a draft memorandum and articles of continuation. A memorandum and articles of continuation are memorandum and articles of association for a Foreign Company continuing as a Company. Provisions in these regulations in relation to memorandum and articles of association apply to a memorandum and articles of continuation;

    (c)    the memorandum and articles of association, or other equivalent constitution document, of the Foreign Company;

    (d)    an application for the lease of a premises that is suitable for the proposed activities applied for;

    (e)    documents specified by the Registrar for the Licence and for the lease of a premises;

    (f)    qualifications and experience of each shareholder, Director and manager, relevant to the proposed activities and the category of the Licence;

    (g)    a business plan for the proposed activities , estimated financial investment, the audited financial statements of the Foreign Company for the last three years (or for the period since the incorporation of the Foreign Company, if incorporated less than three years ago), the number of employees required, the anticipated consumption of utility services, the nature of premises required, the implication of the proposed business on the environment if any and other relevant information; and

    (h)    any other information required by the Registrar.

89.3.   On receipt of the application under regulation 89.1 and accompanying information under regulation 89.2, Jafza may offer a premises to be leased on terms and conditions offered by Jafza, which must be reserved by the prospective shareholders pending the completion of the process of transfer of incorporation.

Issued in Dubai on 23/5/2016

89.4.  On confirmation of the premises and on completion of the process of transfer of incorporation, the Registrar may issue:

    (a)    a License;

    (b)    a certificate of continuation; and

    (c)    a registered memorandum and articles of continuation.

## 90.  Transfer to the Free Zone as a PLC

90.1.  A Foreign Company may apply in the prescribed form to the Registrar for continuation as a PLC. The application should include  the following:

    (a)    the name, nationality, address and other details of each shareholder of the Foreign Company;

    (b)    the name of the Foreign Company;

    (c)    the details of the activities of the Foreign Company, the proposed activities of the PLC and the proposed Licence;

    (d)    the type and size of premises required;

    (e)    the existing capital of the Foreign Company;

    (f)    the name, nationality, address and other details of the proposed Directors, manager and secretary; and

    (g)    other information required by the Registrar.

90.2.  An application made under regulation 90.1 must be accompanied with:

    (a)    a resolution of the Foreign Company resolving to transfer the Foreign Company to the Free Zone and for it to continue as a PLC;

    (b)    a draft memorandum and articles of continuation. Memorandum and articles of continuation are the memorandum and articles of association for a Foreign Company continuing as a Company. Provisions in these regulations in relation to the memorandum and articles of association apply to a memorandum and articles of continuation;

    (c)    the memorandum and articles of association, or other equivalent constitution document, of the Foreign Company;

    (d)    an application for the lease of a premises that is suitable for the proposed activities applied for;

    (e)    documents specified by the Registrar for the Licence and for the lease of a premises;

    (f)    qualifications and experience of each Director and manager, relevant to the proposed activities and the category of the Licence;

    (g)    a business plan for the proposed activities, estimated financial investment, the audited financial statements of the Foreign Company for the last three years (or for the period since the incorporation of the Foreign Company, if incorporated less than three years ago), the number of employees required, the anticipated consumption of utility services,

Issued in Dubai on 23/5/2016

the nature of premises required, the implication of the proposed business on the environment if any and other relevant information; and

(h)     any other information required by the Registrar.

90.3.   On receipt of the application under regulation 90.1 and accompanying information under regulation 90.2, the Registrar may offer premises to be leased on terms and conditions offered by the Registrar, which must be reserved by the prospective shareholders till the completion of the incorporation of the PLC.

90.4.   On confirmation of the premises and completion of the process of transfer, the Registrar may issue:

(a)     a Licence;

(b)     a certificate of continuation; and

(c)     a registered memorandum and articles of continuation.

**91.     Certificate of continuation**

91.1.   A Foreign Company will be considered a Company from the date of issuance of the certificate of continuation by the Registrar.

91.2.   The date of incorporation of the Foreign Company on the certificate of continuation will be the date of incorporation in the jurisdiction in which it was first incorporated.

91.3.   The certificate of continuation will be the certificate of incorporation of the Company.

91.4.   All the rights and obligations of the Foreign Company will continue with the Company from the date of the certificate of continuation.

**PART 6       CONVERSION OF COMPANIES**

**92.     Conversion of an FZE or FZCO to a PLC**

92.1.   An FZE or FZCO may by a Special Resolution apply to the Registrar for its corporate form to be converted to, and on conversion to continue as, a PLC.

92.2.   An FZE or FZCO may apply to the Registrar for the conversion and continuation through an application form containing the following:

(a)     the name, nationality, address and other details of each shareholder of the FZE or FZCO;

(b)     the amount of capital of the PLC; and

(c)     other information required by the Registrar.

92.3.   An application made under regulation 92.2 must be accompanied with:

(a)     the Special Resolution referred to in regulation 92.1 above;

(b)     a draft memorandum and articles of association for a PLC;

(c)     a copy of the valid License of the FZE or FZCO; and

41

(d)     audited financial statements of the FZE or FZCO, which must not be of a date later than 7 months from the date of the application.

92.4.   On completion of the process of conversion, the Registrar may issue:

(a)     a revised Licence;

(b)     a revised certificate of incorporation; and

(c)     a registered memorandum and articles of association.

92.5.   The FZE or FZCO will be converted to a PLC on the issuance of a revised certificate of incorporation.

92.6.   Once the FZE or FZCO is converted to a PLC, the date of incorporation of the PLC will be that of the FZE or FZCO and all rights and obligations of the FZE or FZCO will continue with the PLC. The PLC must comply with all provisions of these regulations in relation to a PLC.

**93.     Conversion of a PLC to an FZE or FZCO**

93.1.   A PLC may by a Special Resolution apply to the Registrar for its corporate form to be converted to, and on conversion to continue as, an FZE or FZCO.

93.2.   The  PLC may apply to the Registrar for conversion through an application form containing the following:

(a)     the name, nationality, address and other details of each shareholder of the PLC;

(b)     the amount of capital of the FZE or FZCO; and

(c)     other information required by the Registrar.

93.3.   An application made under regulation 93.2 must be accompanied with:

(a)     the Special Resolution referred to in regulation 93.1 above;

(b)     draft memorandum and articles of association for an FZE or FZCO;

(c)     evidence of compliance with obligations and procedures, of the relevant listing authority, pursuant to the Markets Laws, to de-list the shares; and

(d)     a copy of the valid License of the PLC.

93.4.   On completion of the process of conversion the Registrar may issue:

(a)     a revised Licence;

(b)     a revised certificate of incorporation; and

(c)     a registered memorandum and articles of association.

93.5.   The PLC will be converted to an FZE of FZCO on the issuance of a revised certificate of incorporation. The certificate of conversion of the PLC will replace the certificate of incorporation of the FZE or FZCO.

Issued in Dubai on 23/5/2016

93.6.   Once the PLC is converted to an FZE or FZCO, the date of incorporation of the FZE or FZCO will be the date the PLC was first incorporated and all rights and obligations of the PLC will continue with the FZE or FZCO. The FZE or FZCO must comply with the provisions of these regulations in relation to an FZE or FZCO.

**PART 7**      **HOLDING COMPANY AND SUBSIDIARY**

**94.**   **Definition**

94.1.   In these regulations a "**Subsidiary**" means a body corporate:

(a)   whose majority voting rights are directly or indirectly controlled or owned by another Company; or

(b)   50 percent of whose directors can be elected by another Company.

94.2.   In these regulations a "**Holding Company**" means the other Company referred to in regulation 94.1(a) (the Company who directly or indirectly controls or owns majority voting rights of a Subsidiary), and in regulation 94.1 (b) (the Company who can elect 50 percent of the Subsidiary's directors).

**95.**   **Objectives**

The objectives of a Holding Company include:

(a)   to hold shares or an interest in a body corporate, including its Subsidiary;

(b)   to provide loans, guarantees or finance to its Subsidiary;

(c)   to own immovable assets such as real estate;

(d)   to manage its Subsidiary; and

(e)   to own assets such as intellectual property rights.

**96.**   **Accounts**

In addition to the provisions relating to accounts applicable to a Company under these regulations, a Holding Company must have its financial statements consolidated with its Subsidiary.

**97.**   **Share ownership**

97.1.   A Subsidiary cannot own shares in a Holding Company.

97.2.   Where on the date a body corporate became a Subsidiary, the Subsidiary owns shares in a Holding Company, the Subsidiary may own the shares, but:

(a)   must not exercise the right to vote attached to the shares;

(b)   must not acquire additional shares in the Holding Company; and

(c)   must sell the shares in the Holding Company within 12 months of becoming a Subsidiary.

**PART 8**      **SECURITY INTERESTS**

43

**98.     Types of Security Interests**

98.1.   The following security interests ("**Security Interests**") may be created, amended and discharged under these regulations:

(a)     a shareholder of a Company may pledge or otherwise charge its shares to a bank or financial institution as security for a debt or obligation of a shareholder, the Company or any other person; and

(b)     a Company may grant as security for a debt or obligation of the Company or any other person:

(i)     a conditional assignment of a lease agreement of a Company, in favour of any person;

(ii)    a mortgage over a building created pursuant to Law no. 1 of 2002 Mortgage of Immovable Property Erected at Jebel Ali Free Zone, issued by Maktoum Bin Rashid Al Maktoum, Ruler of Dubai, in favour of a bank or financial institution;

(iii)   a pledge over its movable assets, in favour of any person; or

(iv)    any other security interest available under the laws of the UAE, in favour of any person, and as permitted by the Registrar.

98.2.   An agreement for a Security Interest must be in the form approved by the Registrar.

98.3.   A Company may create one or more mortgages over the premises leased by it. The creation of a mortgage over the premises leased by the Company must be in order of time of registration in the Security Register. The priority of the rights acquired to the leased premises will rank according to time of registration.

**99.     Registration of Security Interests**

99.1.   A Security Interest may be created by an application, from the Company or the shareholder creating the respective Security Interest, to the Registrar, in the form prescribed by the Registrar. The application must be submitted with the security agreement and other information as required by the Registrar.

99.2.   A Security Interest will be created at the time it is entered in the Security Register by the Registrar.

99.3.   Security Interests must be over assets or rights which are situated in or are created or have arisen in the Free Zone.

99.4.   A Security Interest may be amended or discharged by an application, jointly from the Company or shareholder creating the Security Interest and the person in whose favour the Security Interest is created, to the Registrar, in the form prescribed by the Registrar. The application must be submitted with an amendment agreement or written confirmation of discharge by the person in whose favour the Security Interest was created, and such other information as required by the Registrar.

99.5.   A Security Interest will be amended at the time it is amended in the Security Register.

99.6.   A Security Interest will be discharged after enforcement at the time it is recorded as discharged in the Security Register.

Issued in Dubai on 23/5/2016

99.7.   Where a movable asset is the subject of a Security Interest registered in the Security Register, the Company creating the Security Interest cannot remove the asset from the Free Zone without the consent of the person in whose favour the Security Interest is created.

**100.    Enforcement**

    (a)    Where a Company has granted a conditional assignment of a lease agreement of the Company to a person, to secure a debt or an obligation of the Company, the person in whose favour the conditional assignment is granted may, in the event of a default of the Company to repay its debt or breach of its obligation, notify Jafza of such default or breach and seek assignment of the lease agreement of the Company. Such notice must be accompanied with evidence of the default or breach supported by a final decision and execution deed from the competent court. On receipt of the notice Jafza may at its discretion assign the lease agreement of the Company to the approved beneficiary.

100.2.   Where Jafza assigns the lease agreement of the Company under regulation 100.1, it may deal directly (to the exclusion of the Company) with the person seeking enforcement with respect to the lease agreement of the Company.

100.3.   Enforcement of the conditional assignment of the lease agreement of the Company will not prejudice the rights, powers and remedies of Jafza under the lease agreement.

100.4.   Enforcement of a mortgage created over a building will be done in accordance with Law no. 1 of 2002 Mortgage of Immovable Property Erected at Jebel Ali Free Zone, issued by Maktoum Bin Rashid Al Maktoum, Ruler of Dubai.

100.5.   Enforcement of a pledge over movable assets or any other Security Interest permitted by the Registrar will require an order of an execution court granting enforcement of the Security Interest.

**101.    No liability**

Neither Jafza nor the Registrar will be liable for loss suffered by a person, be it the Company, the shareholder or the person in whose favour a Security Interest is created, as a result of an act or omission of Jafza or the Registrar or its officers, employees or agents, except where the act or omission is in bad faith.

**PART 9        WINDING UP**

**102.    Modes of winding up**

102.1.   A Company may be wound up:

    (a)    by the Registrar; or

    (b)    voluntarily.

102.2.   A Company will be under dissolution in the event of a voluntary winding up or winding up by the Registrar. The Registrar will include "under liquidation" after the name of the Company in the Companies Register. A Company must include "under liquidation" after its name in its correspondences.

**103.    Winding up by the Registrar**

A Company may be wound by the Registrar in the Registrar's discretion, including in the following events:

(a)    a Company's failure to commence business activity under the Licence within a year from its incorporation, or suspension of the business activity under its Licence for a year;

(b)    a Company acts in contravention of the Jafza Laws or other applicable laws;

(c)    a Company's failure to renew the Licence;

(d)    termination of the License of the Company by the Registrar; and

(e)    under an order of a court for winding up the Company.

## 104.    Voluntary winding up

A Company may be wound up voluntarily in the following events:

(a)    when the period, if any, fixed for the duration of the Company by its memorandum and articles of association expires;

(b)    when an event, as may be provided in the memorandum and articles of association, occurs where a Company is to be dissolved; or

(c)    when the company resolves by a Special Resolution, or by a resolution passed by such other majority percentage of Shareholders with voting rights as prescribed in the memorandum and articles of association, that the Company be wound up voluntarily. A copy of the Special Resolution for winding up voluntarily must, on the date that it is issued, be submitted to the Registrar.

## 105.    Appointment and duties of liquidator

105.1.    One or more auditors must be appointed as liquidators by an Ordinary Resolution, as soon as practicable after the dissolution of a Company. The appointment of a liquidator must be immediately notified to the Registrar.

105.2.    A copy of the Ordinary Resolution for appointment of a liquidator must on the date that it is issued be submitted to the Registrar. The Registrar must enter the name of the liquidator in the Companies Register.

105.3.    A liquidator will have the authority to conduct the affairs of a Company under liquation. A liquidator's duties include:

(a)    to prepare a list of the Company's assets and liabilities and a balance sheet on which the liquidator will sign along with the Manager or Directors;

(b)    to maintain a register for the liquidation process;

(c)    to preserve the Company's assets and entitlements;

(d)    to collect the funds owed to the Company by others, and to deposit the sums received in the bank account of the Company immediately upon receipt;

(e)    to operate, maintain and close the bank accounts of a Company;

(f)    to represent the Company before a court;

(g)    to pay the Company's debts;

Issued in Dubai on 23/5/2016

(h)    to sell the Company's movable property or real estate;

(i)    to provide the Shareholders with a provisional account on the liquidation process every 6 months; and

(j)    to give the information or data requested by the Shareholders concerning the condition of the liquidation process.

105.4.   The powers and duties granted to a liquidator must not, unless the liquidator requires, be performed by the officers of the Company, and the role of the officers must be limited to assisting the liquidator in performance of the liquidator's powers and duties.

105.5.   Where a Company is in dissolution due to an order of the court, the court may define the method of liquidation and appoint the liquidator.

105.6.   A liquidator cannot undertake new business for the Company, unless necessary for the completion of a previous business.

105.7.   A liquidator may be removed by an Ordinary Resolution, provided the resolution for removal prescribes an appointment of another liquidator. The removal and replacement of a liquidator  is subject to the Registrar's approval.

## 106.    Distribution of assets

106.1.   A liquidator must notify, by registered mail, all the creditors of the Company or the commencement of liquidation and invite the creditors present their claims.

106.2.   A liquidator must publish the commencement of liquidation of the Company in two local daily newspapers, one in Arabic and one in English, to invite objections to the liquidation by giving a period not less than 45 days.

106.3.   The assets of the Company must be distributed by the liquidator in the following order:

(a)    first towards amounts owed to Jafza;

(b)    the remaining towards the cost of liquidation, including the liquidator's fee;

(c)    the remaining to the creditors; and

(d)    the remaining to the shareholders on a pro rata basis.

106.4.   Where a creditor fails to present its claim, the liquidator must deposit the sum owed to that creditor in the court.

## 107.    Completion of liquidation

107.1.   On completion of liquidation in accordance with these regulations, the liquidator will issue a final liquidation report to the Registrar.

107.2.   The Registrar may, provided that the liquidation has been conducted to the satisfaction of the Registrar, in relation to the Company under dissolution:

(a)    cancel the License;

(b)    terminate the contracts Jafza has with the Company; and

47

(c)     remove the Company from Companies Register, as well as any other registers maintained by the Registrar.

**108.    Liquidation of a PLC**

The liquidation of a PLC must be carried out in accordance with the Markets Laws and the law of the Dubai International Financial Centre relating to insolvency of Companies, as amended.

**PART 10              PENALTIES**

**109.    Types of penalties**

The Registrar has the authority to impose a penalty on a Company who is in breach of the laws, including the Jafza Laws. The penalty may include:

(a)     termination of the License;

(b)     imposition of a fine; or

(c)     any other penalty determined by the Registrar.

**110.    Fines**

The Registrar may prescribe a schedule of fines for offenses. Where a fine is not prescribed for an offense the Registrar may determine the fine.

**Sultan Ahmed Bin Sulayem**

**Chairman of Ports, Customs & Free Zone Corporation**

Issued in Dubai on: ............................

48

Issued in Dubai on 23/5/2016