1  MARK R. CONRAD (CA Bar No. 255667)
   GABRIELA KIPNIS (CA Bar No. 284965)
2  **CONRAD & METLITZKY LLP**
   Four Embarcadero Center, Suite 1400
3  San Francisco, CA 94111
   Tel:    (415) 343-7100
4  Fax:    (415) 343-7101
   Email: mconrad@conradmetlitzky.com
5  Email: gkipnis@conradmetlitzky.com

6  Attorneys for Defendants Port of Mokha, Inc.,
   Port of Mokha, LLC, Mokha Foundation,
7  Mokhtar Alkhanshali, and Ibrahim Ahmad Ibrahim

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                          OAKLAND DIVISION

12

13  MOCHA MILL, INC., *et al.*,              CASE NO. 4:18-CV-02539-HSG

14        Plaintiffs,                        **[PROPOSED] ORDER GRANTING
                                             MOTION TO DISMISS BY PORT OF
15     v.                                    MOKHA DEFENDANTS**

16  PORT OF MOKHA, INC., *et al.*,

17        Defendants.

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS BY**
**PORT OF MOKHA DEFENDANTS**

Defendants Port of Mokha, Inc., Port of Mokha, LLC, Mokha Foundation, Mokhtar Alkhanshali, and Ibrahim Ahmad Ibrahim ("Moving Defendants") filed a motion to dismiss on July 27, 2018, and oral argument on the motion was heard by the Court on September 27, 2018, at 2:00 p.m. After carefully reviewing the First Amended Complaint, the motion and memorandum of points and authorities submitted by the Moving Defendants, and the opposition and reply briefs submitted in connection therewith, the Moving Defendants' motion to dismiss is hereby GRANTED.

As an initial matter, and pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court lacks subject matter jurisdiction over the claims asserted against Defendants The Mokha Foundation and Mokhtar Alkhanshali. The claims against Mokha Foundation all must be dismissed *with prejudice* because it is a non-existent entity and is "incapable of suing or being sued." *Oliver v. Swiss Club Tell*, 222 Cal. App. 2d 528, 537–38 (1963); *see also Fox Hollow*, 2013 WL 1628260, at *4 (citing *Penasquitos, Inc. v. Superior Court*, 53 Cal.3d 1180, 1186 (1991)). The claims against Alkhanshali all must be dismissed *without prejudice* because they arise out of obligations created by or otherwise related to his partnership with Plaintiffs Ibrahim Alaeli, Yasir Khanshali, and Adnan Awnallah (the "Investors"), or the conduct of their business, Mocha Mill, Inc. ("Mocha Mill"). Under the terms of the Mocha Mill partnership agreement between the Investors and Alkhanshali, whose existence Plaintiffs affirmatively allege and whose terms are therefore incorporated into the First Amended Complaint by reference, *see* Dkt. No. 24 ¶ 102, all of the claims pled between them in this action are or would be subject to the arbitration clause and the mandatory forum-selection clause in their partnership agreement. This Court is bound to enforce the arbitration clause to which Plaintiffs and Alkhanshali mutually assented. *Mundi v. Union Sec. Life Ins. Co.*, No. CVF06-1493 OWW/TAG, 2007 WL 1574871, at *5 (E.D. Cal. May 30, 2007), *aff'd*, 555 F.3d 1042 (9th Cir. 2009) ("[A] party may not make use of a contract containing an arbitration clause and then attempt to avoid that duty to arbitrate by defining the forum in which the dispute will be resolved." (citing *Boucher v. Alliance Title Co., Inc.*, 127 Cal.App.4th 262, 271 (2005))); *Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F. Supp. 2d 825, 839 (N.D. Cal. 2007) ("The touchstone of arbitrability in such situations is the relationship of the tort

1   alleged to the subject matter of the arbitration clause." (citing *CD Partners, LLC v. Grizzle*, 424 F.3d

2   795, 799 (8th Cir. 2005))). This Court is also constrained to enforce the forum-selection clause, which

3   mandates that all claims arising between these former business partners must be submitted to the

4   commercial court in Sana'a, Yemen. *See Docksider, Ltd. v. Sea Tech., Ltd*., 875 F.2d 762, 764 (9th

5   Cir.1989); *see also Sprout Healthy Vending LLC v. Seaga Mfg. Inc*., No. 14-01613-JVSJCGX, 2014 WL

6   12688422, at *4 (C.D. Cal. Dec. 18, 2014) ("[Plaintiff] cannot avoid application of the forum-selection

7   clause by simply dropping its contract claim while its tort claims still arise out of the contract.").

8         The Court further holds that, as to the only federal causes of action that have been pled in this

9   action, which are brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

10  U.S.C. §§ 1962(c), 1962(d), *see* Dkt. No. 24 ¶¶ 210-231, the First Amended Complaint fails to state a

11  claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although the Court has serious doubts

12  about whether *any* of the purported predicate racketeering acts described in the First Amended

13  Complaint are pled with specificity, *see* Fed. R. Civ. P. 9(b), the Court need not address this issue,

14  because it is apparent on the face of the Complaint that, even if these predicate acts were pled with the

15  requisite particularity, they do not constitute a "pattern of racketeering activity." 18 U.S.C. § 1961(5).

16        The "pattern" element of a RICO claim is the critical test by which federal courts distinguish

17  run-of-the-mill business torts from genuine RICO cases. To plead a RICO claim properly, a plaintiff

18  must allege "more than just a multiplicity of racketeering predicates." *H.J., Inc. v. Nw. Bell Tel. Co.*, 492

19  U.S. 229, 238 (1989). Instead, RICO requires a plaintiff to allege repeated criminal acts by the

20  defendants that are both "related" and "continuous" in nature. *Id.* As the Supreme Court has explained:

21  "RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a

22  plaintiff or prosecutor must show *that the racketeering predicates are related, and that they amount to*

23  *or pose a threat of continued criminal activity*."  *Id.* at 239 (emphasis added). This continuity

24  requirement reflects Congress's core concern about "long-term criminal conduct" rather than run-of-the-

25  mill disputes between former business partners. *Id.* at 242.

26        Under RICO, a plaintiff may plead RICO's "continuity" requirement as either "open-ended" or

27  "closed-ended." *Id.* Open-ended continuity involves conduct that by its nature projects into the future

28  with a threat of repetition. *Id.* at 241-42. It requires proof of "a specific threat of repetition extending

- 2 -

1    indefinitely into the future" or that the predicate acts are "part of an ongoing entity's regular way of

2    doing business." *Id.* at 242. Closed-ended continuity is established by a series of related predicate acts

3    committed over a substantial period of time. *Id.* at 241-42. "Predicate acts extending over a few weeks

4    or months and threatening no future criminal conduct do not satisfy this requirement ...." *Id.*

5         It is clear that Plaintiffs do not and cannot plead either "open-ended" or "closed-ended"

6    continuity in this case. In applying the continuity requirement, the Ninth Circuit and Northern District

7    have repeatedly dismissed RICO claims where, as here, a complaint alleges only a single scheme that

8    was perpetrated upon only a single victim, and where the scheme has long since been completed.

9         With respect to open-ended continuity, the First Amended Complaint contains no suggestion that

10   there is any threat of criminal conduct by Defendants that extends "indefinitely into the future" or that

11   the conduct described in the First Amended Complaint is Port of Mokha's "regular way of doing

12   business." *H.J., Inc.*, 492 U.S. at 242. Indeed, the idea of criminal conduct "extending indefinitely into

13   the future" does not make any sense given Plaintiffs' basic theory of the case: according to them, the

14   alleged criminal enterprise was to supplant Mocha Mill's business by taking its coffee beans. That

15   "scheme" ended with Alkhanshali's resignation in April 2016, the formation of Defendant Port of

16   Mokha, Inc., and the alleged indirect purchase of coffee beans from Mocha Mill in Spring 2016. The

17   First Amended Complaint contains no allegations of any conduct, criminal or otherwise, since June

18   2016. It does not allege ongoing embezzlement, fraud, extortion, or theft. Although Plaintiffs allege that

19   the Moving Defendants are engaged in ongoing "money laundering," Dkt. No. 24 ¶¶ 202-204, the theory

20   of their "money laundering" claim is that the Moving Defendants are criminals because they once

21   committed fraud and now continue to do business, *id.* ¶ 203, which is inadequate to support open-ended

22   continuity. The First Amended Complaint does not allege that Plaintiffs consider themselves under the

23   threat of ongoing or future criminal activity or that they are going to be duped, once again, into selling

24   their beans to Port of Mokha. The First Amended Complaint does not allege that the Moving Defendants

25   pose an ongoing threat (or that they have ever posed a threat) to anyone other than Plaintiffs.

26        The case law holds that such allegations do not demonstrate open-ended continuity. *Knipe v.*

27   *Washington Square Capital*, 116 F.3d 484 (9th Cir. 1997) (affirming dismissal of RICO claim based on

28   "one fraudulent transaction involving one shipment of denim jeans with no allegation that the conduct

- 3 -

would have been repeated or that the transaction involved a regular way of conducting business"); *see also Mexicanos v. Hewlett-Packard Co.*, No. 14-CV-05292-BLF, 2015 WL 9592606, at *10 (N.D. Cal. July 13, 2015); *Barsky v. Spiegel Accountancy Corp.*, No. 14-CV-04957-TEH, 2015 WL 580574, at *6 (N.D. Cal. Feb. 11, 2015); *Hopkins v. Am. Home Mortg. Servicing, Inc.*, No. 13-CV-04447-RS, 2014 WL 580769, at *5 (N.D. Cal. Feb. 13, 2014); *Ice Cream Distributors of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*, No. 09-CV-05815-CW, 2010 WL 2198200, at *4 (N.D. Cal. May 28, 2010). It is not enough for Plaintiffs to rely on allegations about supposed ongoing *harm* from prior criminal acts. *See* Dkt. No. 24 ¶¶ 203, 223-224. "In order to establish open-ended continuity, [a] plaintiff must show that defendants *pose a threat of continued criminal activity*," and "the mere fact that the *effects* of defendants' unlawful acts are ongoing does not make the scheme 'continuous.'" *Richardson v. Reliance Nat. Indem. Co.*, No. 99-CV-02952-CRB, 2000 WL 284211, at *8 (N.D. Cal. Mar. 9, 2000) (citing *Pier Connection, Inc. v. Lakhani*, 907 F.Supp. 72, 76 (S.D.N.Y. 1995)) (emphasis added).

With respect to closed-ended continuity, the First Amended Complaint describes a "scheme" that existed only during a narrow timeframe between the Summer of 2015 and the Spring of 2016. Dkt. No. 24 ¶¶ 117-199. During this time, Plaintiffs allege a variety of allegedly improper conduct, but only a single transaction by which they were actually injured—namely, the alleged sale of $50,000 worth of coffee beans to a straw purchase. *Id.* ¶ 183. More than this is necessary to establish closed-ended continuity. As the Ninth Circuit has held repeatedly, activity spanning only a matter of months, involving only the plaintiff as a victim, and encompassing essentially one commercial scheme or objective is not adequate to sustain a RICO claim. *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1362-65 (9th Cir. 1987) (holding that "alleged acts of mail fraud, wire fraud, and interstate transportation of stolen property" did not show a "pattern of racketeering activity" because they were all "parts of [the defendants'] single effort to induce Medallion to form the joint venture" and there was only a "single victim of the alleged fraud"); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529 (9th Cir. 1992) (holding that former employee failed to state a RICO claim where multiple criminal predicate acts were "in a sense a single episode having the singular purpose of impoverishing [the plaintiff]" and there was "no suggestion that these defendants . . . ever intended anyone but [him] any harm"); *Religious Technology Center v. Wollersheim*, 971 F.2d 364, 365-66 (9th

Cir. 1992) (holding that plaintiffs had failed to state claim based on crimes allegedly committed over the course of six months, because "the only goal of the . . . defendants was the successful prosecution of [an earlier] state tort suit" against a single adversary); *Schreiber Distributing Company v. Serv-Well Furniture Company, Inc.* 806 F.2d 1393, 1399 (9th Cir. 1986) (rejecting RICO claim where a plaintiff alleged that the defendants had conspired to invade his exclusive sales territory, since the plaintiff had alleged only "the fraudulent diversion of a single shipment of Chambers' products in 1982," which was insufficient to establish "continuity"); *Jarvis v. Regan*, 833 F.2d 149, 153 (9th Cir. 1987) (holding that nonprofit organizations accused of fraudulently obtaining multiple federal grants over the course of several months and using the funds for the improper purpose of influencing an election could not be held liable under RICO because their fraud was "isolated and presented no threat of continuing").

Relying on cases such as *Medallion, Sever, Schreiber, Wollersheim*, and *Regan*, judges in the Northern District of California have also repeatedly rejected RICO claims, such as the one pled by Plaintiffs here, that describe a singular business scheme carried out against a single victim over a limited and discrete period of months. *See, e.g.*, *Barsky v. Spiegel Accountancy Corp.*, No. 14-CV-04957-TEH, 2015 WL 580574, at *6 (N.D. Cal. Feb. 11, 2015) (finding no "pattern" based on four predicate acts committed over six months in connection with the fallout from a dispute among business partners, and noting that "courts routinely find that alleged racketeering activity lasting less than a year does not constitute a closed-ended pattern." (citing *Turner v. Cook*, 362 F.3d 1219, 1231 (9th Cir. 2004), and *Wollersheim*, 971 F.2d at 366)); *Ice Cream Distributors of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*, No. 09-CV-05815-CW, 2010 WL 2198200, at *4 (N.D. Cal. May 28, 2010) (three-year scheme perpetrated by ice cream company to "wrongfully acquire [its competitor's] accounts through the use of false statements" and to hire away employees to "steal [its] account information" was inadequate to show "continuity" under RICO); *Richardson*, 2000 WL 284211, at *9 (N.D. Cal. Mar. 9, 2000) ("a scheme involving ongoing activity, numerous victims, and the risk of continued illegal acts constitutes a violation of RICO, while a scheme, like this one, involving a single victim and isolated

1  transactions does not").[1] Accordingly, Plaintiffs' RICO claims are hereby dismissed *with prejudice*.

2  Having dismissed the only claims that provide a basis for federal jurisdiction in this case, the

3  Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining eleven state-law causes of

4  action, pursuant to 28 U.S.C. § 1367(c)(3). *See Wade v. Regional Credit Association*, 87 F.3d 1098,

5  1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for

6  resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.");

7  *Figures v. Szabo*, No. 14-CV-04684-HSG, 2015 WL 2062709, at *1 (N.D. Cal. May 4, 2015) (Gilliam,

8  J.) (dismissing pendent state-law claims where sole federal claim under RICO was inadequately pled).

9  Accordingly, Plaintiffs' state-law claims are hereby dismissed without prejudice.

10  In summary, Plaintiffs' RICO claims (Counts One and Two) are dismissed *with prejudice*.  All

11  claims asserted against non-entity The Mokha Foundation are dismissed *with prejudice*.  All claims

12  asserted against Alkhanshali are dismissed *without prejudice* pursuant to the arbitration and forum-

13  selection clauses in the Mocha Mill partnership agreement. Although the remaining claims in the case

14  (*i.e.* the state-law claims in Counts Three to Thirdeen, which are asserted against Port of Mokha, Inc.,

15  Port of Mokha, LLC, and Ibrahim Ahmad Ibrahim) suffer from pleading defects as well, the Court

16  declines to exercise supplemental jurisdiction over them and dismisses them *without prejudice* pursuant

17  to 28 U.S.C. § 1367(c)(3).

18

19

20

---

21  [1] Plaintiffs include some factual allegations about events that occurred outside the timeframe central to the RICO enterprise. To begin, Plaintiffs allege that Alkhanshali supposedly failed to provide receipts for his Mocha Mill expenses while traveling in Yemen in 2014-2015. *See* Dkt. No. 24 ¶¶ 89-91.

22  But Alkhanshali's alleged failure to provide receipts is not in any reasonable sense "related" to Plaintiffs' claim that he attempted to supplant their business with Port of Mokha. The mere fact that

23  Mokhtar's alleged "embezzlement" involved some of the same participants as the other alleged crimes in this case (though, notably, not any of his alleged RICO associates) is insufficient to establish that the

24  predicate acts are "related" and therefore insufficient to constitute part of a "pattern" under RICO. *Howard v. Am. Online Inc.*, 208 F.3d 741, 749 (9th Cir. 2000). Plaintiffs also allege that RICO activity

25  is ongoing and includes every one of Port of Mokha's recent business transactions, which the First Amended Complaint characterizes as acts of "money laundering." *Id.* ¶¶ 202-204. But there are no

26  actual *facts* alleged in support of this conclusory allegation; Plaintiffs rely upon criminal conduct that ended in June 2016 and simply assume that all of this business that Port of Mokha has conducted since

27  is somehow "money laundering." This is inadequate to establish a pattern of racketeering activity. *Richardson*, 2000 WL 284211, at *8 ("[T]he mere fact that the *effects* of defendants' unlawful acts are

28  ongoing does not make the scheme 'continuous.'").

Case No. 4:18-CV-02539-HSG                    ORDER GRANTING MTD BY PORT OF MOKHA

1    Accordingly, the Moving Defendants' motion to dismiss is hereby GRANTED.

2    **IT IS SO ORDERED.**

3

4    DATED: _____

5                                                    _____
                                                     HON. HAYWOOD S. GILLIAM, JR.
6                                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28