Yasin M. Almadani (Cal. Bar No. 242798)
ALMADANI LAW
14742 Beach Blvd., Suite 410
La Mirada, California 90638
(213) 335-3935 | YMA@LawAlm.com

Terrence M. Jones (Cal. Bar No. 256603)
THE LAW OFFICE OF TERRENCE JONES
6737 Bright Ave., Suite B6
Whittier, California 90601
(213) 863-4490 | Terrence@JonesOnLaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MOCHA MILL, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PORT OF MOKHA, INC., *et al.*,<br><br>Defendants. | Case No. 4:18-CV-2539-HSG<br><br>**PLAINTIFFS' OPPOSITION TO THE PORT OF MOKHA DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Courtroom:  Two (Fourth Floor)<br>Date:          September 27, 2018<br>Time:          2:00 p.m.<br><br>Hon. Haywood S. Gilliam, Jr.<br>United States District Judge |

1    Plaintiffs Mocha Mill, Inc., Monk of Mocha Specialty Coffee Production and Export, Inc.,

2  Ibrahim A. Alaeli, Yasir H. Khanshali, and Adnan G. Awnallah, (collectively, "Plaintiffs") hereby file

3  their Opposition to the Request for Judicial Notice ("Request") filed by Defendants Port of Mokha,

4  Inc., Port of Mokha, LLC, Mokha Foundation, Mokhtar Alkhanshali ("Mokhtar"), and Ibrahim Ahmad

5  Ibrahim (collectively, the "Port of Mokha Defendants") in conjunction with their Motion to Dismiss

6  ("Motion") Plaintiffs' First Amended Complaint ("FAC" or the "complaint"), as follows—

7  **I.    LEGAL STANDARD**

8    Federal Rule of Evidence 201(b) provides that judicial notice must concern a fact "not subject to

9  reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial

10 court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot

11 reasonably be questioned."  In this case, the newspaper reports the Port of Mokha Defendants offer in

12 support of their Motion do not meet either part of the FRE 201 tests.

13 **II.   ARGUMENT**

14    The Port of Mokha Defendants assert in their Motion that "[t]he real story of this case . . .

15 lies in facts that Plaintiffs omit from the FAC."  (Mot. at pg. 3, ln. 24 [Dkt. No. 41].)  What the Port of

16 Mokha Defendants are really referencing, however, is *Mokhtar's* story of the case—which is

17 completely contrary to the factual allegations as averred in the complaint (and to reality).  Hence,

18 despite the Port of Mokha Defendants' sophistry—that is, their contention that they merely want the

19 Court to take judicial notice of what was in the public realm at the time, but not articles' actual

20 contents—they certainly seek to have the Court accept as true the newspaper reports as conveyed to

21 their authors by Mokhtar.  The Court should decline to do so, as Mokhtar's version of events is

22 vigorously disputed by Plaintiffs.  And, at the Fed. R. Civ. P. 12(b)(6) stage, Plaintiffs' allegations of

23 material fact must be taken as true and construed in the light most favorable to them—not Defendants.

24 *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996);

25    Moreover, while it is true that courts can take judicial notice of media publications for the

26 limited purpose of indicating what was in the public realm at the time, there is no need to do so here

27 because the newspaper articles the Port of Mokha Defendants offer are irrelevant.  *Bennett v.*

28 *Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("We may take notice of proceedings in other

1

courts, both within and without the federal judicial system, *if those proceedings have a direct relation to matters at issue*") (alteration and internal quotation marks omitted; emphasis added).  Here, whether Mokhtar's purported "escape" from Yemen garnered media attention is wholly irrelevant to the legal issues raised in the Port of Mokha Defendants' Motion.  It is simply a transparent effort to "poison the well" by introducing a competing factual narrative, and thus, should be dismissed as dross.

The same argument applies to the Port of Mokha Defendants' request that the Court take judicial notice of the "historical fact" that there was armed conflict between Yemeni and Saudi Arabian forces in 2015.  That, too, has no relevance to any legal issue raised in the instant motion, and consequently, the Court should decline to consider those materials as well.

## III.   CONCLUSION

Accordingly, based upon the foregoing, Plaintiffs respectfully request that the Court deny the Port of Mokha Defendants' Request for Judicial Notice.


Dated:  August 27, 2018                          Respectfully submitted,

                                                 */s/ Yasin M. Almadani*
                                                 YASIN M. ALMADANI
                                                 ALMADANI LAW

                                                 TERRENCE M. JONES
                                                 THE LAW OFFICE OF TERRENCE JONES


                                                 *Attorneys for Plaintiffs*

1

**CERTIFICATE OF SERVICE**

2       I, Yasin M. Almadani, hereby certify that I have electronically filed the above-captioned

3   document with the Clerk of the Court using the CM/ECF system, which will automatically send an e-

4   mail notification of such filing to Defendants' counsel of record as listed below:

5

6   Michael Shipley                          Mark R. Conrad
    KIRKLAND & ELLIS LLP                     CONRAD & METLITZKY LLP
7   333 South Hope Street, Suite 2900        4 Embarcadero Center, Suite 1400
    Los Angeles, CA 90071                    San Francisco, CA 94111
8   T: (213) 680-8400                        T: (415) 343-7102
    E: michael.shipley@kirkland.com          E-Mail: mconrad@conradmetlitzky.com
9

10  *Attorneys for Defendant*                *Attorneys for Defendants Port of Mokha, Inc.,*
    *Blue Bottle Coffee, Inc.*               *Port of Mokha LLC, Mokha Foundation, Mokhtar*
11                                           *Alkhanshali, and Ibrahim Ahmad Ibrahim*

12

13  Frank Busch
    KERR & WAGSTAFFE LLP
14  101 Mission Street, 18th Floor
    San Francisco, CA 94105
15  T: (415) 357-8902
    E: busch@kerrwagstaffe.com
16

17  *Attorneys for Defendants*
    *Metra Computer Group FZCO*
18  *and T&H Computers, Inc.*

19

20      I declare under penalty of perjury under the laws of the State of California that the foregoing is

21  true and correct.

22  Dated:  August 27, 2018                  Yasin M. Almadani
                                             ALMADANI LAW
23
                                             Terrence M. Jones
24                                           THE LAW OFFICE OF TERRENCE JONES

25                                            */s/ Yasin M. Almadani*

26                                           *Attorneys for Plaintiffs*

27

28

1