Yasin M. Almadani (Cal. Bar No. 242798)
ALMADANI LAW
14742 Beach Blvd., Suite 410
La Mirada, California 90638
Telephone: (213) 335-3935
E-Mail: yma@LawAlm.com

Terrence M. Jones (Cal. Bar No. 256603)
THE LAW OFFICE OF TERRENCE JONES
6737 Bright Ave., Suite B6
Whittier, CA 90601
Telephone: (213) 863-4490
E-Mail: Terrence@JonesOnLaw.com

*Attorneys for Plaintiffs*

*(Attorneys for Defendants Listed on Signature Page)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MOCHA MILL, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PORT OF MOKHA, INC., *et al.*,<br><br>Defendants. | Case No. 4:18-cv-02539-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Action Filed:     4/30/2018<br>Hearing Date:   9/27/2018<br>Hearing Time:  2:00 p.m.<br>Courtroom:      2, 4th Floor<br><br>Hon. Haywood S. Gilliam, Jr.<br>United States District Judge |

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, and by order of this Honorable Court, all Plaintiffs and all Defendants (collectively, "the parties") hereby jointly report as follows in advance of the parties' Case Management Conference:

## 1. JURISDICTION & SERVICE

The parties agree that Plaintiffs have asserted federal subject matter jurisdiction over this matter under 28 U.S.C. § 1331, based on the federal claims asserted under the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and 18 U.S.C. §§ 1331, 1334, 1962, and 1964. The parties further agree that, if these RICO claims are properly pled, the Court may exercise supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367, because all of Plaintiffs' state-law claims are derived from a common nucleus of operative facts and are of the kind Plaintiffs would ordinarily expect to try in one judicial proceeding.

### A. Plaintiffs' Statement:

Plaintiffs assert that this District is the proper venue for this action. Plaintiffs served each defendant with the summons, initial complaint, and (currently-operative) first amended complaint, and filed proofs of service in that regard. With the exception of Defendant Metra Computer Group Fzco ("Metra"), none of the Defendants disputes that it has been properly served.

Plaintiffs submit that Defendant Mokhtar Alkhanshali's venue argument under Rule 12(b)(3) not allowed by law. Plaintiffs further submit that Mokha Foundation's jurisdictional argument is belied by the company's own website: https://www.portofmokha.com/foundation.

Plaintiffs contend that they properly served Metra, a foreign entity, by serving the registered agent for service of its wholly-owned American subsidiary, Defendant T&H Computers, Inc., which acts as Metra's agent and general manager in the United States and within the Northern District of California.

1

**B.    Defendants' Statement:**

As described in their pending motions to dismiss, Defendants acknowledge that Plaintiffs have asserted a claim under the federal RICO statute, but contend that this claim is subject to dismissal and that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining claims, which are all asserted under state law. Defendant Mokha Foundation challenges the Court's jurisdiction over it because it is not a legal entity that is capable of suing or being sued.

Defendant Mokhtar Alkhanshali disputes that this Court is an appropriate venue for the claims asserted against him, which are governed by a forum-selection clause that requires these claims to be litigated in a foreign commercial court.

Defendant Metra Computer Group FZCO disputes that it is subject to personal jurisdiction in this Court, as it does no business in California and has not been accused of taking any action that would confer specific jurisdiction.  Metra also denies that it has been properly served, as Plaintiffs have served only Metra's subsidiary T&H.

**2.    FACTS**

**A.    Plaintiffs' Statement:**

Plaintiffs' raise claims of conspiracy and RICO violations, including fraud, extortion, and money laundering, as well as breach of fiduciary duty, interference with economic relationships, conversion, unjust enrichment, and unfair competition.

With the Mocha Mill company, Plaintiffs' business plan was to source, refine, and sell worldwide for the first time in centuries premium Yemeni coffee under the Mocha Mill brand. This was the incredible, untapped opportunity Plaintiffs risked significant time, money, and investment to tap. Plaintiffs invested years of effort and over half a million dollars developing relationships with high-end coffee distributors and Yemeni farmers to locate, refine, cultivate, process, import, and sell coffee varieties that have now come to be considered among the best in the world.

But Defendants sought to usurp Mocha Mill's assets and eventually its entire

business, supplanting in its place a secret competitor company called *"Port of Mokha"* through an extensive RICO conspiracy in collusion with Blue Bottle, T&H, and Metra. Defendants used Mokhtar's position of trust as Mocha Mill CEO to engage in a pattern of racketeering activity involving numerous unlawful acts, including: (i) Embezzlement and Wire Fraud (Apr. 2014 – Dec. 2015); (ii) Extortion (Mar. 2015); (iii) Wire Fraud and Extortion Conspiracy (Jun. – Nov. 2015); (iv) Wire Fraud Conspiracy (Nov. 2015 – Apr. 2016); (v) Wire Fraud Conspiracy (Apr. 2016 – Jun. 2016); (vi) Extortion Conspiracy (Apr. 2016 – Jun. 2016); (vii) Obstruction and Spoliation of Evidence (May 2016 – unknown); and (viii) Money Laundering (May 2016 – present).

Today, Defendants thrive on Mocha Mill's labor and assets stolen through acts of racketeering and, as a result, have enjoyed tremendous notoriety and success to the tune of hundreds of millions of dollars. This suit seeks to vindicate the significant damage Defendants' conduct has caused and continues to cause Plaintiffs.

### B. Defendants' Statement:

This case involves a garden-variety business dispute between the former partners of Mocha Mill, Inc., a specialty coffee importer. Three investors in that company claim that their former CEO, Mokhtar Alkhanshali, unlawfully schemed to form a competing company and steal their business's assets and goodwill.

Rather than assert claims against Mr. Alkhanshali for breach of fiduciary duty or for breach of their partnership agreement, however, Plaintiffs have "made a federal case" out of this dispute by conjuring up a sprawling criminal conspiracy between Mr. Alkhanshali and anyone associated with his new, competing business, which is called Port of Mokha. Plaintiffs allege that third parties who purchased coffee for or from his new company have, as a result, engaged in a criminal conspiracy to embezzle money, to commit wire fraud, to extort Plaintiffs, to commit grand theft, and to launder money.

Defendants adamantly deny any wrongdoing, and Mr. Alkhanshali disputes that he breached any legal obligations to his former partners in connection with the founding and operation of Port of Mokha. Mr. Alkhanshali will assert counterclaims against his

3

former partners if the pending motions to dismiss are not granted. Other Defendants are also considering whether to assert counterclaims should a responsive pleading be required in this action.

## 3. LEGAL ISSUES

### A. Plaintiffs' Statement:

Plaintiffs have opposed Defendants' respective motions to dismiss on the basis that Defendants' motions and replies rely on misstatements of law and fact, as more fully briefed in the oppositions and to be argued at the September 27, 2016 hearing. In sum, Plaintiffs maintain that they are entitled to their day in Court because this case: (i) cannot reasonably be challenged under Rule 12(b)(6), as Plaintiffs have meticulously detailed the factual allegations that support their claims;[1] (ii) is not amenable to a challenge under Rule 12(b)(3); (iii) is not amenable to a standing challenge because the individual Plaintiffs have raised claims (as Moktar Alkhanshali's former partners), which are not available to the Mocha Mill corporation (i.e., extortion and certain acts of wire fraud); (iv) is not subject to any jurisdictional challenge; and (v) should be allowed to move forward for the many other reasons explained in Plaintiffs' opposition briefs.

### B. Defendants' Statement:

Numerous legal disputes between the parties are addressed in the pending motions to dismiss, including the sufficiency of the allegations supporting Plaintiffs' RICO and state-law claims under Rules 8 and 9(b). Also disputed are questions related to the jurisdiction of the Court and the appropriateness of venue with respect to specific claims and defendants. If this case proceeds beyond a motion to dismiss, Defendants anticipate that additional disputes of law will arise over the application of RICO in this case and the legal theories upon which Defendants have pled their state-law claims, including but not limited to their claims of "economic duress" and the sufficiency of their

---

[1] Unless specified otherwise, "Rule" herein refers to the Federal Rules of Civil Procedure.

4

Joint Case Management Statement                                   Case No. 4:18-cv-02539-HSG

theories of conspiracy liability and/or aiding and abetting liability.

**4.     MOTIONS**

**A.     Plaintiffs' Statement:**

Plaintiffs anticipate the filing of a motion regarding the spoliation of evidence. As averred in the First Amended Complaint, Plaintiffs contend that Defendant Mokhtar hacked into Mocha Mill email accounts and destroyed emails evidencing his racketeering activity. (*See* FAC at ¶¶ 174, 200, 201.) Plaintiffs believe that many of the emails Defendant Mokhtar destroyed may be found in the possession of the other Defendants, who Plaintiffs hope have not engaged in similar activity. If it turns out that the other Defendants have also engaged in spoliation and obstruction, Plaintiffs believe that this fact is relevant and important, too, and would move for appropriate sanctions. Moreover, after sending Defendants notice of impending litigation and requests for preservation of evidence, Plaintiffs soon thereafter saw potential evidence disappear off the Internet. (*See id.*) Given the totality of Plaintiffs' allegations, including the numerous crimes by which they have been victimized, Plaintiffs remain concerned.

**B.     Defendants' Statement:**

Three separate motions to dismiss are now pending before the Court. *See* ECF Nos. 39, 41, 43. If these are not granted, each of the Defendants anticipates that it will file a motion for summary judgment on the claims asserted against it.

Regarding Plaintiffs' putative "motion for spoliation of evidence," Defendants represent that they met and conferred with Plaintiffs in response to the Court's prior order on this subject. *See* Dkt. No. 36. Defendants further represent that, during this meet-and-confer discussion, the only concerns raised by Plaintiffs were with (1) the alleged deletion of emails from Mocha Mill email accounts, which accounts are now entirely within Plaintiffs' own possession, custody, and control, and in fact were returned to Plaintiffs by June of 2016, *see* Dkt. No. 24 ¶¶ 197-199, and (2) the supposed disappearance of statements about Mocha Mill that were publicly posted on websites

5

that do not belong to and are not controlled by any of the Defendants. Defendants further represent that Plaintiffs expressly stated that they did not have reason to believe Blue Bottle, Metra, or T&H have engaged in spoliation of evidence.

**5.     AMENDMENT OF PLEADINGS**

    **A.     Plaintiffs' Statement:**

Plaintiffs propose the following deadline for amending the pleadings:

> Last Day to Add Parties & Claims............................ December 15, 2018

    **B.     Defendants' Statement:**

Defendants request that, for any party whose motion to dismiss is not granted, the Court set a deadline for any remaining Defendants to file counterclaims against Plaintiffs not later than twenty-one (21) days after final resolution of Defendants' challenges to the pleadings, should any of Plaintiffs' claims remain before this Court. Defendants submit that a deadline of December 15, 2018, does not provide sufficient time for the parties to take discovery and then to amend their pleading in response to any evidence that they may discover, and that the Court should set a deadline to amend the pleadings only after a further case management conference to be held after the pleadings are settled.

**6.     EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to the Court's Order regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     DISCLOSURES**

The parties have not yet discussed their initial disclosure obligations as required by Rule 26(a) or made any such disclosures because Defendants maintain that the Court

vacated the deadline for the parties to do so until after the pending motions to dismiss could be heard. *See* ECF No. 36; *see also supra* ¶ 2.

### A. Plaintiffs' Statement:

Plaintiffs respectfully submit that the Court should set a deadline to exchange initial disclosures within twenty-one (21) days of the Case Management Conference to be held on September 27, 2018.

### B. Defendants' Statement:

Defendants respectfully submit that the Court should set a deadline for any parties who remain in the case to exchange initial disclosures within fourteen (14) days after the final resolution of Defendants' challenges to the pleadings, should any of Plaintiffs' claims remain before this Court.

## 8. DISCOVERY

### A. Plaintiffs' Statement:

To date, the parties have not engaged in any discovery or conferred under Rule 26. On September 4, 2018, Plaintiffs reached out to Defendants to meet and confer under Rule 26, attaching a draft Case Management Statement for Defendants' review, which Plaintiffs believe could serve as both the Case Management Statement and Rule 26(f) Report. Defendants responded:

> Thanks for reaching out and for taking the lead on drafting the CMC statement. We will review and will draft Defendants' portions of the statement. In light of the Court's prior order suspending all deadlines except the filing of a CMC statement, we do not agree that a Rule 26(f) report or conference is required at this juncture. Once we have a complete draft of the CMC statement, we can arrange a call to meet and confer about any particulars, if that is necessary.

On September 14, 2018, Defendants emailed a redlined version of the Case Management Statement without any reference to a meet and confer. Plaintiffs are willing and able to meet and confer under Rule 26.  Plaintiffs respectfully submit that the Court should set a deadline for a formal meet-and-confer discussion pursuant to Rule

7

26(f) within fourteen (14) days of the Case Management Conference to be held on September 27, 2018.

Plaintiffs do not anticipate the need to formally limit discovery to particular issues or to conduct discovery in phases.

Plaintiffs anticipate propounding subpoenas, interrogatories, and requests for the production of documents and other tangible things. In addition to written discovery, Plaintiffs anticipate deposing percipient and expert witnesses, and intend to begin that phase of discovery in earnest within the next ninety (90) days.

Plaintiffs agree to work cooperatively to schedule depositions on dates convenient for all involved.  Given the number of parties and claims in this matter, Plaintiffs anticipate seeking leave of Court to take a larger number of depositions than the ten permitted by Fed.R.Civ.P. 30.

Given the number of parties and claims in this matter, Plaintiffs respectfully request a nine-month discovery period.  Accordingly, Plaintiffs propose the following discovery deadlines:

Initial Expert Disclosures ............................................................... April 12, 2019
Rebuttal Expert Disclosures ........................................................... May 10, 2019
Factual Discovery Cutoff ............................................................... June 7, 2019
Expert Discovery Cutoff ................................................................ June 21, 2019

**B.    Defendants' Statement:**

The parties have not yet engaged in discovery, or held a Rule 26(f) conference, because the Court vacated the relevant Rule 26 deadlines until after the pending motions to dismiss could be heard. *See* ECF No. 36.  Defendants respectfully submit that the Court should set a deadline for a formal meet-and-confer discussion pursuant to Rule 26(f) within fourteen (14) days after the final resolution of Defendants' challenges to the pleadings, should any of Plaintiffs' claims remain before this Court.  Defendants do not anticipate that this is a case that would require the Court to exceed the number of depositions allowed under the Rules or otherwise extend the default limits on discovery

that apply to civil cases, but suggest that the parties should meet and confer about this and other discovery matters once the pleadings are settled.

**9.     CLASS ACTIONS**

This is not a class action dispute.

**10.    RELATED CASES**

The parties are unaware of any related cases or proceedings.

**11.    RELIEF**

**A.     Plaintiffs' Statement:**

Plaintiffs seek all relief according to proof consistent with the allegations and prayers set forth in the First Amended Complaint, including: (i) an order enjoining Defendants from the further destruction/spoliation of evidence; (ii) compensatory damages in an amount according to proof; (iii) disgorgement of Port of Mokha assets and shares according to proof; (iv) restructuring of Port of Mokha to provide Plaintiffs their rightful ownership, shares, and decision-making authority in Port of Mokha; (v) costs, restitution, and multiple damages under state law; (vi) treble damages under RICO; (vii) punitive and exemplary damages under state law; (viii) any and all applicable statutory and civil penalties; (ix) pre- and post-judgment interest on any amounts awarded; (x) an award of attorneys' fees and costs, including expert costs; (xi) declaration that all applicable statutes of limitations are tolled under the discovery rule or due to the fraudulent concealment alleged in the Complaint, and that Defendants are estopped from relying on any statute of limitations as a defense; (xii) an order enjoining Defendants from dissipating assets to avoid judgment; (xiii) leave to amend this Complaint to conform to the evidence produced in discovery and at trial; and (xiv) such other and further relief as the Court deems just and proper.

**B.  Defendants' Statement:**

Defendants request that the Court dismiss the claims against them, that Plaintiffs take nothing by virtue of their complaint, and that the Court enter judgment and an award of costs and attorneys' fees in their favor. Defendants are still evaluating whether to seek affirmative relief from this Court.

**12.  SETTLEMENT & ADR**

The parties have not yet engaged meaningful settlement discussions. The parties expect that they will be able to reach agreement on a stipulation to a specific dispute resolution process, likely mediation either through a private ADR neutral or through the Northern District's ADR program.  The parties propose that a deadline to conduct a mediation be set after the final resolution of Defendants' challenges to the pleadings, should any of Plaintiffs' claims remain before this Court.

**13.  CONSENT TO MAGISTRATE FOR ALL PURPOSES**

The parties respectfully decline to have a magistrate judge conduct all further proceedings in this matter.

**14.  OTHER REFERENCES**

The parties do not believe that this matter is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  NARROWING OF ISSUES**

**A.  Plaintiffs' Statement:**

Plaintiffs submit that each and every claim in their Complaint is supported by well-pleaded allegations, and the law entitles Plaintiffs to have their claims adjudicated.

**B.  Defendants' Statement:**

Defendants submit that many of the thirteen (13) causes of action asserted

against the eight (8) individual defendants in this action will be narrowed, if not entirely eliminated, through the pending motions dismiss or the motions for summary judgment that Defendants anticipate they will file if the case moves forward. Defendants intend to meet and confer regarding additional methods to narrow issues should any claims survive the pleading stage.

**16.    EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**17.    SCHEDULING**

   A.    **Plaintiffs' Statement:**

Plaintiffs submit that the witnesses and discovery in this case overwhelmingly reside in this District and/or in the cloud. And while Defendant Metra is a Dubai-based company, its owner, Mohammed Eissa, who is implicated in this case, is believed to reside and have significant contacts in this District. Plaintiffs do not anticipate the need to avail Hague Convention procedures, and submit that nine months is ample time for discovery provided that all parties proceed in good faith and not engage in obstructionist behavior. Plaintiffs object to Defendants' unduly prolonged timeline and propose the following deadlines:

| | |
|---|---|
| Last Day to Add Parties & Claims | December 15, 2018 |
| Initial Expert Disclosures | April 26, 2019 |
| Rebuttal Expert Disclosures | May 24, 2019 |
| Factual Discovery Cutoff | June 21, 2019 |
| Expert Discovery Cutoff | July 5, 2019 |
| Motion Hearing Cutoff | June 1, 2019 |
| Settlement Procedure Cutoff | June 1, 2019 |
| Pretrial Conference | September 24, 2019 |

Trial (jury) ................................................................... October 7, 2019

### B. Defendants' Statement:

Defendants request that the Court set a case management schedule once the pleadings have been settled, including with respect to counterclaims that any defendants remaining in the case may file once the pending motions to dismiss are resolved. If the Court is inclined to set a case management schedule now, Defendants disagree that (1) it will be possible to try this case on the timeframe set forth by Plaintiffs given that the case likely will entail discovery from foreign parties, potentially under Hague Convention procedures,[2] (2) that expert disclosures should be made prior to the close of fact discovery, and (3) that summary judgment motions should be filed before the fact discovery cutoff or only days after the disclosure of initial expert reports. If the Court proceeds to set a schedule at this before final resolution of Defendants' challenges to the pleadings, Defendants propose the following:

Last Day to Amend Pleadings .................................... February 1, 2019

Factual Discovery Cutoff ........................................ September 30, 2019

Initial Expert Disclosures ............................................ October 31, 2019

Rebuttal Expert Disclosures ..................................... December 2, 2019

Expert Discovery Cutoff .............................................. January 10, 2020

Motion Hearing Cutoff...................................................March 13, 2020

Pretrial Conference............................................ June 5, 2020, 3:00 p.m.

Trial (jury) ........................................................................... July 7, 2020

---

[2] Plaintiffs' statement above claims, for the first time, that Mohammed Eissa "is believed to reside" in the Northern District of California. Eissa is not a party, and has submitted unrebutted sworn testimony establishing that he is a resident of Dubai, UAE, along with Metra and Tarek Eissa. ECF No. 39-1 at ¶¶ 3, 5. While the claims against Metra and T&H should be dismissed for the reasons expressed in those entities' pending motions, the Court should not permit Plaintiffs unsupported and false belief regarding Eissa's residency to distract it from setting a reasonable discovery schedule.

**18. TRIAL**

    **A.   Plaintiffs' Statement:**

This case will be tried to a jury. The parties estimate that the trial of this matter will take approximately 15 court days.  Accordingly, the parties propose the following pretrial and trial dates:

    Pretrial Conference ................................................................September 10, 2019

    Trial (jury) .............................................................................September 23, 2019

    **B.   Defendants' Statement:**

Defendants contend that it is not possible at this juncture to anticipate the probable length of a trial in this matter, as the operative pleading currently asserts thirteen (13) separate causes of action, including multiple predicate criminal acts related to Plaintiffs' RICO claims, against eight (8) individual defendants, on various theories of direct, conspiracy, and aiding and abetting liability.  Defendants submit that the Court should set a case management schedule and that the parties should assess the likely length of a trial in this matter once the pleadings have been settled and/or after the Court rules on Defendants' motions for summary judgment.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties, where applicable, have filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-15.

On behalf of Port of Mokha, Inc., Port of Mokha, LLC, and the non-existent Mokha Foundation, undersigned counsel at Conrad & Metlitzky LLP represent that there are no corporate interests to disclose for these parties pursuant to Civil Local Rule 3-15.

On behalf of Blue Bottle Coffee, Inc., undersigned counsel at Kirkland & Ellis LLP represents that: (1_ BBC Intermediate Holdings, Inc. is the 100 percent owner/parent of Defendant Blue Bottle Coffee, Inc., (2) BBC New Holdings, LLC is the 100 percent owner of BBC Intermediate Holdings Inc., (3) Nestlé, S.A., a publicly traded Swiss company, holds 69.99 percent of the equity in BBC New Holdings, LLC, indirectly through

intermediate entities ultimately owned by Nestlé, S.A., and (4) The remaining equity in BBC New Holdings, LLC is held by individuals and privately held entities.

Pursuant to Civil Local Rule 3-15, and Federal Rule of Civil Procedure 7-1 as applicable to T&H Computes Inc., the undersigned counsel at Kerr & Wagstaffe LLP certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) T&H Computers, Inc. is wholly owned by Metra Computer Group FZCO, and (2) Metra Computer Group FZCO is 60% owed by Tarek Eissa and 40% owned by Mohamed Eissa.

**20.   PROFESSIONAL CONDUCT**

Counsel for all parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   OTHER MATTERS**

None.

| | | |
|---|---|---|
| 1 | Dated: September 18, 2018 | ALMADANI LAW |
| 2 | | |
| 3 | | /s/ Yasin M. Almadani<br>Yasin M. Almadani (SBN 242798) |
| 4 | | 14742 Beach Blvd., Suite 410 |
| 5 | | La Mirada, California 90638<br>Telephone:  (213) 335-3935 |
| 6 | | E-Mail:      yma@LawAlm.com |
| 7 | | Terrence M. Jones (SBN 256603) |
| 8 | | LAW OFFICE OF TERRENCE JONES<br>6737 Bright Ave., Suite B6 |
| 9 | | Whittier, CA 90601<br>T:  (213) 863-4490 |
| 10 | | E:  Terrence@jonesonlaw.com |
| 11 | | *Attorneys for Plaintiffs* |
| 12 | Dated: September 18, 2018 | Kirkland & Ellis LLP |
| 13 | | |
| 14 | | _____/s/ Michael Shipley_____<br>Michael Shipley (SBN 233674) |
| 15 | | |
| 16 | | 333 South Hope Street, Suite 2900<br>Los Angeles, California 90071 |
| 17 | | T:  (213) 680-8400<br>E:  michael.shipley@kirkland.com |
| 18 | | |
| 19 | | *Attorneys for Defendant*<br>*Blue Bottle Coffee, Inc.* |

15

| | | |
|---|---|---|
| 1 | Dated: September 18, 2018 | CONRAD & METLITZKY LLP |
| 2 | |     */s/ Mark R. Conrad* |
| 3 | | Mark R. Conrad (SBN 255667)<br>CONRAD & METLITZKY LLP |
| 4 | | 4 Embarcadero Center, Suite 1400 |
| 5 | | San Francisco, CA 94111<br>T:  (415) 343-7102 |
| 6 | | E:  mconrad@conradmetlitzky.com |
| 7 | | *Attorney for Defendants Port of Mokha,* |
| 8 | | *Inc. Port of Mokha LLC, Mokha*<br>*Foundation, Mokhtar Alkhanshali, and* |
| 9 | | *Ibrahim Ahmad Ibrahim* |
| 10 | Dated: September 18, 2018 | KERR & WAGSTAFFE LLP |
| 11 | | |
| 12 | |     */s/ Frank Busch* |
| 13 | | Frank Busch (SBN 258288)<br>KERR & WAGSTAFFE LLP |
| 14 | | 101 Mission Street, 18th Floor |
| 15 | | San Francisco, CA 94105<br>T:  (415) 371-8500 |
| 16 | | E:  busch@kerrwagstaffe.com |
| 17 | | *Attorney for Defendants T&H Computers,*<br>*Inc. and Metra Computer Group FZCO* |

16

*Joint Case Management Statement*      *Case No. 4:18-cv-02539-HSG*

# CERTIFICATE OF SERVICE

I, Terrence Jones, hereby certify that I have electronically filed the above-captioned document with the Clerk of the Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to Defendants' counsel of record as listed below:

Michael Shipley
KIRKLAND & ELLIS LLP
333 South Hope Street, Suite 2900
Los Angeles, CA 90071
T: (213) 680-8400
E: michael.shipley@kirkland.com

*Attorneys for Defendant
Blue Bottle Coffee, Inc.*

Mark R. Conrad
CONRAD & METLITZKY LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
T: (415) 343-7102
E-Mail: mconrad@conradmetlitzky.com

*Attorneys for Defendants Port of Mokha, Inc. Port of Mokha LLC, Mokha Foundation, Mokhtar Alkhanshali, and Ibrahim Ahmad Ibrahim*

Frank Busch
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, CA 94105
T: (415) 357-8902
E: busch@kerrwagstaffe.com

*Attorneys for Defendant
T&H Computers, Inc.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  September 18, 2018

Yasin M. Almadani
ALMADANI LAW

Terrence M. Jones
THE LAW OFFICE OF TERRENCE JONES

  /s/ Terrence M. Jones

*Attorneys for Plaintiffs*