Yasin M. Almadani (Cal. Bar No. 242798)
ALMADANI LAW
14742 Beach Blvd., Suite 410
La Mirada, California 90638
(213) 335-3935 | YMA@LawAlm.com

Terrence M. Jones (Cal. Bar No. 256603)
THE LAW OFFICE OF TERRENCE JONES
6737 Bright Ave., Suite B6
Whittier, California 90601
(213) 863-4490 | Terrence@JonesOnLaw.com

*Attorneys for Plaintiffs*

*Additional Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MOCHA MILL, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PORT OF MOKHA, INC., *et al.*,<br><br>Defendants. | Case No. 4:18-CV-2539-HSG<br><br>**JOINT RESPONSE TO COURT'S MINUTE ORDER ON APRIL 2, 2019**<br><br>Hon. Haywood S. Gilliam, Jr.<br>United States District Judge |

Pursuant to the Court's order on April 2, 2019, the Parties have met and conferred and have not been able to agree on a joint position. The Parties' respective positions are reflected below.

**Plaintiffs' Position**

On March 5, 2019, the Court issued an order ruling that: (i) Plaintiff Monk of Mocha and the individual Plaintiffs lacked standing to bring their federal RICO claims; (ii) the operative complaint did not allege facts sufficient to establish the Court's jurisdiction over Defendants Mocha Foundation and Metra; (iii) the arbitration clause in the March 2015 partnership agreement did not encompass disputes over the alleged wrongdoing where interpretation of the contract's language is entirely irrelevant to the claims; and (iv) Plaintiffs failed to state a federal RICO claim in that Plaintiffs did not adequately plead Section 1962(c) violations before the Summer of 2015 and did not adequately plead the "pattern" requirement. The Court also declined to exercise supplemental jurisdiction over the state law claims unless and until a federal claim was adequately pled.

The parties agree that the federal RICO claims should be dismissed with prejudice but disagree on the state law claims. The primary point of disagreement is as follows:

Defendants contend that the Court's order deprives the individual Plaintiffs from bringing state law claims in state court without first appealing this Court's order. Plaintiffs, however, read the Court's order concerning standing to be limited to the federal RICO claims, because the Court's analysis was centered on the RICO claims. In analyzing the issue of standing, the Court stated, "Well-established Ninth Circuit law holds that a plaintiff lacks standing *under RICO* if the alleged injury is derivative of harm to another legal entity, such as a corporation"; the Court went on to discuss RICO standing in federal cases. (Dkt. 68 at 4 (emphasis added)). Moreover, the Court specifically declined to exercise supplemental jurisdiction over the state law claims. (*Id*. at 19). Accordingly, Plaintiffs did not interpret the Court's order to affect the state law claims as to any Plaintiff.

Under the Court's order, Plaintiffs can either appeal or file their case in state court. Were Plaintiffs to choose the latter option, it would not make sense to file an amended complaint in this Court and waste the Court's resources when the Court has explicitly declined to exercise supplemental jurisdiction without a federal claim. It would similarly not make sense to appeal the Court's decision if the state tribunal is where Plaintiffs choose to go. *See United Mine Workers of America v. Gibbs*, 383

U.S. 715, 726-27 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law . . . if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to the state tribunals."). Indeed, the Ninth Circuit has signaled that after an adverse Rule 12(b)(6) ruling, a plaintiff could request that even his RICO claims be dismissed without prejudice subject to re-filing in state court. *Wagh v. Metris Direct, Inc.,* 348 F.3d 1102, 1113 (9th Cir. 2003) (Plaintiff "asserts that 'the pleading requirements of California state courts for RICO are less stringent' . . . [but] at no point did [Plaintiff] request that any of his RICO claims be dismissed without prejudice so that he could pursue them in state court."), *overruled on other issue by Odom v. Microsoft Corp.,* 486 F.3d 541, 551 (9th Cir. 2007) (en banc). Defendants cite to *Kronk v. Landwin Grp., LLC*, 2011 WL 13225107, at *8 (C.D. Cal. June 7, 2011), to support their position, but the case is inapposite because the district court exercised supplemental jurisdiction over the state law claims in that case.

      Fairness dictates that Plaintiffs should have the opportunity to plead their state claims in state court and have the state tribunal decide issues of state law, including standing, without the need for additional federal litigation. If Plaintiffs are incorrect and misunderstood the Court's order concerning supplemental jurisdiction or the effect of choosing to file in state court, then this was a genuine misunderstanding, as Plaintiffs' intent was to take the Court's admonitions to heart and proceed in a manner to conserve judicial resources. And, if Plaintiffs were indeed mistaken, they respectfully seek a 30-day extension of time to file an amended complaint.

      In summary, Plaintiffs respectfully request that the Court dismiss Plaintiffs' federal claims with prejudice, *see Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004), and dismiss the state claims without prejudice. *See supra Gibbs*, 383 U.S. at 726-27. Specifically, Plaintiffs request that the Court enter final judgment in a manner so as to avoid any confusion concerning the individual Plaintiffs' ability to bring any state law claim they believe they may have against any Defendant without the need to first file an amended complaint in this Court or appeal the Court's judgment.

Finally, Plaintiffs request that the Court not award costs to any party as significant issues and claims remain to be litigated in this matter.

Plaintiffs respectfully request entry of Judgment as attached hereto in Exhibit A.

**Defendants' Position**

Defendants agree that Plaintiffs' RICO claims should be dismissed with prejudice. Defendants also agree that the state-law claims asserted by Plaintiff Mocha Mill, Inc., should be dismissed without prejudice, since the Court made no determination as to their merits. The only point of contention, therefore, is whether the state-law claims of the other Plaintiffs—Monk of Mokha Specialty Coffee Company Production and Export, Inc., Ibrahim A. Alaeli, Yasir H. Khanshali, and Adnan G. Awnallah—ought to be dismissed with or without prejudice. Defendants submit that dismissal of these claims ought to be *with prejudice*, because the Court dismissed these claims on the merits, and Plaintiffs elected not to remedy the defects identified by the Court.

A dismissal pursuant to Rule 12(b)(6) operates as an adjudication on the merits of a claim. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017). Further, as the Ninth Circuit has explained, "the phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

Here, the Court's dismissal order did not simply resolve Plaintiffs' RICO claims on their merits and decline supplemental jurisdiction as to the rest. Instead, the Court carefully examined and reached the merits of other claims as well. Specifically, the Court examined the claims asserted by Monk of Mocha and held that this entity lacked standing to assert any of the claims it had pled, and all of its claims were dismissed accordingly. Dkt. No. 68 at 3. In addition, the Court ruled *on the merits* of the claims of the individual plaintiffs: Alaeli, Khanshali, and Awnallah. The Court held that these individual plaintiffs also lacked standing to assert the claims they had pled. *Id.* at 3-5. This holding did not merely apply to their RICO claims, as Plaintiffs would have it. Instead, the Court expressly extended its standing analysis to *all* of these plaintiffs' claims, and held as follows: "Because the operative complaint does not allege non-derivative harms to the individual Plaintiffs, the Court

3

DISMISSES *all claims brought by Plaintiffs Alaeli, Khanshali, and Awnallah*." *Id.* at 5 (emphasis added). Plaintiffs were given an opportunity to amend their complaint, following this merits-based rejection of all of their claims, but Plaintiffs elected not to take that opportunity.

Because the Court ruled on the merits of these Plaintiffs' claims and dismissed them under Rule 12(b)(6)—as opposed to simply declining jurisdiction over them under 28 U.S.C. § 1367—and because these Plaintiffs elected not to amend their pleading to remedy the substantive defects of these claims, dismissal should be with prejudice on all claims asserted by Plaintiffs Monk of Mocha, Alaeli, Khanshali, and Awnallah. *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1112-13 (9th Cir. 2003) (holding that "district court's Rule 12(b)(6) dismissal with prejudice operates as an adjudication on the merits"), *overruled on other issue by Odom v. Microsoft Corp.,* 486 F.3d 541, 551 (9th Cir. 2007) (en banc); *see also Kronk v. Landwin Grp.*, LLC, 2011 WL 13225107, at *8 (C.D. Cal. June 7, 2011).

Defendants request entry of Judgment in the form attached hereto as Exhibit B.

Dated: April 5, 2019                                Respectfully submitted,

                                                     /s/ Yasin M. Almadani
                                                    YASIN M. ALMADANI
                                                    ALMADANI LAW

                                                    TERRENCE M. JONES
                                                    THE LAW OFFICE OF TERRENCE JONES

                                                    *Attorneys for Plaintiffs*

| | |
|---|---|
| Dated: April 5, 2019 | WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP |
| | |
| |     */s/ Frank Busch* |
| | Frank Busch (SBN 258288) |
| | WVBR LLP |
| | 100 Pine Street, Suite 725 |
| | San Francisco, CA 94111 |
| | Telephone:   (415) 357-8900 |
| | Facsimile:    (415) 357-8910 |
| | E-Mail:      busch@wvbrlaw.com |
| | |
| | *Attorney for Defendants Metra Computer Group FZCO and T&H Computers, Inc.* |
| | |
| Dated: April 5, 2019 | CONRAD & METLITZKY LLP |
| | |
| |     */s/ Mark R. Conrad* |
| | Mark R. Conrad (SBN 255667) |
| | CONRAD & METLITZKY LLP |
| | 4 Embarcadero Center, Suite 1400 |
| | San Francisco, CA 94111 |
| | Telephone:   (415) 343-7102 |
| | Facsimile:    (415) 343-7101 |
| | E-Mail:      mconrad@conradmetlitzky.com |
| | |
| | *Attorney for Defendants Port of Mokha, Inc. Port of Mokha LLC, Mokha Foundation, Mokhtar Alkhanshali, and Ibrahim Ahmad Ibrahim* |
| | |
| Dated: April 5, 2019 | KIRKLAND & ELLIS LLP |
| | |
| |     */s/ Michael Shipley* |
| | Michael Shipley (SBN 233674) |
| | 333 South Hope Street, Suite 2900 |
| | Los Angeles, California 90071 |
| | Telephone:   (213) 680-8400 |
| | E-Mail:      michael.shipley@kirkland.com |
| | |
| | *Attorneys for Defendant Blue Bottle Coffee, Inc.* |

**CERTIFICATE OF SERVICE**

I, Yasin M. Almadani, hereby certify that I caused service of the foregoing document on all counsel of record by electronically filing the above-captioned document with the Clerk of the Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  April 5, 2019                               /s/ Yasin M. Almadani

                                                    Yasin M. Almadani
                                                    ALMADANI LAW

                                                    Terrence M. Jones
                                                    THE LAW OFFICE OF TERRENCE JONES

                                                    *Attorneys for Plaintiffs*